# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN − 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action No. _____

_____(To be supplied by the court)_____

PETER GEORGACARAKOS #03029036 , Plaintiff,

U.S. Penitentiary - Max
v.  PO B - 8500
    Florence, CO 81226 - 8500

WATTS ,

NALLEY ,

WILEY ,

MOOD ,

PUGH ,

DOPPELSON ,

HERSCHBERGER ,
DUNCAN ,
SMITH , Defendant(s).

CASE NUMBER  1:06CV01022

JUDGE: James Robertson

DECK TYPE: Pro se General Civil

DATE STAMP: 06/02/2006

(List each named defendant on a separate line.)

## PRISONER COMPLAINT

**RECEIVED**

MAY 0 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(Rev. 9/02/04)

## A. PARTIES

1. PETER GEORGACARAKOS, 03029-036, P.O. BOX
8500, FLORENCE, Co 81226
(Plaintiff's name, prisoner identification number, and complete mailing address)

2. HARRELL WATTS, BUREAU OF PRISONS, CENTRAL
OFFICE, WASHINGTON, D.C.
(Name, title, and address of first defendant)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? _V_ Yes ___ No (CHECK ONE). Briefly explain your answer:
WATTS IS THE ADMINISTRATIVE COORDINATOR
FOR THE BOP.

3. MICHAEL NALLEY, BOP REGIONAL
OFFICE, KANSAS CITY, KANSAS.
(Name, title, and address of second defendant)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ___ No (CHECK ONE). Briefly explain your answer:
NALLEY IS THE REGIONAL DIRECTOR
FOR THE BOP.

4. R. WILEY, WARDEN, U.S PENTENTIARY,
FLORENCE, Co; ADMAX.
(Name, title, and address of third defendant)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ___ Yes ___ No (CHECK ONE). Briefly explain your answer:
WILEY IS THE WARDEN OF THE
ADMINISTRATIVE MAXIMUM ("SUPERMAX")

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 9/02/04)                    2

## A. PARTIES

5. ROBERT HOOD, WARDEN, BUREAU OF PRISONS.

☑ ACTING UNDER COLOR OF LAW

WAS WARDEN OF ADX AT TIMES.

6. MICHAEL PUGH, WARDEN, B.O.P.

☑ ACTING UNDER COLOR OF LAW

PUGH WAS WARDEN OF ADX AT THE TIME

7. DOPPELSON, FOOD SERVICE ADMINISTRATOR.

☑ ACTING UNDER COLOR OF LAW.

DOPPELSON WAS IN CHARGE OF THE ADX KITCHEN FACILITIES AT THE TIME.

8. G.L. HERSCHBERGER, REGIONAL DIRECTOR, BOP.

☑ ACTING UNDER COLOR OF LAW

HERSCHBERGER WAS THE BOP DIRECTOR

2a.

OF THE NORTH-CENTRAL REGION (ADX)
AT THE TIME,

9. DAVID DUNCAN, ASSOCIATE WARDEN, BOP

☒ ACTING UNDER COLOR OF LAW

DUNCAN WAS AN ASSOCIATE WARDEN
AT THE ADX AT THE TIME

10 L. SMITH, DISCIPLINARY HEARING
OFFICER, FLORENCE, CO

☒ ACTING UNDER COLOR OF LAW

SMITH IS THE DHO FOR THE FLORENCE
PRISON COMPLEX

2b

## B. JURISDICTION

1.  I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

    _____  28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

    ✓  28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2.  I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

    42 U.S.C. 2000 cc

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

PLAINTIFF HAS BEEN DISCRIMINATED AGAINST BASED ON RELIGION. THIS RESULTED IN HIS BEING DESIGNATED AS A "WHITE SUPREM-ACIST" FOR YEARS; BEING FORCED TO EAT A MUSLIM RELIGIOUS DIET; THE FILING OF FRAUDULENT AFFIDAVITS TO THE COURT; AND BEING IMPROPERLY KEPT AT THE ADMINISTRATIVE MAXIMUM IN VIOLATION OF POLICY AND THE CFR. TO DETRACT FROM THE OBVIOUSNESS OF THIS DISCRIMINATION, DEFENDANTS FALSIFIED

