**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Civil Action No. _06 — 1022 — JR_
(To be supplied by the court)

PETER GEORGACARAKOS , Plaintiff,

v.

WATTS ,

NALLEY ,

WILEY ,

HERSCHBERGER ,

HOOD ,

HEIM ,

JAVERNICK ,

MARTINEZ , Defendant(s).

(List each named defendant on a separate line.)

---

PRISONER COMPLAINT

---

✱ AMENDED ✱    **RECEIVED**

(Rev. 9/02/04)

OCT 26 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## A. PARTIES

1. PETER GEORGACARAKOS, 03029-036, P.O. BOX
(Plaintiff's name, prisoner identification number, and complete mailing address)
8500, FLORENCE, Co 81226

2. HARRELL WATTS, BUREAU OF PRISONS, CENTRAL
(Name, title, and address of first defendant)
OFFICE, WASHINGTON, D.C.
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:
WATTS IS THE ADMINISTRATIVE COORDINATOR
FOR THE BOP.

3. MICHAEL NALLEY, BOP REGIONAL
(Name, title, and address of second defendant)
OFFICE, KANSAS CITY, KANSAS.
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:
NALLEY IS THE REGIONAL DIRECTOR
FOR THE BOP.

4. R. WILEY, WARDEN, U.S. PENITENTIARY,
(Name, title, and address of third defendant)
FLORENCE, Co; ADMAX.
At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:
WILEY IS THE WARDEN OF THE
ADMINISTRATIVE MAXIMUM ("SUPERMAX")

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 9/02/04)                    2

## A. PARTIES

5. G.L. HERSCHBERGER, REGIONAL DIRECTOR, B.O.P.

☒ ACTING UNDER COLOR OF LAW.

HERSCHBERGER WAS THE DIRECTOR OF THE NORTH-CENTRAL REGION OF THE BUREAU OF PRISONS.

6. ROBERT HOOD, WARDEN, ADX.

☒ ACTING UNDER COLOR OF LAW.

HOOD WAS THE WARDEN OF THE ADX AT THE TIME OF CONDUCT.

7. HEIM (FIRST NAME UNKNOWN), INMATE SYSTEMS MANAGER (ISM), ADX.

☒ ACTING UNDER COLOR OF LAW.

2a

<u>A. PARTIES</u>

HEIM WAS IN CHARGE OF THE REC-
EIVING AND DELIVERY (R+D) DEPT
WHEN PLAINTIFFS RELIGIOUS PROPERTY
WAS DESTROYED AND HE WAS ASS-
AULTED BY STAFF.

8. JAVERNICK (FIRST NAME UNKNOWN),
R+D SUPERVISOR, ADX.

☑ ACTING UNDER COLOR OF LAW.

JAVERNICK WAS THE SUPERVISOR
OF THE R+D DEPARTMENT WHEN
PLAINTIFFS PROPERTY WAS DESTROYED
AND HE WAS ASSAULTED BY STAFF.

9. R. MARTINEZ, INMATE SYSTEMS
OFFICER, ADX.

☑ ACTING UNDER COLOR OF LAW.

MARTINEZ DESTROYED PLAINTIFFS
RELIGIOUS PROPERTY AND CAUSED
HIM TO BE ASSAULTED BY STAFF.

DEFENDANTS ARE EACH SUED IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY.

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to: (check one if applicable)

   _____ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   ✓ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   28 USC 1346; 28 U.SC 2671-80; 28 USC 1332; 5 USC 554, 702; 42 USC 1983-87; 42 USC 2000 cc. JURY TRIAL DEMANDED; EVIDENTIARY HEARING ON INJUNCTIVE RELIEF REQUESTED.

