# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Civil Action No. _O6 — 1022 — JR_
(To be supplied by the court)

PETER GEORGACARAKOS , Plaintiff,

v.

WATTS ,

NALLEY ,

WILEY ,

HERSCHBERGER ,

HOOD ,

HEIM ,

JAVERNICK ,

MARTINEZ , Defendant(s).

(List each named defendant on a separate line.)

---

## PRISONER COMPLAINT

---

\* AMENDED \*

**RECEIVED**

OCT 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(Rev. 9/02/04)

## A. PARTIES

1. PETER GEORGACARAKOS, 03029-036, P.O. BOX
(Plaintiff's name, prisoner identification number, and complete mailing address)
8500, FLORENCE, CO 81226

2. HARRELL WATTS, BUREAU OF PRISONS, CENTRAL
(Name, title, and address of first defendant)
OFFICE, WASHINGTON, D.C.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:
WATTS IS THE ADMINISTRATIVE COORDINATOR
FOR THE BOP.

3. MICHAEL NALLEY, BOP REGIONAL
(Name, title, and address of second defendant)
OFFICE, KANSAS CITY, KANSAS.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:
NALLEY IS THE REGIONAL DIRECTOR
FOR THE BOP.

4. R. WILEY, WARDEN, U.S PENITENTIARY,
(Name, title, and address of third defendant)
FLORENCE, CO; ADMAX.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No (CHECK ONE). Briefly explain your answer:
WILEY IS THE WARDEN OF THE
ADMINISTRATIVE MAXIMUM ("SUPERMAX")

(If you are suing more than three defendants, use extra paper to provide the information requested above for each additional defendant. The information about additional defendants should be labeled "A. PARTIES.")

(Rev. 9/02/04)                                    2

## A. PARTIES

5. G.L. HERSCHBERGER, REGIONAL DIRECTOR, B.O.P.

☑ ACTING UNDER COLOR OF LAW.

HERSCHBERGER WAS THE DIRECTOR OF THE NORTH-CENTRAL REGION OF THE BUREAU OF PRISONS.

6. ROBERT HOOD, WARDEN, ADX.

☑ ACTING UNDER COLOR OF LAW.

HOOD WAS THE WARDEN OF THE ADX AT THE TIME OF CONDUCT.

7. HEIM (FIRST NAME UNKNOWN), INMATE SYSTEMS MANAGER (ISM), ADX.

☑ ACTING UNDER COLOR OF LAW.

2a

## A. PARTIES

HEIM WAS IN CHARGE OF THE REC-
EIVING AND DELIVERY (R+D) DEPT
WHEN PLAINTIFFS RELIGIOUS PROPERTY
WAS DESTROYED AND HE WAS ASS-
AULTED BY STAFF.

8. JAVERNICK (FIRST NAME UNKNOWN),
R+D SUPERVISOR, ADX.

☑ ACTING UNDER COLOR OF LAW.

JAVERNICK WAS THE SUPERVISOR
OF THE R+D DEPARTMENT WHEN
PLAINTIFFS PROPERTY WAS DESTROYED
AND HE WAS ASSAULTED BY STAFF.

9. R. MARTINEZ, INMATE SYSTEMS
OFFICER, ADX.

☑ ACTING UNDER COLOR OF LAW.

MARTINEZ DESTROYED PLAINTIFFS
RELIGIOUS PROPERTY AND CAUSED
HIM TO BE ASSAULTED BY STAFF.

DEFENDANTS ARE EACH SUED IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITY.

2b

## B. JURISDICTION

1. I assert jurisdiction over my civil rights claim(s) pursuant to:  (check one if applicable)

   \_\_\_ 28 U.S.C. § 1343 and 42 U.S.C. § 1983 (state prisoners)

   √ 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal prisoners)

2. I assert jurisdiction pursuant to the following additional or alternative statutes (if any):

   28 USC 1346; 28 U.SC 2671-80; 28 USC 1332; 5 USC 554, 702; 42 USC 1983-87; 42 USC 2000cc. JURY TRIAL DEMANDED; EVIDENT-IARY HEARING ON INJUNCTIVE RELIEF REQUESTED.

## C. NATURE OF THE CASE

**BRIEFLY** state the background of your case.  If more space is needed to describe the nature of the case, use extra paper to complete this section.  The additional allegations regarding the nature of the case should be labeled "C. NATURE OF THE CASE."

