## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER N. GEORGACARAKOS,      )
                               )
              Plaintiff,     )
                               )   No. 06-1022 (JR)
             V.        )
                               )
HARRELL WATTS, et al.,        )
                               )
            Defendants.    )
_____)

## DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING
## PLAINTIFF'S PAYMENT OF FULL FILING FEES UNDER THE PLRA

      Federal Defendants, in their official capacity only,[1] hereby request that this Court stay these proceedings pending plaintiff's payment of the full filing fee because plaintiff has filed at least three prior suits while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. Accordingly, plaintiff is not entitled to *in forma pauperis* status under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.

## BACKGROUND

      Plaintiff Peter Georgacarakos is currently incarcerated at the United States Penitentiary in Florence, Colorado and serving a sentence for murder and other offenses.[2] On June 2, 2006,

---

    [1] Although plaintiff's amended complaint names the defendants in their individual capacities also, none have been personally served with the Complaint. Hence, none are yet parties to this action in their personal capacities. Accordingly, none join in this motion in their individual capacities and, therefore, preserve all defenses available pursuant to Federal Rule of Civil Procedure 12(b) or otherwise, including immunity from suit.

    [2] Although plaintiff was originally convicted of a narcotics-related offense, while serving the sentence for that offense, he murdered another inmate and was convicted of murder in the second degree by the United States District Court for the Middle District of Pennsylvania. United States v. Georgacarakos, No. CR-02-034-02 (M.D. Pa. 1996).

plaintiff filed this suit against a variety of Bureau of Prison officials in their official and individual capacities. On June 2, 2006, this Court granted plaintiff *in forma pauperis* status. See Docket Entry # 4. Prior to the time for defendants to respond to the complaint, plaintiff filed an amended complaint, which makes allegations relating to the conditions under which he is confined and relating to the alleged destruction of "religious property."[3]

## ARGUMENT

## PLAINTIFF IS NOT ENTITLED TO *IN FORMA PAUPERIS* STATUS

To reduce the number of meritless claims filed by inmates, Congress established new standards for the grant of *in forma pauperis* status through the enactment of the PLRA. See Chandler v. D.C. Dept. of Corrections, 145 F.3d 1355, 1357 (D.C. Cir. 1998). The PLRA provides that an inmate who qualifies for *in forma pauperis* status is required initially to pay only a partial filing fee and then the balance of the filing fee in monthly installments. See 28 U.S.C. § 1915(b); Chandler, 145 F.3d at 1357.

Absent imminent danger of serious physical harm, however, an inmate **may not** proceed *in forma pauperis* if that inmate has filed at least three prior cases while incarcerated that were dismissed as frivolous, malicious or for failure to state a claim (commonly referred to as the "three strikes" provision). See 28 U.S.C. § 1915(g); Ibrahim v. District of Columbia, 208 F.3d 1032, 1033 (D.C. Cir. 2000); Smith v. District of Columbia, 182 F.3d 25, 29 (D.C. Cir. 1999);

---

[3] Plaintiff previously filed suit making almost the exact same claims of religious discrimination, denial of due process and cruel and unusual punishment allegations that are set forth in his amended complaint and that suit was dismissed for failure to exhaust administrative remedies. See Georgacarakos v. Watts, No. 05-1180, 2005 WL 1984451 (10th Cir. Aug. 18, 2005). He also filed a suit relating to the alleged destruction of religious property, and that suit was also dismissed, with the dismissal being affirmed by the Tenth Circuit. See Georgacarakos v. United States, 420 F.3d 1185, 1185 (10th Cir. 2005).

<u>Chandler</u>, 145 F.3d at 1357.    If an inmate is denied *in forma pauperis* status and fails to pay the full filing fee, the case should be dismissed.  <u>See</u> <u>Smith</u>, 182 F.3d at 30.

Cases dismissed by courts prior to the effective date of the PLRA count as "strikes" under § 1915(g).  <u>See</u> <u>Ibrahim</u>, 208 F.3d at 1036.  Moreover, a dismissal on the merits by a district court is considered one strike and an appeal of the case that is likewise dismissed counts as a second strike.  <u>See</u> 28 U.S.C. § 1915(g); <u>Kalinowski v. Bond</u>, 358 F.3d 978, 978 (7th Cir.), <u>cert.</u> <u>denied</u>, 124 S.Ct. 2843 (2004); <u>Thompson v. Gibson</u>, 289 F.3d 1218, 1222-23 (10th Cir. 2002); <u>Adepegba v. Hammons</u>, 103 F.3d 383, 388 (5th Cir. 1996).  A complaint that is dismissed, but only in part as malicious, frivolous, or for failure to state a claim has also been held to be a strike.  <u>See</u> <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 464 (5th Cir. 1998): <u>Smith v. Duke</u>, 296 F. Supp. 2d 965, 967-68 (E.D. Ark. 2003).  Properly filed *habeas corpus* petitions normally are not counted as strikes under the PLRA.  <u>See</u> <u>Blair-Bey v. Quick</u>, 151 F.3d 1036, 1040-42 (D.C. Cir. 1998).

In the present case, the Court granted plaintiff's motion to proceed *in forma pauperis* on June 2, 2006.  However, plaintiff has filed at least three cases or appeals that were dismissed as frivolous, malicious, or for failure to state a claim.[4]  <u>See,</u> <u>Georgacarakos v. Watts</u>, No. 05-1180, 2005 WL 1984451 (10th Cir. Aug. 18, 2005) (affirming the District Court's dismissal of plaintiff's claims for failure to exhaust administrative remedies) (opinion attached as Exhibit 1); <u>Georgacarakos v. Watts</u>, No. 04-cv-2590-ZLW (D. Co. 2004) (dismissing complaint for failure to

---

[4]  A dismissal for failure to exhaust administrative remedies is a dismissal for failure to state a claim.  <u>Gordon v. Lappin</u>, No. 06-427 (RJL), 2006 WL 2228932, *2 (D.D.C. Aug. 3, 2006) (because the exhaustion of administrative remedies is not jurisdictional, a failure to exhaust administrative remedies by a prisoner is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted).

exhaust administrative remedies) (Docket Sheet attached as Exhibit 2); Georgacarakos v. Maine Correctional Center, Superintendent, No. 92-cv-365-DBH (D. Me. 1992) ("ORDER granting motion to Proceed *in Forma Pauperis* & DISMISSING case as frivolous") (Docket Sheet attached as Exhibit 3). Furthermore, plaintiff's amended complaint does ***not*** allege that he is in imminent danger of serious physical harm.

Because plaintiff has three strikes under the PLRA, this Court should revoke plaintiff's *in forma pauperis* status, require plaintiff to pay the full filing fee, stay this action pending plaintiff's payment of the full filing fee, and dismiss this action if he fails to pay.

## CONCLUSION

For the forgoing reasons, defendants respectfully request that the Court stay this action pending payment of the full filing fee and dismiss the action if plaintiff fails to pay.

November 16, 2006                     Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2006, I caused the foregoing to be served on

plaintiff via first class United States Mail:

PETER N. GEORGACARAKOS
# 03029-036
Florence ADMAX
US Penitentiary
PO Box 8500
Florence, CO 81226-8500

_____/s/_____
JOHN F. HENAULT
Assistant United States Attorney