U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

**RECEIVED**

DEC 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GEORGACARAKOS

V.

WATTS, et al.

NO. 06-1022 (JR)

## PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION TO STAY PROCEEDINGS

COMES NOW PETER GEORGACARAKOS, PRO SE, AND HEREBY OPPOSES THE MOTION TO STAY PROCEEDINGS IN THE ABOVE-ENTITLED CIVIL ACTION. THE PLAINTIFF ASSERTS THAT THIS MOTION WAS NOT FILED IN GOOD FAITH, SINCE THE AUSA DID NOT NEED TWO EXTENSIONS OF TIME IN ORDER TO FILE A PURELY PROCEDURAL MOTION BASED ON INFORMATION DOWNLOADED FROM HIS COMPUTER. PLAINTIFF ALSO AVERS THAT THE MOTION IN ITSELF LACKS MERIT, SHOULD BE DENIED, AND DEFENDANTS ORDERED TO ANSWER THE COMPLAINT FORTHWITH.

2

## I. BACKGROUND

The plaintiff filed a similar suit in Colorado, which was dismissed <u>without prejudice</u>. The suit had many more defendants and claims, and the court refused to even advise as to what claim or defendant it was holding the failure to exhaust allegation for. In the process of trying to better comply with the <u>PLRA</u>, plaintiff decided to re-write his complaint excluding any defendant and any claim for which exhaustion could be deemed questionable. During this process, plaintiff also learned that the statute of limitations is 2 years — he had assumed that it was 5 years, like in criminal offenses — and thus also eliminated all defendants and claims without this time-frame.

The result was a much smaller complaint with much less diversity, and because Harrell Watts is the primary defendant in the new complaint, plaintiff

FILED IT IN HIS DISTRICT. IN FURTHER EXHAUSTING HIS ADMINISTRATIVE REMEDIES, PLAINTIFF HAS HAD WATTS CONDONE AND PROPAGATE EVERY VIOLATION, OVER AND OVER, WITH TOTAL DISREGARD FOR POLICY, RULES, LAWS, OR COURTS, AND THUS THIS SUIT IS PROPERLY FILED IN THE DISTRICT OF BUREAU OF PRISONS (BOP) HEADQUARTERS.

## II. ARGUMENT

a. THE COMPLAINT WAS FILED WHEN PLAINTIFF WAS IN IMMINENT DANGER OF SERIOUS PHYSICAL HARM, AND HE REMAINS IN SUCH DANGER NOW.

BECAUSE DEFENDANTS HAVE FLAGRANTLY AND RECKLESSLY DISREGARDED ALL RELEVANT GUIDELINES AND LAWS REGARDING PROLONGED ISOLATION, PLAINTIFF IS SUFFERING FROM SEVERE BIOLOGICAL PATHOLOGY REQUIRING PSYCHOTROPIC MEDICATION JUST TO MAINTAIN A SEMBLANCE OF NORMALCY, IT IS

well established and beyond dispute that the clinical depression caused by excessive isolation and the medications required to sustain normal functions can and do cause PERMANENT BRAIN DAMAGE. For this reason the BOP's own policy PROGRAM STATEMENT 5212.07(6)(c)(1), specifically prohibits keeping a prisoner diagnosed with clinical depression in isolation, and 5212.07(11)(i) requires 30-day evaluations for prisoners kept in isolation. Plaintiff has been on psychotropic medication since December 2003, was suffering undiagnosed for years before that, and is presently evaluated cursorily a couple times per year, because the defendants refuse to comply with the law. The number of drugs and the dosage has been steadily increased over the years to counteract the deleterious effects of keeping a biologically depressed person in isolation indefinitely. This

MEDICAL/PSYCHIATRIC MALPRACTICE IS UNDERTAKEN SYSTEMICALLY BY THE DEFENDANTS WITH TOTAL DISREGARD FOR PROGRAM STATEMENT 6010.01(5): "PSYCHOTROPIC MEDICATION IS GENERALLY NOT DESIGNED FOR, NOR SHALL IT BE USED AS, A METHOD OF CHEMICAL CONTROL OF BEHAVIOR UNRELATED TO MENTAL ILLNESS." PLAINTIFF ASSERTS THAT BRAIN DAMAGE CONSTITUTES "PHYSICAL HARM" AND THAT DEFENDANTS OWN PROGRAM STATEMENTS IMPLY KNOWLEDGE OF SUCH. PLAINTIFF FURTHER ASSERTS THAT THE PLRA DOES NOT REQUIRE THE IMMINENT DANGER OF SERIOUS BODILY INJURY, AND THUS THAT THE SERIOUS LOSS OF PROPERTY CAN CONSTITUTE "PHYSICAL HARM." CERTAINLY THE WANTON DESTRUCTION OF ALL OF PLAINTIFF'S RELIGIOUS PROPERTY — 10 YEARS OF RESEARCH AND CREATIVE WRITING — JUST THE REPLACEMENT VALUE OF WHICH IS $20,000.00 COUNTS AS "SERIOUS PHYSICAL HARM" TO PLAINTIFF AND THE FEDERAL COURTS HAVE IMPLIED AS MUCH BY INCLUDING UNDER

THE TITLE OF "CRIMES OF VIOLENCE" OFFENSES THAT ENTAIL THE USE OF FORCE AGAINST "A PERSON OR PROPERTY."

