UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER N. GEORGACARAKOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06-1022 (JR) |
| V. | ) |
| | ) |
| HARRELL WATTS, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING
PLAINTIFF'S PAYMENT OF FULL FILING FEES UNDER THE PLRA**

Federal Defendants, in their official capacity only,[1] hereby file this reply in support of their motion to stay proceedings pending plaintiff's payment of the full filing fee under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. As explained in detail below, as well as in defendant's motion, plaintiff does not allege he is in imminent danger of serious physical harm, has three strikes under the PLRA and, therefore, must pay the full filing fee for this action to proceed.

---

[1] Although plaintiff's amended complaint names the defendants in their individual capacities also, none have been personally served with the Complaint. Hence, none are yet parties to this action in their personal capacities. Accordingly, none join in this motion in their individual capacities and, therefore, preserve all defenses available pursuant to Federal Rule of Civil Procedure 12(b) or otherwise, including immunity from suit.

## ARGUMENT

I. **PLAINTIFF DOES NOT ALLEGE HE IS IN IMMINENT DANGER OF SERIOUS PHYSICAL HARM**

Plaintiff filed this case to rectify alleged discrimination based upon his religion, which he identifies as "paganism."[2] In his complaint, plaintiff alleges First Amendment violations, due process violations, equal protection violations, and, most relevant for this motion, violations of the Eighth Amendment protection from cruel and unusual punishment. Regarding his cruel and unusual punishment violations, plaintiff alleges that he is being housed in a prison section in which he does not belong, that he has been placed in segregation, that he has, in the past, been the subject of restraint by prison officials, and that he is "forced" to take antidepressants that keep him from killing himself. Notwithstanding these allegations, plaintiff does *not* allege that he is in imminent danger of serious physical harm.

In his opposition, plaintiff asserts two arguments in support of his claim that he should not have to pay the full filing fee because he is in imminent danger of serious physical harm. First, he claims that the fact that he currently takes two antidepressants constitutes imminent danger of serious physical harm. Second, he asserts that the statutory requirement of "serious physical harm" includes damage to property. Plaintiff is mistaken on both accounts.

It is well established that the "imminent danger" exception to the three strikes rule applies *only* when danger of serious physical injury exists at the time the complaint is filed. Malik v. McGinnis, 293 F.3d 559 (2d Cir. 2002). Moreover, to meet the imminent danger test, the threat of serious physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d

---

[2] In an action he filed in the District of Colorado, plaintiff alleged that prison officials were interfering with the free exercise of his Asatru religion. See Georgacarakos v. Watts, No. 05-1180, 2005 WL 1984451, *1 (10th Cir. Aug. 18, 2005).

328 (7th Cir. 2003). Plaintiff's complaint in this matter does not allege that he was in imminent danger of real and proximate serious physical injury.

In fact, plaintiff's complaint, as well as his opposition to defendant's motion, show that, if anything, the Bureau of Prisons is currently keeping plaintiff from seriously injuring himself. Specifically, at page seven of his complaint, plaintiff acknowledges that he takes two antidepressants to sleep and to keep from committing suicide. Comp. p.7. Moreover, in his opposition to defendant's motion, plaintiff further expands on his need for antidepressants – he acknowledges that he needs these antidepressants "just to maintain a semblance of normalcy." Opp. p.3. Plaintiff's allegation regarding his medication, and the need to take the medication to keep from committing suicide, stands in sharp contrast to cases permitting medication-related exceptions to the filing fee. Specifically, in Ibrahim v. District of Columbia, 463 F.3d 3, 6-7 (D.C. Cir. 2005), the D.C. Circuit held that allegations of failing to provide adequate treatment for Hepatitis C constitutes imminent danger. Similarly, in Ciarpaglini, the Seventh Circuit held that a prisoner who alleges that prison officials *stopped* his necessary medication had properly alleged imminent serious physical injury. Likewise, in Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), the Eleventh Circuit held that a prisoner who alleged that prison officials who stopped his HIV treatment had properly alleged imminent danger of serious physical injury.

