UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER N. GEORGACARAKOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 06-1022 (JR) |
| V. | ) |
| | ) |
| HARRELL WATTS, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A SUBPOENA
AND MOTION FOR MENTAL AND PHYSICAL EXAMINATION,
AND MOTION TO STAY DISCOVERY**

Federal Defendants, in their official capacity only,[1] hereby oppose plaintiff's motion for a subpoena and motion for a mental and physical examination, and move this Court to stay discovery in this case. Plaintiff, pro se, alleges constitutional violations under Bivens against the individual defendants in their official and individual capacities.

Plaintiff filed his complaint on June 2, 2006, and filed an amended complaint on November 2, 2006. Defendants filed motion to stay proceedings pending payments of the full filing fee under the PLRA on November 16, 2006. This motion is currently pending, and defendants have not yet answered the complaint or filed a Rule 12 motion to dismiss. On January 3, 2007, plaintiff apparently served and sent to the Court by mail, a motion for a mental and physical examination and a motion to issue a subpoena. These pleadings were entered on the Court's docket on January 9, and defendant received them that day. Defendant has not yet

---

[1] Although plaintiff's amended complaint names the defendants in their individual capacities also, none have been personally served with the Complaint. Hence, none are yet parties to this action in their personal capacities. Accordingly, none join in this motion in their individual capacities and, therefore, preserve all defenses available pursuant to Federal Rule of Civil Procedure 12(b) or otherwise, including immunity from suit.

received service copies of these documents by mail.  Now, in light of defendants' pending motion to stay, and the fact that defendants have not yet answered the complaint, defendants respectfully request that the Court deny plaintiff's motions for discovery and stay all discovery until such time as the defendants have filed an answer

The Supreme Court has consistently cautioned that courts handling Bivens cases should resolve issues of qualified immunity before allowing any discovery.  See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982).  Resolving the immunity issues first allows insubstantial Bivens claims to be terminated quickly, thus effectuating the immunity protection of the individuals.  See Butz v. Economou, 439 U.S. 478, 507-508 (1978).  Because plaintiff is incarcerated, and is proceeding *pro se*, Local Rule 7(m) does not apply to this motion, and Defendants therefore have not obtained his position as to the relief requested.

## ARGUMENT

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution.  See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).  Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party.  Fed. R. Civ. P. 26(c)(1)-(3).  Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery, where there is a dispositive motion pending because it is logical that

> when, as here, the determination of a preliminary question may dispose of the entire suit, applications for discovery may properly be deferred until the determination of such questions.

O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided. See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).

In Bivens litigation in particular, it is a commonplace to stay discovery until the qualified immunity claims have been resolved. E.g., Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982). As the Supreme Court recognized, qualified immunity "is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously

permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Importantly, the Supreme Court has long admonished that the question of qualified immunity "should be resolved at the earliest possible stage of a litigation." Anderson v. Creighton, 483 U.S. 635, 646 n. 6 (1987).

Critical for present purposes, the Supreme Court has cautioned that until the "threshold immunity question is resolved, discovery should not be allowed." Harlow, 457 U.S. at 818.  As the Supreme Court later emphasized, "[u]nless the plaintiff's allegations state a violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell, 472 U.S. at 526.

Indeed, our Court of Appeals issued a stay of proceedings and a writ of mandamus in a case in which the District Court had ordered an evidentiary proceeding prior to resolving the qualified immunity issues before it.  See. Fludd v. United States Secret Service, 771 F.2d 549 (D.C. Cir. 1985).  In that case the plaintiff contended that the individual defendants, agents of the United States Secret Service, had violated his Fourth Amendment rights in their service of a subpoena for a handwriting exemplar on him.  Id. at 550.  After the individual defendants moved to dismiss or for summary judgment on qualified immunity grounds, this Court deferred resolution of the qualified immunity issue.  Id. at 552.  Instead of ruling on immunity first, the Court ordered a factual hearing on the authority of the property owner to give consent to enter. Id.  When the Court declined to reconsider its decision to hold an evidentiary hearing before resolving qualified immunity, the D.C. Circuit issued a writ of mandamus directing the cancellation of the evidentiary hearing.  Id.

In explaining its decision to issue the extraordinary writ, the D.C. Circuit relied heavily on the Supreme Court's then "recent" pronouncement in Harlow. 771 F.2d at 552. The D.C. Circuit quoted Harlow extensively, including the passage noting that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." 771 F.2d at 553, quoting 457 U.S. at 818. Although the court observed that an evidentiary hearing is not always forbidden, it issued the writ because this Court had "exceeded the permissible limits of such a hearing." 771 F.2d at 554.

With this backdrop, defendants request that this Court deny plaintiff's motions for discovery and stay all discovery proceedings until this Court rules on defendants' dispositive motion and addresses their entitlement to qualified immunity.

January 18, 2007                              Respectfully submitted,


     /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


     /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney


     /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

  I hereby certify that on January 18, 2007, I caused the foregoing to be served on plaintiff via first class United States Mail:

PETER N. GEORGACARAKOS
# 03029-036
Florence ADMAX
US Penitentiary
PO Box 8500
Florence, CO 81226-8500

                /s/
                JOHN F. HENAULT
                Assistant United States Attorney