## C. NATURE OF THE CASE

INCIDENT REPORTS AGAINS PLAINTIFF.
DEFENDANTS "DESIGNATED" PLAINTIFF
TO THE SPECIAL HOUSING UNIT ("THE
HOLE") FOR ONE YEAR AFTER HIS
DISCHARGE FROM THE CONTROL UNIT,
IN ORDER TO FRAUDULANTLY MAINTAIN
CONTROL UNIT STATUS. DEFENDANTS
THEN DOUBLE-PROGRAMMED PLAINTIFF
BY DESIGNATING HIM TO THE ADX
STEP-DOWN PROGRAM IN VIOLATION OF
DUE PROCESS AND EQUAL PROTECTION.
        DEFENDANTS HAVE NOW
TURNED OTHER ADX UNITS INTO DE FACTO
CONTROL UNITS, WHILE DISREGARDING
THE CODE OF FEDERAL REGULATIONS
FOR SUCH STATUS. DEFENDANTS HAVE
KEPT PLAINTIFF IN ISOLATION, FOR
YEARS, DESPITE HIS SUFFERING FROM
A BIOLOGICAL DEPRESSION, IN VIOLATION
OF BOP POLICY. DEFENDANTS NOW EXTEND
THE PERIOD OF ISOLATION FOR ONE YEAR
AT A TIME, IN BLATANT DISREGARD
OF THE CFR'S LIBERTY AND DUE-PROCESS
SAFEGUARDS.
        DEFENDANTS ROUTINELY VIOLATE
FIRST AMENDMENT FREE EXPRESSION RIGHTS.

3a

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: RELIGIOUS DISCRIMINATION, 1ST + 14TH AMEND.

Supporting Facts: FROM 1999-2004, DEFENDANTS DOPFELSON, PUGH, HERSCHBERGER, AND WATTS FORCED PLAINTIFF TO EAT A MUSLIM DIET IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS. FROM 2000-2004, DEFENDANTS HOOD, DUNCAN, HERSCHBERGER, AND DUNCAN FALSELY CLASSIFIED PLAINTIFF AS A "WHITE SUPREMACIST" DUE TO HIS RELIGION, IN VIOLATION OF THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS. DEFENDANTS HOOD, HERSCHBERGER, AND WATTS DOUBLE-PUNISHED PLAINTIFF AT THE ADX, OR REFUSED TO RECTIFY DOUBLE-PUNISHMENT, DUE TO RELIGION: PLAINTIFF SUCCESSFULLY DISCHARGED IN 2003, BUT WAS ASSIGNED TO THE HOLE FOR ONE YEAR AND TO

## D. CAUSE OF ACTION

THE STEP-DOWN PROGRAM FOR AT LEAST ANOTHER 3 YEARS, IN VIOLATION OF POLICY, WHILE OTHER PRISONERS WITH FAR HIGHER CUSTODY LEVELS AND FAR WORSE HISTORIES OF VIOLENCE — BUT NOT PAGANS — WERE TRANSFERRED TO APPROPRIATE PENITENTIARIES IN CONFORMANCE WITH THE CFR AND BOP POLICY.

2. Claim Two: MISUSE OF ISOLATION, 5th + 8th AMEND,

Supporting Facts: DEFENDANTS HOOD, HERSCHBERGER AND WATTS HAVE IMPROPERLY UTILIZED THE SPECIAL HOUSING UNIT ("HOLE") AS A DE FACTO EXTENSION OF THE CONTROL UNIT. THE CONTROL UNIT HAS A SPECIAL SET OF GUIDELINES AND PROTECTIONS, DUE TO THE DELETERIOUS EFFECTS OF PROLONGED ISOLATION. SHU CONDITIONS ARE IDENTICAL TO THE CONTROL UNIT, BECAUSE THE MAXIMUM TIME A PERSON CAN BE SANCTIONED IS 60 DAYS, BOP STAFF USED SHU AS AN ALTERNATIVE CONTROL UNIT, HOWEVER, TO KEEP PLAINTIFF IN TOTAL ISOLATION FROM APRIL 2003 — APRIL 2004 WITHOUT RECOURSE TO CONTROL UNIT GUIDELINES AND PROTECTIONS, VIOLATING HIS DUE PROCESS AND EIGHTH AMENDMENT RIGHTS. DEFENDANTS ALSO THEN DOUBLE-PROGRAMMED PLAINTIFF, MAKING HIM ENTER THE STEP-DOWN PROGRAM AFTER THE CONTROL UNIT PROGRAM, WHEN BOTH