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case. If more space is needed to describe the nature of the case, use extra paper to complete this section. The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

BASED ON HIS RELIGION, PAGANISM, PLAINTIFF HAS BEEN DISCRIMINATED AGAINST BY THE DEFENDANTS WHO, ACTING IN CONCERT AND AN ONGOING CONSPIRACY, HAVE VIOLATED HIS RIGHTS OF FREEDOM OF RELIGION, DUE PROCESS, EQUAL PROTECTION, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT. SOME DEFENDANTS HAVE ALSO VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHT

## C. NATURE OF THE CASE

OF FREE EXPRESSION BY WILLFULLY
AND INTENTIONALLY OBSTRUCTING HIS
ABILITY TO RESEARCH AND PREPARE
MANUSCRIPTS FOR PUBLICATION, ALL
IN VIOLATION OF THE CLEARLY ESTAB-
LISHED LAW OF THE CODE OF FEDERAL
REGULATIONS.

PLAINTIFF SUCCESSFULLY
DISCHARGED FROM THE ADX "CONTROL
UNIT" IN APRIL 2003 AND PURSUANT
TO POLICY SHOULD HAVE BEEN TRANS-
FERRED TO A NORMAL PENITENTIARY.
BECAUSE THE DEFENDANTS CLASSI-
FIED HIS RELIGION — RECOGNIZED
OFFICIALLY BY THE B.O.P. — AS "WHITE
SUPREMACY." HOWEVER, PLAINTIFF WAS
ILLEGALLY DESIGNATED TO THE
SPECIAL HOUSING UNIT (SHU) FOR A
FULL YEAR, THEN DOUBLE-PROGRAM-
MED INTO THE ADX STEPDOWN PRO-
GRAM WHICH IS NOT DESIGNED TO
RUN CONSECUTIVE TO THE CONTROL
UNIT PROGRAM.

DEFENDANTS SUBSEQUENTLY
CHANGED THE "GENERAL POPULATION"

3a

## C. NATURE OF THE CASE

UNITS OF THE ADX INTO CONTROL UNITS BUT HAVE DISREGARDED ALL PROC- EDURAL PROCESSES AND SAFEGUARDS ATTACHED TO SUCH UNITS BY FRAUD- ULENTLY MAINTAINING ONLY THE NAME OF EACH UNIT AS "GENERAL POPUL- ATION" IN REALITY, THESE HAVE BEEN TOTAL ISOLATION UNITS FOR OVER ONE AND A HALF YEARS. DEFEND- ANTS HAVE REPEATEDLY ADDED A YEAR AT A TIME TO PLAINTIFF'S ISOLATION TIME WITHOUT THE DUE PROCESS CODIFIED IN THE CFR AND HAVE BLATANTLY VIOLATED WELL- ESTABLISHED POLICY AND LAW BY MAINTAINING PLAINTIFF IN TOTAL ISOL- ATION DESPITE HIS SUFFERING FROM CLINICAL DEPRESSION AND A SLEEP DISORDER, CAUSED BY PROLONGED ISOLATION, FOR YEARS.

PLAINTIFF IS FORCED TO TAKE TWO ANTIDEPRESSANTS IN ORDER TO SLEEP AND KEEP FROM COMMITTING SUICIDE, WHICH CONSTITUTES INVOLUN- ARY SUBJECTION TO PSYCHOTROPIC MED-

## C. NATURE OF THE CASE

ICATION, PSYCHIATRIC MALPRACTICE, AND WRECKLESS DISREGARD FOR PHYSIOLOGICAL HEALTH.

DEFENDANTS DESTROYED OR ALLOWED TO BE DESTROYED ALL OF THE PLAINTIFF'S RELIGIOUS PROPERTY, ARBITRARILY AND CAPRICIOUSLY, THE ATTEMPT TO PREVENT SUCH RESULTING IN PLAINTIFF BEING GASSED WITH A CHEMICAL AGENT BANNED BY THE UNITED NATIONS IN THE 1972 BIOLO-GICAL WEAPONS CONVENTION (OLEORESIN CAPSICUM), SHOT FIVE TIMES WITH NON-LETHAL 37 MM FIREARMS, PHYSICALLY ATTACKED WHILE ATTEMPT-ING TO SUBMIT TO RESTRAINTS, AND FOUR-POINTED FOR 48 HOURS, AS PUNISHMENT, IN VIOLATION OF THE CFR.