BASED ON HIS RELIGION, PAGANISM, PLAINTIFF HAS BEEN DISCRIMINATED AGAINST BY THE DEFENDANTS WHO, ACTING IN CONCERT AND AN ONGOING CONSPIRACY, HAVE VIOLATED HIS RIGHTS OF FREEDOM OF RELIGION, DUE PROCESS, EQUAL PROTECTION, AND FREEDOM FROM CRUEL AND UNUSUAL PUNISHMENT. SOME DEFENDANTS HAVE ALSO VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHT

## C. NATURE OF THE CASE

OF FREE EXPRESSION BY WILLFULLY
AND INTENTIONALLY OBSTRUCTING HIS
ABILITY TO RESEARCH AND PREPARE
MANUSCRIPTS FOR PUBLICATION, ALL
IN VIOLATION OF THE CLEARLY ESTAB-
LISHED LAW OF THE CODE OF FEDERAL
REGULATIONS.

        PLAINTIFF SUCCESSFULLY
DISCHARGED FROM THE ADX "CONTROL
UNIT" IN APRIL 2003 AND PURSUANT
TO POLICY SHOULD HAVE BEEN TRANS-
FERRED TO A NORMAL PENITENTIARY.
BECAUSE THE DEFENDANTS CLASSI-
FIED HIS RELIGION — RECOGNIZED
OFFICIALLY BY THE B.O.P. — AS "WHITE
SUPREMACY", HOWEVER, PLAINTIFF WAS
ILLEGALLY DESIGNATED TO THE
SPECIAL HOUSING UNIT (SHU) FOR A
FULL YEAR, THEN DOUBLE-PROGRAM-
MED INTO THE ADX STEPDOWN PRO-
GRAM WHICH IS NOT DESIGNED TO
RUN CONSECUTIVE TO THE CONTROL
UNIT PROGRAM.

        DEFENDANTS SUBSEQUENTLY
CHANGED THE "GENERAL POPULATION"

3a

## C. NATURE OF THE CASE

UNITS OF THE ADX INTO CONTROL UNITS
BUT HAVE DISREGARDED ALL PROC-
EDURAL PROCESSES AND SAFEGUARDS
ATTACHED TO SUCH UNITS BY FRAUD-
ULENTLY MAINTAINING ONLY THE NAME
OF EACH UNIT AS "GENERAL POPUL-
ATION" IN REALITY, THESE HAVE BEEN
TOTAL ISOLATION UNITS FOR OVER
ONE AND A HALF YEARS. DEFEND-
ANTS HAVE REPEATEDLY ADDED A
YEAR AT A TIME TO PLAINTIFF'S
ISOLATION TIME WITHOUT THE DUE
PROCESS CODIFIED IN THE CFR
AND HAVE BLATANTLY VIOLATED WELL-
ESTABLISHED POLICY AND LAW BY
MAINTAINING PLAINTIFF IN TOTAL ISOL-
ATION DESPITE HIS SUFFERING FROM
CLINICAL DEPRESSION AND A SLEEP
DISORDER, CAUSED BY PROLONGED
ISOLATION, FOR YEARS.
          PLAINTIFF IS FORCED TO
TAKE TWO ANTIDEPRESSANTS IN ORDER
TO SLEEP AND KEEP FROM COMMITTING
SUICIDE, WHICH CONSTITUTES INVOLUN-
ARY SUBJECTION TO PSYCHOTROPIC MED-

# C. NATURE OF THE CASE

ICATION, PSYCHIATRIC MALPRACTICE, AND WRECKLESS DISREGARD FOR PHYSIOLOGICAL HEALTH.

DEFENDANTS DESTROYED OR ALLOWED TO BE DESTROYED ALL OF THE PLAINTIFF'S RELIGIOUS PROPERTY, ARBITRARILY AND CAPRICIOUSLY, THE ATTEMPT TO PREVENT SUCH RESULTING IN PLAINTIFF BEING GASSED WITH A CHEMICAL AGENT BANNED BY THE UNITED NATIONS IN THE 1972 BIOLO-GICAL WEAPONS CONVENTION (OLEORESIN CAPSICUM), SHOT FIVE TIMES WITH NON-LETHAL 37 MM FIREARMS, PHYSICALLY ATTACKED WHILE ATTEMPT-ING TO SUBMIT TO RESTRAINTS, AND FOUR-POINTED FOR 48 HOURS, AS PUNISHMENT, IN VIOLATION OF THE CFR.