FINALLY IN AUGUST, AS EXPLAINED IN THE SUPPLEMENTED PART OF THE AMENDED COMPLAINT, AND AS THE CULMINATION OF A DECADE OF DISCRIMINATION BY DEFENDANTS, PLAINTIFF WAS GASSED, SHOT AND TORTURED ALL IN VIOLATION OF POLICY AND LAW, FOR PASSIVELY PROTESTING THE ARBITRARY AND CAPRICIOUS DESTRUCTION OF ALL HIS RELIGIOUS PROPERTY. BECAUSE THEY REFUSED TO RESPECT PLAINTIFF'S EQUAL PROTECTION RIGHTS, DEFENDANTS UNLAWFULLY DESTROYED HIS PROPERTY THEN USED EXCESSIVE FORCE AND TORTURE IN BLATANT VIOLATION OF EVERY APPLICABLE LAW, TO FORCE HIM TO ACCEPT THE DEED. PLAINTIFF ASSERTS THAT BEING GASSED WITH A CHEMICAL AGENT OUTLAWED BY THE U.N., BEING SHOT IN THE FACE WITH RUBBER BULLETS, AND BEING CHAINED TO A SLAB, HANDS AND FEET, FOR 48 HOURS, CONST-

itutes "physical harm" under the PLRA.

b. **PLAINTIFF DOES NOT HAVE 3 "STRIKES" UNDER THE PLRA**

The PLRA allows a court to go back ten years in counting prior dismissed civil actions. Georgacarakos v. Maine Correctional Center is 14 years old. Furthermore a suit dismissed without prejudice cannot count as a strike. A failure to exhaust dismissal is only a dismissal for "failure to state a claim" if the court finds that the plaintiff has defaulted on administrative remedies, not when as in this case the court demands more attempts at informal resolution. Moreover the AUSA has conveniently ignored the fact that the 10th Circuit against all other circuits including this one, has transformed this affirmative defense of failure to exhaust into a jurisdictional issue. This circuit

HAS REJECTED HIS HOLDING, ALI V. DISTRICT OF COLUMBIA, 278 F.3d 1 (2002). THUS THE CLAIM IN THE AUSA'S FOOTNOTE 4 ON PAGE 3 IS SPECIOUS AT BEST. WHEREAS THE COURTS OF THE 10TH CIR. DECLARE THAT THEY LACK JURISDICTION TO HEAR A SUIT IN WHICH THEY DEEM ADMINISTRATIVE REMEDIES NOT TO HAVE BEEN EXHAUSTED, THE COURT IN PLAINTIFF'S PREVIOUS SUIT LACKED THE AUTHORITY TO DECIDE ANY OTHER ISSUE, TICOR TITLE INS. CO. V. FTC, 814 F.2d 731, 757 (D.C. CIR. 1987). HENCE A DISMISSAL "ON THE MERITS" WAS IMPOSSIBLE. THE AUSA'S MANIPULATIVE LEGERDEMAIN IGNORES THE WELL-ESTABLISHED PRINCIPLE THAT "WITHOUT JURISDICTION THE COURT CANNOT PROCEED AT ALL IN ANY CASE. JURISDICTION IS POWER TO DECLARE THE LAW, AND WHEN IT CEASES TO EXIST, THE ONLY FUNCTION REMAINING TO THE COURT IS THAT OF ANNOUNCING THE FACT AND DISMISSING THE CASE." STEEL CO. V. CITIZENS FOR BETTER ENVIRONMENT, 523 U.S. 83, 94 (1998). WHEREAS THE

10th CIRCUIT HAS DEFIED ALL OTHER CIRCUITS IN HOLDING EXHAUSTION TO BE JURISDICTIONAL. THIS COURT CANNOT REGARD SUCH DISMISSALS AS "STRIKES" UNDER THE PLRA. (CF STEELE, 355 F.3d 1204).

## III. CONCLUSION

FOR THE FOREGOING REASONS, PLAINTIFF RESPECTFULLY REQUESTS THIS COURT TO FIND THAT HE HAS SUFFERED AND IS IN IMMANENT DANGER OF PHYSICAL HARM, THAT HE IN FACT HAS 0 "STRIKES" UNDER THE PLRA, AND THUS THAT THE MOTION TO STAY THIS ACTION MUST BE DENIED AND DEFENDANTS REQUIRED TO ANSWER THE AMENDED COMPLAINT FORTHWITH.

NOVEMBER 24, 2006

RESPECTFULLY SUBMITTED,

[signature]

PETER N. GEORGACARAKOS
PRO SE

## CERTIFICATE OF SERVICE

I, PETER GEORGACARAKOS, HEREBY CERTIFY THAT I HAVE THIS DAY MADE DUE SERVICE OF THE PLAINTIFF'S RESPONSE TO MOTION TO STAY PROCEEDINGS TO JOHN HENAULT, 555 4th ST, N.W., WASHINGTON, DC 20530, BY REGULAR COURSE OF THE U.S. MAIL, POSTAGE PRE-PAID.

NOVEMBER 24, 2006

PETER N. GEORGACARAKOS