In contrast to these claims, plaintiff in this matter asserts that prison officials are giving him antidepressants, but also asserts that those antidepressants are necessary to keep him from committing suicide, and to assist him with maintaining some semblance of normalcy. Thus, his allegations relating to medication do not allege an imminent danger of serious physical injury, let alone injury that is real and proximate.

Plaintiff's second argument regarding his allegations is that the "serious physical injury" requirement applies to property as well as personal injury.  This argument is specious; the text of the statute is clear that the requirement applies only to serious *physical* injury.  See 28 U.S.C. § 1915(g).  Thus, damage to property does not fit within the plain language of the statute.  Moreover, according to plaintiff's allegations, the damage to his property has already occurred.  Thus, there is no imminent threat to even apply to the property.

## II.    PLAINTIFF HAS THREE STRIKES

Regarding his three strikes, plaintiff asserts that the PLRA applies only to cases within the last ten years.  Opp. p.7.  Again, this claim is contrary to the plain statutory language.  Pursuant to 28 U.S.C. § 1915(g),

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

There is no limitation in this statutory provision that it is limited to the past ten years.  To the contrary, there is no express time limitations, other than that the prisoner have brought three or more prior civil actions that have been dismissed for the reasons set forth in the statute.

As explained in defendants' motion, and set forth in the attachments to that motion, plaintiff has three strikes under the PLRA; he has two instances of a case being dismissed and then affirmed for failure to state a claim, see  Georgacarakos v. Watts, No. 05-1180, 2005 WL 1984451 (10th Cir. Aug. 18, 2005) (affirming the District Court's dismissal of plaintiff's claims for failure to exhaust administrative remedies); Georgacarakos v. Watts, No. 04-cv-2590-ZLW (D. Co. 2004) (dismissing complaint for failure to exhaust administrative remedies), and one

instance of a case being deemed frivolous, see Georgacarakos v. Maine Correctional Center, Superintendent, No. 92-cv-365-DBH (D. Me. 1992) ("ORDER granting motion to Proceed *in Forma Pauperis* & DISMISSING case as frivolous").

Although plaintiff may assert that his dismissals for failure to exhaust administrative remedies do not count as strikes, he is mistaken. Plaintiff claims that, in the Tenth Circuit, a dismissal for failure to exhaust administrative remedies is jurisdictional and, therefore, it should not count as a strike for the PLRA. He is mistaken. In the Tenth Circuit, the failure to exhaust administrative remedies is not a jurisdictional question. See Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1209 (10th Cir. 2003) ("As a consequence, a motion under Fed.R.Civ.P. 12(b)(1) is not an appropriate avenue for questioning an inmate's exhaustion of administrative remedies. Rule 12(b)(1) is designed 'for challenges to the court's subject-matter jurisdiction.' . . . It does not apply to issues of exhaustion under PLRA."). Thus, dismissal for failure to exhaust administrative remedies is a dismissal for failure to state a claim, which is a strike under the PLRA. See Gordon v. Lappin, No. 06-427 (RJL), 2006 WL 2228932, *2 (D.D.C. Aug. 3, 2006) (because the exhaustion of administrative remedies is not jurisdictional, a failure to exhaust administrative remedies by a prisoner is properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted).

## CONCLUSION

For the reasons set forth herein, as well as those set forth in defendant's motion, plaintiff's in forma pauperis status must be revoked, and he should be required to pay the full filing fee. In the alternative, if plaintiff does not pay the full filing fee, this action should be dismissed.

December 11, 2006                           Respectfully submitted,


       /s/
JEFFREY A. TAYOLR, D.C. BAR # 498610
United States Attorney

       /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

       /s/
JOHN F. HENAULT, D.C. Bar #472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2006, I caused the foregoing to be served on plaintiff via first class United States Mail:

PETER N. GEORGACARAKOS
# 03029-036
Florence ADMAX
US Penitentiary
PO Box 8500
Florence, CO 81226-8500

                                                  /s/
                                    JOHN F. HENAULT
                                    Assistant United States Attorney