(Rev. 4/15/02)                    5

## D. CAUSE (FACTION)

ARE SEPARATE PROGRAMS NOT CREATED
OR DESIGNED TO BE USED SEQUENTIALLY.
THE STEP-DOWN PROGRAM, AS A "MINI"
CONTROL UNIT PROGRAM, IS ABOUT
90% AS RESTRICTIVE AS THE CONTROL
UNIT FOR ONE YEAR AND ABOUT 50%
AS RESTRICTIVE FOR TWO ADDITIONAL
YEARS, THIS PROGRAM LACKING MOST
CONTROL UNIT GUIDELINES AND PROT-
ECTIONS DUE TO THESE (RELATIVE) NON-
ISOLATION FACTORS AND THE SHORTER
LENGTH. ADDED ONTO THE END OF A
FIVE-YEAR, TOTAL-ISOLATION, NO-HUMAN-
CONTACT CONTROL UNIT PROGRAM,
HOWEVER, THIS PROGRAM IS INADE-
QUATE TO ALLOW RENORMALIZATION.

5a

3.  Claim Three: <u>FRAUDULENT CREATION OF CONTROL UNITS</u>
<u>IN VIOLATION OF DUE PROCESS AND 8th AMEN</u>

Supporting Facts:



DEFENDANTS WILEY, NALLEY, AND WATTS
HAVE TRANSFORMED E, F, AND G UNITS
OF THE ADX INTO <u>DE FACTO</u> "CONTROL
UNITS" BUT ARE FABRICATING AND FAL-
SFYING PAPERWORK IN ORDER TO
KEEP UP THE PRETENSE THAT THESE
UNITS ARE "GENERAL POPULATION"
UNITS, THE CONDITIONS IN THESE UNITS
IS <u>IDENTICAL</u> TO THOSE IN THE
OFFICIAL CONTROL UNIT B, BUT STAFF
PRETEND THAT BY <u>CALLING</u> THEM BY
THE <u>NAME</u> OF "GENERAL POPULATION"
THEY MAY LAWFULLY DISREGARD THE
CODE OF FEDERAL REGULATIONS AND
BOP POLICY WITH REGARD TO CONTROL
UNITS. DEFENDANTS ARE LOCKED IN
THEIR CELLS 23 HOURS PER DAY,

## D. CAUSE OF ACTION

AND GIVEN ONE HOUR OF RECREATION PER DAY. ALSO ISOLATED. DEFENDANTS HAVE USED TWO RECENT KILLINGS IN THE ADX TO RATIONALIZE THESE CONDITIONS, BUT THIS, TOO, IS PRETENSE. FIRST OF ALL, NEITHER KILLING IN FACT OCCURRED IN E, F, OR G UNITS— ONE OCCURRED IN THE GANG UNIT, AND THE OTHER OCCURRED IN K' UNIT, WHICH IS AN OPEN UNIT. SECONDLY, IF BOP STAFF ASSERT THE NEED FOR 3 MORE CONTROL UNITS, THEN THEY NEED ONLY APPLY THE LAWS AND RULES GOVERNING THE USE OF CONTROL UNITS, RATHER THAN COMMITTING FRAUD BY FALSELY NAMING CONTROL UNITS "GENERAL POPULATION" UNITS.

PLAINTIFF HAS BEEN IN ISOL-ATION FOR 9 YEARS, OSTENSIBLE FOR A 5 YEAR ASSIGNED PUNISHMENT WITH NO CONDUCT OF HIS OWN AS THE REASON. FIRST STAFF DOUBLE-PROGRAMMED HIM IN VIOLATION OF LAW AND POLICY, AND NOW IT HAS CHANGED HIS UNIT INTO ANOTHER CONTROL UNIT WITHOUT ANY DUE

6 a.