DEFENDANTS HAVE REP-EATEDLY OBSTRUCTED PLAINTIFF'S ATT-EMPTS TO PREPARE MANUSCRIPTS BY DISALLOWING MAILED ITEMS WHICH ARE SOFTBOUND OR NOT BOUND AT ALL, REGARDLESS OF CONTENT, BASED

## C. NATURE OF THE CASE

ON A CONSTITUTIONALLY OVERBROAD POLICY ON "PUBLICATIONS" WHICH IS USED TO PROHIBIT ALL RESEARCH MATERIAL AND EVEN THE PLAINTIFFS OWN MANUSCRIPTS ONCE TYPED. THE BOP PURCHASED MANY MILLIONS OF DOLLARS WORTH OF MAGNETIC RESONANCE IMAGING (MRI) EQUIPMENT FOR THE PENITENTIARY MAILROOMS AND THUS THE TOTAL PROHIBITION OF INTELLECTUAL MATERIAL WITHOUT A BINDING TO INVOKE SECURITY CONCERNS HAS A DELETERIOUS CHILLING EFFECT ON PRISONERS' NONTRIVIAL FIRST AMENDMENT PROTECTIONS.

3d

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1.  Claim One: <u>RELIGIOUS DISCRIMINATION/EQUAL PROTECTION.</u>

    Supporting Facts: DEFENDANTS WATTS, HERSCHBERGER, AND HOOD CLASSIFIED PLAINTIFF AS A "WHITE SUPREMACIST" FROM 2000-04 BASED ON HIS RELIGION, PAGANISM. BASED ON THIS DESIGNATION, DEFENDANTS FAILED TO DISCHARGE THE PLAINTIFF FROM THE ADX IN 2003 IN CONFORMANCE WITH POLICY, AND INSTEAD DESIGNATED HIM TO SHU — "THE HOLE" — FOR A FULL YEAR. IN APRIL 2004 PLAINTIFF WAS THEN RE-PROGRAMMED INTO THE ADX STEP-DOWN PROGRAM BASED ON HIS RELIGION, AND AFTER DEFENDANTS FINALLY ADMITTED THAT PLAINTIFF IS NOT AND NEVER WAS A "WHITE SUPREMACIST" THEY HAVE REFUSED TO RECTIFY HIS CIRCUMSTANCES BY RE-CLASSIFYING HIM BASED ON THIS ADMISSION. DURING THIS SAME

## D. CAUSE OF ACTION

PERIOD, PRISONERS OF DIFFERENT REL-
IGIONS, MOST OF THEM WITH FAR MORE
SERIOUS CRIMINAL HISTORIES THAN THE
PLAINTIFF, HAVE BEEN PROCESSED OUT
OF THE ADX IN ACCORDANCE WITH
POLICY. MUSLIMS, WHO COMMITTED A
HEINOUS HATECRIME AT THE SAME
TIME AND INSTITUTION WHERE PLAINTIFF
ACCIDENTALLY CONTRIBUTED TO THE
DEATH OF ANOTHER PRISONER, WERE
DISCHARGED FROM THE CONTROL UNIT
AT THE SAME TIME AS THE PLAINTIFF,
BUT SENT TO NORMAL PENITENTIARIES.
IN FACT, PLAINTIFF IS THE
ONLY PRISONER EVER SENT TO THE ADX
CONTROL UNIT FOR THE ONE AND ONLY
"CRIME OF VIOLENCE" OF WHICH HE
HAS EVER BEEN ACCUSED, YET WHILE
"ARYAN BROTHERHOOD" AND "MEXICAN
MAFIA" MEMBERS WITH PREVIOUS CONT-
ROL UNIT TIME AND EVEN PREVIOUS
B.O.P. VIOLENCE WERE PROCESSED OUT
OF THE ADX IN CONFORMANCE WITH THE
CFR, PLAINTIFF HAS BEEN KEPT IN
ISOLATION FOR TEN YEARS DUE ONLY

## D. CAUSE OF ACTION

TO HIS RELIGION, NALLEY UPHELD SUCH.