DEFENDANTS HAVE REP-EATEDLY OBSTRUCTED PLAINTIFF'S ATT-EMPTS TO PREPARE MANUSCRIPTS BY DISALLOWING MAILED ITEMS WHICH ARE SOFTBOUND OR NOT BOUND AT ALL, REGARDLESS OF CONTENT, BASED

## C. NATURE OF THE CASE

ON A CONSTITUTIONALLY OVERBROAD
POLICY ON "PUBLICATIONS" WHICH IS
USED TO PROHIBIT ALL RESEARCH
MATERIAL AND EVEN THE PLAINTIFFS
OWN MANUSCRIPTS ONCE TYPED.
THE BOP PURCHASED MANY MILLIONS
OF DOLLARS WORTH OF MAGNETIC
RESONANCE IMAGING (MRI) EQUIP-
MENT FOR THE PENITENTIARY MAILROOMS
AND THUS THE TOTAL PROHIBITION OF
INTELLECTUAL MATERIAL WITHOUT A
BINDING TO INVOKE SECURITY CON-
CERNS HAS A DELETERIOUS CHILLING
EFFECT ON PRISONERS' NONTRIVIAL
FIRST AMENDMENT PROTECTIONS.

## D. CAUSE OF ACTION

State concisely every claim that you wish to assert in this action. For each claim, specify the right that allegedly has been violated and state all supporting facts that you consider important, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific cases to support your claim(s). If additional space is needed to describe any claim or to assert more than three claims, use extra paper to continue that claim or to assert the additional claim(s). The additional pages regarding the cause of action should be labeled "D. CAUSE OF ACTION."

1. Claim One: <u>RELIGIOUS DISCRIMINATION/EQUAL PROTECTION.</u>

   Supporting Facts: DEFENDANTS WATTS, HERSCHBERGER, AND HOOD CLASSIFIED PLAINTIFF AS A "WHITE SUPREMACIST" FROM 2000-04 BASED ON HIS RELIGION, PAGANISM. BASED ON THIS DESIGNATION, DEFENDANTS FAILED TO DISCHARGE THE PLAINTIFF FROM THE ADX IN 2003 IN CONFORMANCE WITH POLICY, AND INSTEAD DESIGNATED HIM TO SHU — "THE HOLE" — FOR A FULL YEAR. IN APRIL 2004 PLAINTIFF WAS THEN RE-PROGRAMMED INTO THE ADX STEP-DOWN PROGRAM BASED ON HIS RELIGION, AND AFTER DEFENDANTS FINALLY ADMITTED THAT PLAINTIFF IS NOT AND NEVER WAS A "WHITE SUPREMACIST" THEY HAVE REFUSED TO RECTIFY HIS CIRCUMSTANCES BY RE-CLASSIFYING HIM BASED ON THIS ADMISSION. DURING THIS SAME

(Rev. 4/15/02)                    4

## D. CAUSE OF ACTION

PERIOD, PRISONERS OF DIFFERENT REL-
IGIONS, MOST OF THEM WITH FAR MORE
SERIOUS CRIMINAL HISTORIES THAN THE
PLAINTIFF, HAVE BEEN PROCESSED OUT
OF THE ADX IN ACCORDANCE WITH
POLICY. MUSLIMS, WHO COMMITTED A
HEINOUS HATECRIME AT THE SAME
TIME AND INSTITUTION WHERE PLAINTIFF
ACCIDENTALLY CONTRIBUTED TO THE
DEATH OF ANOTHER PRISONER, WERE
DISCHARGED FROM THE CONTROL UNIT
AT THE SAME TIME AS THE PLAINTIFF,
BUT SENT TO NORMAL PENITENTIARIES.
            IN FACT, PLAINTIFF IS THE
ONLY PRISONER EVER SENT TO THE ADX
CONTROL UNIT FOR THE ONE AND ONLY
"CRIME OF VIOLENCE" OF WHICH HE
HAS EVER BEEN ACCUSED, YET WHILE
"ARYAN BROTHERHOOD" AND "MEXICAN
MAFIA" MEMBERS WITH PREVIOUS CONT-
ROL UNIT TIME AND EVEN PREVIOUS
B.O.P. VIOLENCE WERE PROCESSED OUT
OF THE ADX IN CONFORMANCE WITH THE
CFR, PLAINTIFF HAS BEEN KEPT IN
ISOLATION FOR TEN YEARS DUE ONLY