## D. CAUSE OF ACTION

PROCESS WHATSOEVER. MOREOVER, THE PLAINTIFF HAS SUFFERED FROM A BIOLOGICAL DEPRESSION AND SLEEP DISORDER FOR YEARS, DUE TO THE PROLONGED ISOLATION. BOP POLICY SPECIFICALLY FORBIDS PRISONERS WHO SUFFER FROM BIOLOGICAL DEPRESSION FROM BEING SENT TO OR KEPT IN ISOLATION UNITS —— STAFF ARE PRETENDING THAT THE NAME THEY ASSIGN TO A UNIT ALTERS THE CONDITIONS TO WHICH PRISONERS ARE SUBJECTED. THIS IS FRAUD AND A VIOLATION OF THE CODE OF ETHICS OF THE AMERICAN PSYCHOLOGICAL ASSOCIATION, BY WHICH THE PSYCH DEPT IN THE PRISON IS OBLIGATED TO ABIDE.

D. CAUSE OF ACTION

4. CLAIM FOUR: FALSIFICATION OF DISCIPLI-
NARY REPORTS AND APPEALS; USE
OF INCIDENT REPORTS TO EXTEND
PERIODS OF ISOLATION IN VIOLATION OF
DUE PROCESS.

SUPPORTING FACTS: DEFENDANTS SMITH, HOOD,
~~XXXXXX~~ HERSCHBERGER, NALLEY, AND
WATTS HAVE FALSIFIED DISCIPLINARY
FINDINGS AND/OR APPEALS AGAINST
THE PLAINTIFF, AS PART OF THEIR ON-
GOING ILLEGAL TREATMENT. SMITH
BLATANTLY FALSIFIED GOVERNMENT FORMS,
INVENTING STATEMENTS AND ATTRIB-
UTING THEM TO PLAINTIFF IN ORDER
TO SUPPORT NONSENSICAL CHARGES
SUCH AS "CONDUCTING A BUSINESS,"
"THREATENING BODILY HARM," AND
"BLACKMAIL." ON APPEAL THROUGH THE
ADMINISTRATIVE REMEDIES PROCESS,
THESE BLATANT AND EXPOSED FAL-
SIFICATIONS WERE ENDORSED BY
THE OTHER DEFENDANTS. THIS VIOLATES
THE PLAINTIFF'S DUE PROCESS.
        DEFENDANTS WILEY, NALLEY,
AND WATTS HAVE ALSO CONDONED THE
USE OF INCIDENT REPORTS TO ADD

6c

## D. CAUSE OF ACTION

YEARS TO PRISONERS' ISOLATION TIME
WITHOUT ABIDING BY THE DUE PROCESS
REQUIREMENTS OF THE CFR. 541.14—
541.20 REQUIRE DUE-PROCESS PRO-
CEDINGS, AND MANDATE THAT ONLY
A "DISCIPLINARY HEARING OFFICER",
IN A HEARING WHEREIN AN ACCUSED
PRISONER IS ALLOWED TO DEFEND
HIMSELF, MAY APPLY PUNISHMENT OTHER
THAN A LOSS OF PRIVILEGES (PHONE,
VISIT, COMMISSARY, ETC.) NEVERTHELESS,
DESPITE THE FACT THAT THE PLAINTIFF
WAS ALREADY IMPROPERLY DESIGNATED
TO THE ADX IN 2003 AND 2004, AND
THAT HIS UNIT WAS IMPROPERLY
TURNED INTO A CONTROL UNIT IN MARCH
2005, STAFF ADDED A YEAR MORE
ISOLATION IN JULY 2005, WITHOUT
ABIDING BY A SINGLE DUE PROCESS
PROTECTION IN THE CFR.

6.d

C. CAUSE OF ACTION

5. CLAIM FIVE: NEAR-TOTAL INTERFERENCE WITH FIRST AMENDMENT RIGHTS OF EXPRESSION.

SUPPORTING FACTS: DEFENDANTS WATTS, NALLEY, AND WILEY DO EVERYTHING POSSIBLE TO OBSTRUCT PLAINTIFFS FIRST AMENDMENT RIGHTS, INCLUDING AND ESPECIALLY INTERFERING WITH HIS ATTEMPTS TO COMPLETE AND SUBMIT TO A PUBLISHER A BOOK MANUSCRIPT, DESPITE THE FACT THAT THE CODE OF FEDERAL REGULATIONS SPECIFICALLY GUARANTEES THIS RIGHT. DEFENDANTS HAVE DENIED PLAINTIFF ACCESS TO A TYPEWRITER FOR A DECADE, ALTHOUGH PUBLISHERS REFUSE TO ACCEPT UNTYPED MANUSCRIPTS. DEFENDANTS SWITCHED TO EXPENSIVE AND DEFECTIVE PENS ONLY TO INTERFERE WITH PRISONERS' ABILITY TO WRITE, THESE PENS ARE PROHIBITIVELY