DEFENDANTS WILEY, HEIM, JAVERNICK, AND MARTINEZ ARBITRARILY AND CAPRICIOUSLY DESTROYED 10 YEARS WORTH OF PLAINTIFF'S RELIGIOUS RESEARCH AND WRITING IN A MANNER THAT WOULD NEVER HAVE BEEN TOLERATED FOR ANY RELIGION OTHER THAN PAGANISM. MARTINEZ CONFISCATED PLAINTIFF'S RELIGIOUS PROPERTY AS "EXCESS" BUT THEN REFUSED TO RETURN IT IN CONFORMANCE WITH LAW, POLICY, AND EVEN HIS OWN WRITTEN INSTRUCTIONS. PLAINTIFF WAS ORDERED TO SUBMIT A PROPERTY FORM TO HIS UNIT TEAM BY JULY 18, 2006, AND COMPLIED ON JULY 17. MARTINEZ, HOWEVER, HAD ALREADY SUBMITTED A MEMORANDUM TO WARDEN WILEY FOR THE DESTRUCTION OF THE PROPERTY AND SO REFUSED TO COMPLY WITH HIS OWN INSTRUCTIONS OR IN ANY OTHER MANNER RESPECT PLAINTIFF'S RELIGION, DESPITE NUMEROUS NOTICES CONCERNING THE NATURE OF THE PROP-

D. CAUSE OF ACTION

PERTY IN HIS POSSESSION. MARTINEZ WAS INFORMED REPEATEDLY BY PLAINTIFF'S COUNSELOR AND CASE MANAGER THAT THE PROPERTY IN QUESTION WAS RELIGIOUS AND THAT PLAINTIFF HAD COMPLIED WITH POLICY WITH REGARD TO IT. NEVERTHELESS, MARTINEZ WAS OBSESSED WITH THE IDEA OF DESTROYING PLAINTIFF'S RELIGIOUS PROPERTY. ON JULY 21, PLAINTIFF DEMANDED TO SEE THE OPERATIONS LIEUTENANT BEFORE RETURNING FROM THE RECREATION CAGE TO HIS CELL. WHEN THE LIEUTENANT LEARNED THAT PLAINTIFF HAD COMPLIED WITH POLICY AND THAT THE PROPERTY IN QUESTION WAS RELIGIOUS RESEARCH AND WRITING, HE CONTACTED MS. HEIM, THE ISM, AND SHE PLACED THE PROPERTY IN "HOLDING".

PLAINTIFF TALKED TO MS. HEIM ON SATURDAY, JULY 22, WHEN SHE WAS DUTY OFFICER, AND MADE SURE SHE WAS AWARE OF THE FACTS THAT THE

## D. CAUSE OF ACTION

PROPERTY WAS RELIGIOUS AND THAT ISO MARTINEZ INTENDED TO DESTROY IT ARBITRARILY AND CAPRICIOUSLY. HEIM ASSURED PLAINTIFF THAT THE PROPERTY WOULD NOT BE DESTROYED, BUT FAILED TO RESPOND TO NUMEROUS WRITTEN REQUESTS FROM PLAINTIFF OR TO ENSURE THAT MARTINEZ DID NOT DESTROY IT.

JAVERNICK IS MARTINEZ'S DIRECT SUPERVISOR AND WAS SENT NUMEROUS "REQUESTS TO STAFF MEMBER" ABOUT THE RELIGIOUS PROPERTY, BUT ONLY RESPONDED ONCE, FALSELY CLAIMING THAT THE PROPERTY HAD BEEN DESTROYED AS "ABANDONED" BEFORE THE TIME FSM HEIM HAD PUT IT IN HOLDING.

WILEY SIGNED A MEMORANDUM AUTHORIZING THE DESTRUCTION OF RELIGIOUS PROPERTY, ARBITRARILY AND CAPRICIOUSLY, EVEN THOUGH THE MATERIAL WAS ALL IRREPLACEABLE AND PLAINTIFF HAD COMPLIED WITH ALL ASPECTS OF THE CFR AND POLICY.