## D. CAUSE OF ACTION

TO HIS RELIGION, NALLEY UPHELD SUCH.
          DEFENDANTS WILEY, HEIM,
JAVERNICK, AND MARTINEZ ARBITRA-
RILY AND CAPRICIOUSLY DESTROYED 10
YEARS WORTH OF PLAINTIFF'S RELIGIOUS
RESEARCH AND WRITING IN A MAN-
NER THAT WOULD NEVER HAVE BEEN
TOLERATED FOR ANY RELIGION OTHER
THAN PAGANISM. MARTINEZ CONFISCATED
PLAINTIFF'S RELIGIOUS PROPERTY AS
"EXCESS" BUT THEN REFUSED TO
RETURN IT IN CONFORMANCE WITH LAW,
POLICY, AND EVEN HIS OWN WRITTEN
INSTRUCTIONS. PLAINTIFF WAS ORDERED
TO SUBMIT A PROPERTY FORM TO HIS
UNIT TEAM BY JULY 18, 2006, AND
COMPLIED ON JULY 17. MARTINEZ,
HOWEVER, HAD ALREADY SUBMITTED
A MEMORANDUM TO WARDEN WILEY
FOR THE DESTRUCTION OF THE PROPERTY
AND SO REFUSED TO COMPLY WITH
HIS OWN INSTRUCTIONS OR IN ANY OTHER
MANNER RESPECT PLAINTIFF'S RELI-
GION, DESPITE NUMEROUS NOTICES
CONCERNING THE NATURE OF THE PROP-

D. CAUSE OF ACTION

PERTY IN HIS POSSESSION. MARTINEZ
WAS INFORMED REPEATEDLY BY PLAINT-
IFF'S COUNSELOR AND CASE MANAGER
THAT THE PROPERTY IN QUESTION WAS
RELIGIOUS AND THAT PLAINTIFF HAD COM-
PLIED WITH POLICY WITH REGARD TO IT.
NEVERTHELESS, MARTINEZ WAS OBS-
ESSED WITH THE IDEA OF DESTROYING
PLAINTIFF'S RELIGIOUS PROPERTY. ON JULY
21, PLAINTIFF DEMANDED TO SEE THE
OPERATIONS LIEUTENANT BEFORE RET-
URING FROM THE RECREATION CAGE TO
HIS CELL. WHEN THE LIEUTENANT LEARNED
THAT PLAINTIFF HAD COMPLIED WITH POLICY
AND THAT THE PROPERTY IN QUESTION WAS
RELIGIOUS RESEARCH AND WRITING, HE
CONTACTED MS. HEIM, THE ISM, AND
SHE PLACED THE PROPERTY IN "HOLDING."
          PLAINTIFF TALKED TO MS.
HEIM ON SATURDAY, JULY 22, WHEN SHE
WAS DUTY OFFICER, AND MADE SURE SHE
WAS AWARE OF THE FACTS THAT THE

4c

## D. CAUSE OF ACTION

PROPERTY WAS RELIGIOUS AND THAT ISO MARTINEZ INTENDED TO DESTROY IT ARBITRARILY AND CAPRICIOUSLY. HEIM ASSURED PLAINTIFF THAT THE PROPERTY WOULD NOT BE DESTROYED, BUT FAILED TO RESPOND TO NUMEROUS WRITTEN REQUESTS FROM PLAINTIFF OR TO ENSURE THAT MARTINEZ DID NOT DESTROY IT.

JAVERNICK IS MARTINEZ'S DIRECT SUPERVISOR AND WAS SENT NUMEROUS "REQUESTS TO STAFF MEMBER" ABOUT THE RELIGIOUS PROPERTY, BUT ONLY RESPONDED ONCE, FALSELY CLAIMING THAT THE PROPERTY HAD BEEN DESTROYED AS "ABANDONED" BEFORE THE TIME ISM HEIM HAD PUT IT IN HOLDING.

WILEY SIGNED A MEMORANDUM AUTHORIZING THE DESTRUCTION OF RELI-GIOUS PROPERTY, ARBITRARILY AND CAPRI-CIOUSLY, EVEN THOUGH THE MATERIAL WAS ALL IRREPLACEABLE AND PLAINTIFF HAD COMPLIED WITH ALL ASPECTS OF THE CFR AND POLICY.