EXPENSIVE AND UNNECESSARILY RESTRICTED TO 2 PER WEEK, OR A TOTAL OF 30-40 HANDWRITTEN PAGES, DEFENDANTS REJECT SOFTCOVER RESEARCH BOOKS NOT SENT BY A PUBLISHER, DESPITE THE FACT THAT PLAINTIFF HAS BEEN UNABLE TO WORK AND THUS EARN MONEY FOR THE PURCHASE OF BOOKS FROM A PUBLISHER, AND DESPITE THE FACT THAT THE BOP ALREADY SPENT TENS OF MILLIONS OF DOLLARS ON AIRPORT QUALITY BELT-FED X-RAY/ IMAGING EQUIPMENT SPECIFICALLY TO SCAN BOOKS, BECAUSE STAFF NO LONGER WANTS TO TAKE THE TIME TO USE THIS EQUIPMENT, THE POOREST CLASS IN SOCIETY MUST PURCHASE NEW ALL RESEARCH MATERIALS. DEFENDANTS ALSO REJECT UNBOUND MATERIAL, BASED ON A NEW CATCHALL POLICY ENACTED FOR THE SPECIFIC PURPOSE OF CREATING AN AMBIGUOUS AND OVERBROAD CATEGORY BASED NEITHER ON CONTENT NOR ON FORMAT —— i.e., ANYTHING TYPED.

65

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

   WARDEN, USP ALLENWOOD

2. Docket number and court name:

   UNKNOWN; MIDDLE DIST. PA.

3. Claims raised in prior lawsuit:

   RELIGIOUS DISCRIMINATION

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

   DISMISSED/SETTLED

5. If the prior lawsuit was dismissed, when was it dismissed and why?

   ADMINISTRATIVE REMEDIES, 19?

6. Result(s) of any appeal in the prior lawsuit:

   N/A

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

   X Yes ___ No (CHECK ONE).

2. Have you exhausted the available administrative remedies? Attach copies, if available.

   X Yes ___ No (CHECK ONE). Briefly explain your answer:

   HAVE IN GOOD FAITH ATTEMPTED TO RESOLVE EVERY ISSUE; BOP REPEATEDLY SPIT IN MY FACE.

# E. PREVIOUS LAWSUITS

1. UNKNOWN OFFICER, USP ALLENWOOD.

2. UNKNOWN; MIDDLE DISTRICT OF PENNSYLVANIA.

3. RACIAL DISCRIMINATION

4. DISMISSED.

5. 1996, DISMISSED BECAUSE RACISM AGAINST WHITE PERSONS IS NOT ACKNOWLEDGED IN U.S.

6. RUBBER-STAMPED PURSUANT TO POLITICAL CORRECTNESS.

---

1. WARDEN, FCI RAYBROOK.

2. UNKNOWN; NORTHERN DISTRICT OF NEW YORK.

3. RACIAL DISCRIMINATION IN ESTABLISHMENT OF LEGAL AID GROUP.

4. DISMISSED.

7a

## E. PREVIOUS LAWSUITS

5. DISMISSED DUE TO TRANSFER; LOSS OF STANDING.

6. N/A

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

INJUNCTIVE RELIEF AND DECLARATORY RELIEF:
ORDERING DEFENDANTS TO BE IN VIOLATION OF
THE CFR AND THE CONSTITUTION, AND TO CEASE
VIOLATING THE RIGHTS OF PLAINTIFF AND OTHERS
SIMILARLY SITUATED, AND TO FORTHWITH TREAT
HIM PURSUANT TO CUSTODY AND CLASSIFICATION
GUIDELINES ESTABLISHED BY LAW AND
PREVIOUS COURT DECISIONS.
PUNITIVE DAMAGES: PUNISHING DEFENDANTS
FOR EVERY DAY, WEEK, MONTH, AND YEAR FOR
WHICH THEY BLATANTLY VIOLATED ESTABLISHED RIGHTS.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on   4/26/06
              (Date)

_____
(Prisoner's Original Signature)