ON AUGUST 14, WHEN IT

4d

## D. CAUSE OF ACTION

BECAME OBVIOUS TO THE PLAINTIFF THAT NEITHER WILEY, JAVERNICK, OR HEIM WOULD PREVENT THE BIGOTED MARTINEZ FROM DESTROYING HIS THOUSANDS OF PAGES OF RELIGIOUS MATERIAL, HE REFUSED TO RETURN TO HIS CELL AT THE END OF HIS RECREATION PERIOD IN THE UNIT GENERAL AREA UNTIL THE ISSUE OF HIS PROPERTY WAS PROPERLY ADDRESSED. BECAUSE MARTINEZ WAS MALICIOUS AND HAD ALREADY DESTROYED IT, BECAUSE HEIM AND JAVERNICK HAD FAILED TO PERFORM THEIR OVERSIGHT JOBS IN TOTAL INDIFFERENCE, AND BECAUSE WILEY AUTHORIZED THE UNNECESSARY DESTRUCTION WITHOUT HIMSELF PERFORMING THE SLIGHTEST OVERSIGHT TASK, SECURITY OFFICERS SUBJECTED PLAINTIFF TO PEPPER-GAS, STINGER SHOTGUNS, AND FOUR-POINTING FOR 48 HOURS, CAUSING HIM EXTENSIVE PHYSICAL LOSS AND INJURY. ALL THIS CONDUCT WOULD HAVE BEEN UNTHINKABLE FOR A CHRISTIAN, MUSLIM, OR JEW.

4e

D. CAUSE OF ACTION

WHEN PLAINTIFF FILED ADMIN-
ISTRATIVE REMEDIES AND A TORT
CLAIM, DEFENDANTS WILEY, HEIM
JAVERNICK, AND MARTINEZ MISREP-
RESENTED THE FACTS OF THIS CASE
IN ORDER TO COVER-UP THEIR MIS-
DEEDS AND DENY PLAINTIFF COMP-
ENSATION. NUMEROUS OFFICIAL DOCU-
MENTS WERE FALSIFIED FOR THIS
PURPOSE, IN ORDER TO COVER FOR THE
FACT THAT DEFENDANTS USED EXCESS-
IVE FORCE IN VIOLATION OF 28 CFR
552.20 AND 552.25; USED FOUR-POINT
RESTRAINTS AS PUNISHMENT FOR 48 HOURS,
IN VIOLATION OF 552.22(h)(1) AND 552.
24(d), (e), AND (g); ALL IN FURTHERANCE
OF RELIGIOUS DISCRIMINATION. WHEN THIS
SYSTEMATIC TORTURE WAS FINALLY ENDED,
DEFENDANTS PLACED PLAINTIFF IN DISCIPLIN-
ARY SEGREGATION FOR 8 WEEKS WITHOUT
A HEARING, IN VIOLATION OF 541.14-20(b)
AND 541.22(a)—(d), THEN PLACED HIM
IN ISOLATION FOR A YEAR, IN VIOLATION OF
541.43(b)(1)—(4) AND 541.44(a)+(b);
AGAIN, IN FURTHERANCE OF DISCRIMINATION.

4f

FRAUDULANT CREATION OF CONTROL UNITS

2. Claim Two: IN VIOLATION OF DUE PROCESS & EIGHTH AMEND

Supporting Facts:

DEFENDANTS WATTS, NALLEY, AND WILEY HAVE TRANSFORMED D, E, F, + G UNITS AT THE ADX INTO DE FACTO "CONTROL UNITS" BUT ARE FABRICATING AND FALSIFYING PAPERWORK IN ORDER TO KEEP UP THE PRETENSE THAT THESE UNITS ARE STILL "GENERAL POPULATION" UNITS. THE CONDITIONS IN THESE UNITS ARE IDENTICAL TO THOSE IN THE OFFICIAL CONTROL UNIT, B, BUT STAFF PRETEND THAT BY CALLING THEM BY THE OLD NAME THEY MAY CIRCUMVENT THE CLASSIFICATION, SUSTAINENCE, AND OVERSIGHT PROCEDURES CODIFIED IN THE CFR AND POLICY. PLAINTIFF DOES NOT CHALLENGE DEFENDANTS RIGHT TO CREATE NEW CONTROL UNITS, BUT TAKES ISSUE WITH THE FRAUD BEING COMMITTED IN ORDER TO UNLAWFULLY PLACE AND KEEP PRISONERS IN ISOLATION, 23 HOURS PER DAY, WITHOUT ANY OF THE DUE-PROCESS PRO-