ON AUGUST 14, WHEN IT

4d

## D. CAUSE OF ACTION

BECAME OBVIOUS TO THE PLAINTIFF THAT
NEITHER WILEY, JAVERNICK, OR HEIM
WOULD PREVENT THE BIGOTED MARTINEZ
FROM DESTROYING HIS THOUSANDS OF
PAGES OF RELIGIOUS MATERIAL, HE
REFUSED TO RETURN TO HIS CELL AT
THE END OF HIS RECREATION PERIOD IN
THE UNIT GENERAL AREA UNTIL THE
ISSUE OF HIS PROPERTY WAS PROP-
ERLY ADDRESSED. BECAUSE MARTINEZ
WAS MALICIOUS AND HAD ALREADY DEST-
ROYED IT, BECAUSE HEIM AND JAVER-
NICK HAD FAILED TO PERFORM THEIR
OVERSIGHT JOBS IN TOTAL INDIFFERENCE,
AND BECAUSE WILEY AUTHORIZED THE
UNNECESSARY DESTRUCTION WITHOUT HIM-
SELF PERFORMING THE SLIGHTEST OVER-
SIGHT TASK, SECURITY OFFICERS
SUBJECTED PLAINTIFF TO PEPPER-GAS,
STINGER SHOTGUNS, AND FOUR-POINTING FOR
48 HOURS, CAUSING HIM EXTENSIVE
PHYSICAL LOSS AND INJURY. ALL THIS
CONDUCT WOULD HAVE BEEN UNTHINKABLE FOR
A CHRISTIAN, MUSLIM, OR JEW.

## A. CAUSE OF ACTION

WHEN PLAINTIFF FILED ADMIN-ISTRATIVE REMEDIES AND A TORT CLAIM, DEFENDANTS WILEY, HEIM, JAVERNICK, AND MARTINEZ MISREP-RESENTED THE FACTS OF THIS CASE IN ORDER TO COVER-UP THEIR MIS-DEEDS AND DENY PLAINTIFF COMP-ENSATION. NUMEROUS OFFICIAL DOCU-MENTS WERE FALSIFIED FOR THIS PURPOSE, IN ORDER TO COVER FOR THE FACT THAT DEFENDANTS USED EXCESS-IVE FORCE IN VIOLATION OF 28 CFR 552.20 AND 552.25; USED FOUR-POINT RESTRAINTS AS PUNISHMENT FOR 48 HOURS, IN VIOLATION OF 552.22(h)(1) AND 552.24(d), (e), AND (g); ALL IN FURTHERANCE OF RELIGIOUS DISCRIMINATION. WHEN THIS SYSTEMATIC TORTURE WAS FINALLY ENDED, DEFENDANTS PLACED PLAINTIFF IN DISCIPLIN-ARY SEGREGATION FOR 8 WEEKS WITHOUT A HEARING, IN VIOLATION OF 541.14-20(b) AND 541.22(a)-(d), THEN PLACED HIM IN ISOLATION FOR A YEAR, IN VIOLATION OF 541.43(b)(1)-(4) AND 541.44(a)+(b); AGAIN, IN FURTHERANCE OF DISCRIMINATION.

FRAUDULANT CREATION OF CONTROL UNITS

2. Claim Two: <u>IN VIOLATION OF DUE PROCESS & EIGHTH AMEND</u>

Supporting Facts:

DEFENDANTS WATTS, NALLEY, AND WILEY
HAVE TRANSFORMED D, E, F, & G UNITS AT
THE ADX INTO <u>DE FACTO</u> "CONTROL UNITS"
BUT ARE FABRICATING AND FALSIFYING
PAPERWORK IN ORDER TO KEEP UP THE
PRETENSE THAT THESE UNITS ARE STILL
"GENERAL POPULATION" UNITS. THE CONDI-
TIONS IN THESE UNITS ARE IDENTICAL TO
THOSE IN THE OFFICIAL CONTROL UNIT B,
BUT STAFF PRETEND THAT BY CALLING THEM
BY THE OLD NAME THEY MAY CIRCUMVENT
THE CLASSIFICATION, SUSTAINEACE, AND
OVERSIGHT PROCEDURES CODIFIED IN THE
CFR AND POLICY. PLAINTIFF DOES NOT CHAL-
LENGE DEFENDANTS RIGHT TO CREATE
NEW CONTROL UNITS, BUT TAKES ISSUE
WITH THE <u>FRAUD</u> BEING COMMITTED IN ORDER
TO UNLAWFULLY PLACE AND KEEP PRISON-
ERS IN ISOLATION, 23 HOURS PER DAY,
WITHOUT ANY OF THE DUE PROCESS PRO-