D. CAUSE OF ACTION

TECTIONS AND EIGHTH-AMENDMENT SAFE-
GUARDS. IN OVER 1½ YEARS DEFEND-
ANTS HAVE HAD THE OPPORTUNITY TO CLASS-
IFY THESE UNITS ACCORDING TO LAW,
BUT HAVE INSTEAD OPTED TO CONTINUE TO
PERPETRATE THE FRAUD THAT THEY ARE
"GENERAL POPULATION" UNITS. DEFENDANTS
ALSO ALLOW STAFF TO ADD A YEAR
AT A TIME TO THIS ISOLATION PUNISH-
MENT IN TOTAL DISREGARD FOR THE
DUE PROCESS RIGHTS CODIFIED IN THE
CFR

THE B.O.P. SPECIFICALLY DIS-
ALLOWS THE KEEPING OF PRISONERS SUFF-
ERING FROM A BIOLOGICAL DEPRESSION
IN ISOLATION, BUT BASED ON THEIR FRAUD-
ULENT PRETENSE THAT THESE UNITS ARE
STILL "GENERAL POPULATION" UNITS, THE
DEFENDANTS HAVE KEPT PLAINTIFF IN
ISOLATION FOR TEN YEARS ON A FIVE
YEAR SANCTION, DUE TO HIS RELIGION
AND WITH TOTAL DISREGARD FOR THE
LAWS GOVERNING ISOLATION AND EIGHTH
AMENDMENT PROTECTIONS, LEAVING THE

5a

## D. CAUSE OF ACTION

PLAINTIFF TO LANGUISH IN DEGENERATING
PSYCHOLOGICAL STATES, INVOLUNTARILY
MEDICATED IN ORDER TO SLEEP AND
AVOID SUICIDE, YEAR AFTER YEAR, WITH-
OUT A TRACE OF DUE PROCESS. 28 CFR
541.14 - .20 STATES THAT A PRISONER
MAY BE SENT TO SEGREGATION ONLY
BY A "DISCIPLINARY HEARING OFFICER"
IN A HEARING WITH DUE PROCESS RIGHTS.
NEVERTHELESS, PLAINTIFF WAS KEPT
IN ISOLATION FOR THE YEARS OF 2003,
2004, 2005, AND 2006 WITHOUT EVER HAVING
A HEARING OR APPEALS PROCESS.

3. Claim Three: OBSTRUCTION OF FREE EXPRESSION

Supporting Facts: DEFENDANTS WATTS, NALLEY, AND WILEY HAVE DONE EVERYTHING POSSIBLE TO OBSTRUCT PLAINTIFF'S CLEARLY ESTABLISHED FIRST AMENDMENT RIGHT TO PREPARE MANUSCRIPTS FOR PUBLICATION, DESPITE THE FACT THAT 28 CFR 557.80 - .83 SPECIFICALLY GUARANTEES THIS RIGHT. THE PLAINTIFF HAS BEEN DENIED ACCESS TO A TYPEWRITER FOR A DECADE, DESPITE THE FACT THAT ALL PUBLISHERS WILL ACCEPT ONLY TYPED SUBMISSIONS, WHEN PLAINTIFF HAS BEEN ABLE TO HIRE TYPISTS, DEFENDANTS HAVE ALLOWED THE REJECTION OF SUCH BY THE MAILROOM BASED ON THE UNCONSTITUTIONALLY BROAD GUIDELINES ON "PUBLICATIONS." DEFENDANTS REJECT SOFTCOVER RESEARCH MATERIALS AND EVEN UNBOUND MATERIALS, DEMANDING THAT THE POOREST CLASS IN SOCIETY PURCHASE ALL INFORMATION IN PRINTED FORM, WITHOUT