(Rev. 4/15/02)                     5

D. CAUSE OF ACTION

TECTIONS AND EIGHTH-AMENDMENT SAFE-
GUARDS. IN OVER 1 1/2 YEARS DEFEND-
ANTS HAVE HAD THE OPPORTUNITY TO CLASS-
IFY THESE UNITS ACCORDING TO LAW,
BUT HAVE INSTEAD OPTED TO CONTINUE TO
PERPETRATE THE FRAUD THAT THEY ARE
"GENERAL POPULATION" UNITS. DEFENDANTS
ALSO ALLOW STAFF TO ADD A YEAR
AT A TIME TO THIS ISOLATION PUNISH-
MENT IN TOTAL DISREGARD FOR THE
DUE PROCESS RIGHTS CODIFIED IN THE
CFR

THE B.O.P. SPECIFICALLY DIS-
ALLOWS THE KEEPING OF PRISONERS SUFF-
ERING FROM A BIOLOGICAL DEPRESSION
IN ISOLATION, BUT BASED ON THEIR FRAUD-
ULENT PRETENSE THAT THESE UNITS ARE
STILL "GENERAL POPULATION" UNITS, THE
DEFENDANTS HAVE KEPT PLAINTIFF IN
ISOLATION FOR TEN YEARS ON A FIVE
YEAR SANCTION, DUE TO HIS RELIGION
AND WITH TOTAL DISREGARD FOR THE
LAWS GOVERNING ISOLATION AND EIGHTH
AMENDMENT PROTECTIONS, LEAVING THE

5a

## D. CAUSE OF ACTION

PLAINTIFF TO LANGUISH IN DEGENERATING
PSYCHOLOGICAL STATES, INVOLUNTARILY
MEDICATED IN ORDER TO SLEEP AND
AVOID SUICIDE, YEAR AFTER YEAR, WITH-
OUT A TRACE OF DUE PROCESS. 28 CFR
541.14 — .20 STATES THAT A PRISONER
MAY BE SENT TO SEGREGATION ONLY
BY A "DISCIPLINARY HEARING OFFICER"
IN A HEARING WITH DUE PROCESS RIGHTS.
NEVERTHELESS, PLAINTIFF WAS KEPT
IN ISOLATION FOR THE YEARS OF 2003,
2004, 2005, AND 2006 WITHOUT EVER HAVING
A HEARING OR APPEALS PROCESS.

5b

3.  Claim Three: OBSTRUCTION OF FREE EXPRESSION

Supporting Facts: DEFENDANTS WATTS, NALLEY, AND WILEY HAVE DONE EVERYTHING POSSIBLE TO OBSTRUCT PLAINTIFF'S CLEARLY ESTABLISHED FIRST AMENDMENT RIGHT TO PREPARE MANUSCRIPTS FOR PUBLICATION, DESPITE THE FACT THAT 28 CFR 551.80 - .83 SPECIFICALLY GUARANTEES THIS RIGHT. THE PLAINTIFF HAS BEEN DENIED ACCESS TO A TYPEWRITER FOR A DECADE, DESPITE THE FACT THAT ALL PUBLISHERS WILL ACCEPT ONLY TYPED SUBMISSIONS, WHEN PLAINTIFF HAS BEEN ABLE TO HIRE TYPISTS, DEFENDANTS HAVE ALLOWED THE REJECTION OF SUCH BY THE MAIL-ROOM BASED ON THE UNCONSTITUTIONALLY BROAD GUIDELINES ON "PUBLICATIONS." DEFENDANTS REJECT SOFTCOVER RESEARCH MATERIALS AND EVEN UNBOUND MATERIALS, DEMANDING THAT THE POOREST CLASS IN SOCIETY PURCHASE ALL INFORMATION IN PRINTED FORM, WITHOUT