D. CAUSE OF ACTION

THE BALANCING OF RIGHTS VERSUS SEC-
URITY REQUIRED BY LAW, THE BOP SPENT
TENS OF MILLIONS OF DOLLARS ON HIGH-
TECH, AIRPORT-QUALITY SCANNING MACH-
INES FOR MONITORING INCOMING PUBLI-
CATIONS, BUT SIMPLY DECLINES TO USE
THIS EQUIPMENT INSTEAD OF LIMITING
PRISONERS UNABLE TO WORK AND THUS
EARN MONEY FOR BOOKS TO A TINY
PERCENTAGE OF AVAILABLE RESEARCH
MATERIAL, DEFENDANTS KNOW THAT 95%
OF THE TEXTS IN PRISONS WERE DONATED
BY FRIENDS AND FAMILIES OF PRISONERS,
YET HAVE TOTALLY DEPRIVED PRISONERS
OF THIS VAST MAJORITY OF EXPRESSIVE
CONTENT WITH NO SPECIFIC SECURITY
ISSUE INTENDED. THE FACT THAT UNBOUND
PAPER IS REJECTED AS A "PUBLICATION"
IS PROOF POSSITIVE THAT THE INTENT
IS NOT SECURITY BUT A RESTRICTION
OF MAIL-FLOW, THIS POLICY IS SO
OVERBROAD THAT IT IS ROUTINELY
USED TO REJECT THE PLAINTIFFS

6a

## D. CAUSE OF ACTION

OWN MANUSCRIPTS ONCE THEY HAVE
BEEN TYPED, WHILE THE BOP HAS A
LEGITIMATE INTEREST IN REQUIRING
HARDCOVER BOOKS TO ENTER PRISONS
ONLY FROM PUBLISHERS/DISTRIBUTORS,
THE RESTRICTION ON SOFTCOVER
AND EVEN UNBOUND MATERIAL HAS
A CHILLING EFFECT ON FIRST AMEND-
MENT PROTECTIONS WITHOUT ANY
LEGITIMATE QUALIFYING SECURITY
INTEREST. A RULE ENABLING THE
REJECTION OF THE PLAINTIFF'S OWN
MANUSCRIPTS AS "PUBLICATIONS NOT
FROM THE PUBLISHER" IS UNCONSTITU-
TIONALLY AMBIGUOUS AND OVERREACHING,
AND CAN SERVE NO LEGITEMATE PUR-
POSE COMMENSURATE WITH ITS OBSTRUCT-
ION OF FREE EXPRESSION.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ✓ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1. Name(s) of defendant(s) in prior lawsuit:

WARDEN, USP ALLENWOOD

2. Docket number and court name:

UNKNOWN; MIDDLE DIST. PA.

3. Claims raised in prior lawsuit:

RELIGIOUS DISCRIMINATION

4. Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

DISMISSED/SETTLED

5. If the prior lawsuit was dismissed, when was it dismissed and why?

ADMINISTRATIVE REMEDIES, 1996

6. Result(s) of any appeal in the prior lawsuit:

N/A.

## F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?

X Yes ___ No (CHECK ONE).

2. Have you exhausted the available administrative remedies? Attach copies, if available.

X Yes ___ No (CHECK ONE). Briefly explain your answer:

HAVE IN GOOD FAITH ATTEMPTED TO RESOLVE EVERY ISSUE; BOP REPEATEDLY SPIT IN MY FACE.

## E. PREVIOUS LAWSUITS

1. UNKNOWN OFFICER, USP ALLENWOOD.

2. UNKNOWN; MIDDLE DISTRICT OF PENSYLVANIA.

3. RACIAL DISCRIMINATION

4. DISMISSED.

5. 1996, DISMISSED BECAUSE RACISM AGAINST WHITE PERSONS IS NOT ACKNOWLEDGED IN U.S.