## D. CAUSE OF ACTION

THE BALANCING OF RIGHTS VERSUS SEC-
URITY REQUIRED BY LAW, THE BOP SPENT
TENS OF MILLIONS OF DOLLARS ON HIGH-
TECH, AIRPORT-QUALITY SCANNING MACH-
INES FOR MONITORING INCOMING PUBLI-
CATIONS, BUT SIMPLY DECLINES TO USE
THIS EQUIPMENT INSTEAD OF LIMITING
PRISONERS UNABLE TO WORK AND THUS
EARN MONEY FOR BOOKS TO A TINY
PERCENTAGE OF AVAILABLE RESEARCH
MATERIAL. DEFENDANTS KNOW THAT 95%
OF THE TEXTS IN PRISONS WERE DONATED
BY FRIENDS AND FAMILIES OF PRISONERS,
YET HAVE TOTALLY DEPRIVED PRISONERS
OF THIS VAST MAJORITY OF EXPRESSIVE
CONTENT WITH NO SPECIFIC SECURITY
ISSUE INTENDED. THE FACT THAT UNBOUND
PAPER IS REJECTED AS A "PUBLICATION"
IS PROOF POSSITIVE THAT THE INTENT
IS NOT SECURITY BUT A RESTRICTION
OF MAIL-FLOW. THIS POLICY IS SO
OVERBROAD THAT IT IS ROUTINELY
USED TO REJECT THE PLAINTIFFS

## D. CAUSE OF ACTION

OWN MANUSCRIPTS ONCE THEY HAVE BEEN TYPED. WHILE THE BOP HAS A LEGITIMATE INTEREST IN REQUIRING HARDCOVER BOOKS TO ENTER PRISONS ONLY FROM PUBLISHERS/DISTRIBUTORS, THE RESTRICTION ON SOFTCOVER AND EVEN UNBOUND MATERIAL HAS A CHILLING EFFECT ON FIRST AMENDMENT PROTECTIONS WITHOUT ANY LEGITIMATE QUALIFYING SECURITY INTEREST. A RULE ENABLING THE REJECTION OF THE PLAINTIFF'S OWN MANUSCRIPTS AS "PUBLICATIONS NOT FROM THE PUBLISHER" IS UNCONSTITUTIONALLY AMBIGUOUS AND OVERREACHING, AND CAN SERVE NO LEGITIMATE PURPOSE COMMENSURATE WITH ITS OBSTRUCTION OF FREE EXPRESSION.

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? _✓_ Yes ___ No (CHECK ONE). If your answer is "Yes," complete this section of the form. If you have filed more than one lawsuit in the past, use extra paper to provide the necessary information for each additional lawsuit. The information about additional lawsuits should be labeled "E. PREVIOUS LAWSUITS."

1.  Name(s) of defendant(s) in prior lawsuit:

WARDEN, USP ALLENWOOD

2.  Docket number and court name:

UNKNOWN; MIDDLE DIST. PA.

3.  Claims raised in prior lawsuit:

RELIGIOUS DISCRIMINATION

4.  Disposition of prior lawsuit (for example, is the prior lawsuit still pending? Was it dismissed?):

DISMISSED/SETTLED

5.  If the prior lawsuit was dismissed, when was it dismissed and why?

ADMINISTRATIVE REMEDIES, 1996

6.  Result(s) of any appeal in the prior lawsuit:

N/A.

## F. ADMINISTRATIVE RELIEF

1.  Is there a formal grievance procedure at the institution in which you are confined?

_X_ Yes ___ No (CHECK ONE).

2.  Have you exhausted the available administrative remedies? Attach copies, if available.

_X_ Yes ___ No (CHECK ONE). Briefly explain your answer:

HAVE IN GOOD FAITH ATTEMPTED TO RESOLVE EVERY ISSUE; BOP REPEATEDLY SPIT IN MY FACE.

## E. PREVIOUS LAWSUITS

1. UNKNOWN OFFICER, USP ALLENWOOD.

2. UNKNOWN; MIDDLE DISTRICT OF PENSYLVANIA.

3. RACIAL DISCRIMINATION

4. DISMISSED.

5. 1996, DISMISSED BECAUSE RACISM AGAINST WHITE PERSONS IS NOT ACKNOWLEDGED IN U.S.