6. RUBBER-STAMPED PURSUANT TO POLITICAL CORRECTNESS.

---

1. WARDEN, FCI RAYBROOK.

2. UNKNOWN; NORTHERN DISTRICT OF NEW YORK.

3. RACIAL DISCRIMINATION IN ESTABLISHMENT OF LEGAL AID GROUP.

4. DISMISSED.

7a

# E. PREVIOUS LAWSUIT

5. DISMISSED DUE TO TRANSFER; LOSS OF STANDING.

6. N/A

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

INJUNCTIVE AND DECLARATORY RELIEF, ON
CLAIM ONE AGAINST DEFENDANTS WATTS,
HERSCHBERGER, NALLEY, ~~MARTI~~ HOOD,
HEIM, JAVERNICK, AND MARTINEZ,
FOR RELIGIOUS DISCRIMINATION AND
VIOLATIONS OF EQUAL PROTECTION, WITH
REGARD TO CLASSIFICATIONS AND PRO-
PERTY RELATED TO PAGANISM; NOMINAL
AND PUNITIVE DAMAGES AGAINST DEF-

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on ___9/25/06___
(Date)

_____
(Prisoner's Original Signature)

(Rev. 4/15/02)                    8

## G. REQUEST FOR RELIEF

ENDANTS WATTS, NALLEY, WILEY, HERSCHBERGER, HOOD, HEIM, JAVERNICK, AND MARTINEZ FOR RELIGIOUS DISCRIMINATION AND VIOLATIONS OF EQUAL PROTECTION; COMPENSATORY DAMAGES AGAINST DEFENDANTS WILEY, HEIM, JAVERNICK, AND MARTINEZ FOR PERSONAL INJURY CAUSED BY THE ARBITRARY AND CAPRICIOUS DESTRUCTION OF PLAINTIFFS RELIGIOUS PROPERTY, VALUED AT APPROXIMATELY $20,000, AND FOR PERSONAL INJURY IN THE FORM OF BODILY INJURIES AND MENTAL AND EMOTIONAL SUFFERING CAUSED BY BEING GASSED, BEAT, SHOT, AND FOUR-POINTED FOR 48 HOURS DUE TO DEFENDANTS' RECKLESS DIS-REGARD AND INDIFFERENCE;

IN JUNCTIVE AND DECLARATORY RELIEF AGAINST DEFENDANTS WATTS, NALLEY, AND WILEY, AS TO CLAIM TWO, FOR THE MISUSE OF ISOLATION AND FRAUDULENT CREATION OF CONTROL UNITS DISGUISED AS

8a

G. REQUEST FOR RELIEF

"GENERAL POPULATION" IN VIOLATION OF THE CFR AND CASELAW; NOMINAL AND PUNITIVE DAMAGES AGAINST WATTS, NALLEY AND WILEY FOR FALSIFYING GOVERNMENT DOCUMENTS AND USING ISOLATION AS CRUEL AND UNUSUAL PUNISHMENT WITH RECKLESS DISREGARD FOR PSYCHIATRIC HEALTH AND INDIFFERENCE TO PSYCHOLOGICAL INJURY; COMPENSATORY DAMAGES AGAINST WATTS, NALLEY AND WILEY FOR THE PHYSICAL INJURY CAUSED BY LONG-TERM USE OF PSYCHOTROPIC MEDICATIONS REQUIRED FOR MAINTAINING PLANTIFF IN ISOLATION FOR OVER A DECADE, CONSTITUTING INVOLUNTARY MEDICATING AND DISREGARD FOR PSYCHIATRIC ETHICS, INJUNCTIVE AND DECLARATORY RELIEF AGAINST DEFENDANTS WATTS, NALLEY, AND WILEY FOR DELIBERATE OBSTRUCTION OF CLEARLY ESTABLISHED RIGHTS OF FREEDOM OF EXPRESSION WITH NO LEGITIMATE

# G. REQUEST FOR RELIEF

PENOLOGICAL PURPOSE; NOMINAL AND
PUNITIVE DAMAGES FOR THE INTEN-
TIONAL INFRINGEMENT OF FIRST
AMENDMENT RIGHTS WITH RECKLESS
DISREGARD FOR POLICY, THE CODE
OF FEDERAL REGULATIONS, AND
ESTABLISHED COURT PRECEDENT.
            ANY AND ALL OTHER RELIEF
THIS COURT FINDS APPROPRIATE.

8c