6. RUBBER-STAMPED PURSUANT TO POLITICAL CORRECTNESS.

---

1. WARDEN, FCI RAYBROOK.

2. UNKNOWN; NORTHERN DISTRICT OF NEW YORK.

3. RACIAL DISCRIMINATION IN ESTABLISHMENT OF LEGAL AID GROUP.

4. DISMISSED.

7a

E. PREVIOUS LAWSUITS

5. DISMISSED DUE TO TRANSFER; LOSS OF
   STANDING.

6. N/A

## G. REQUEST FOR RELIEF

State the relief you are requesting. If you need more space to complete this section, use extra paper. The additional requests for relief should be labeled "G. REQUEST FOR RELIEF."

INJUNCTIVE AND DECLARATORY RELIEF, ON
CLAIM ONE AGAINST DEFENDANTS WATTS,
HERSCHBERGER, NALLEY, HOOD,
HEIM, JAVERNICK, AND MARTINEZ,
FOR RELIGIOUS DISCRIMINATION AND
VIOLATIONS OF EQUAL PROTECTION, WITH
REGARD TO CLASSIFICATIONS AND PRO-
PERTY RELATED TO PAGANISM; NOMINAL
AND PUNITIVE DAMAGES AGAINST DEF—

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed on ___9/25/06___
                (Date)

_____
(Prisoner's Original Signature)

(Rev. 4/15/02)                                8

## G. REQUEST FOR RELIEF

...ENDANTS WATTS, NALLEY, WILEY,
HERSCHBERGER, HOOD, HEIM,
JAVERNICK, AND MARTINEZ FOR
RELIGIOUS DISCRIMINATION AND VIOLATIONS
OF EQUAL PROTECTION; COMPENSATORY
DAMAGES AGAINST DEFENDANTS
WILEY, HEIM, JAVERNICK, AND
MARTINEZ FOR PERSONAL INJURY
CAUSED BY THE ARBITRARY AND
CAPRICIOUS DESTRUCTION OF PLAINTIFFS'
RELIGIOUS PROPERTY, VALUED AT
APPROXIMATELY $20,000, AND FOR
PERSONAL INJURY IN THE FORM OF
BODILY INJURIES AND MENTAL AND
EMOTIONAL SUFFERING CAUSED BY
BEING GASSED, BEAT, SHOT, AND
FOUR-POINTED FOR 48 HOURS DUE
TO DEFENDANTS' RECKLESS DIS-
REGARD AND INDIFFERENCE;

IN JUNCTIVE AND DECLARATORY
RELIEF AGAINST DEFENDANTS WATTS,
NALLEY, AND WILEY, AS TO CLAIM
TWO, FOR THE MISUSE OF ISOLATION
AND FRAUDULENT CREATION OF
CONTROL UNITS DISGUISED AS

8a

## G. REQUEST FOR RELIEF

"GENERAL POPULATION" IN VIOLATION OF
THE CFR AND CASELAW; NOMINAL
AND PUNITIVE DAMAGES AGAINST
WATTS, NALLEY AND WILEY FOR
FALSIFYING GOVERNMENT DOCUMENTS
AND USING ISOLATION AS CRUEL
AND UNUSUAL PUNISHMENT WITH
RECKLESS DISREGARD FOR PSYCH-
IATRIC HEALTH AND INDIFFERENCE
TO PSYCHOLOGICAL INJURY; COMP-
ENSATORY DAMAGES AGAINST WATTS,
NALLEY AND WILEY FOR THE
PHYSICAL INJURY CAUSED BY
LONG-TERM USE OF PSYCHOTROPIC
MEDICATIONS REQUIRED FOR MAINT-
AINING PLANTIFF IN ISOLATION FOR
OVER A DECADE, CONSTITUTING
INVOLUNTARY MEDICATING AND DIS-
REGARD FOR PSYCHIATRIC ETHICS,
          INJUNCTIVE AND DECLARATORY
RELIEF AGAINST DEFENDANTS WATTS,
NALLEY AND WILEY FOR DELIBER-
ATE OBSTRUCTION OF CLEARLY
ESTABLISHED RIGHTS OF FREEDOM
OF EXPRESSION WITH NO LEGITIMATE

# G. REQUEST FOR RELIEF

PENOLOGICAL PURPOSE; NOMINAL AND PUNITIVE DAMAGES FOR THE INTENTIONAL INFRINGEMENT OF FIRST AMENDMENT RIGHTS WITH RECKLESS DISREGARD FOR POLICY, THE CODE OF FEDERAL REGULATIONS, AND ESTABLISHED COURT PRECEDENT.

ANY AND ALL OTHER RELIEF THIS COURT FINDS APPROPRIATE.