U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

GEORGE CARAKOS
V
WATTS, et al

CIVIL NO. 061022(JR)

MOTION FOR DISTRICT COURT TO ACKNOW-
LEDGE IMMINENT THREAT OF PHYS-
ICAL HARM NOW POSED TO PLAINTIFF

JOHN F. HENAULT, ESQUIRE, BEING THE FINAL STRAW MAN IN A LONG LINE OF DISHONORABLE COWARDS WHO HAVE TWISTED AND MANIPULATED THE LAW IN A MANNER THE PLAINTIFF, A CONVICTED FELON, HAS NEVER ENGAGED IN, PLAINTIFF HEREBY RESPECTFULLY REQUESTS THIS COURT TO RECOGNIZE THAT BY THE TIME THIS MOTION HAS BEEN FILED, HE WILL BE IN IMMINENT THREAT OF PHYSICAL HARM, AND THE VICTIM OF SUCH HARM, EVERY DAY UNTIL HIS DEATH OR THE INTERVENTION OF SOMEONE IN THIS ENTIRE SYSTEM WHO IS NOT A BIGGER CRIMINAL THAN HE IS. IN SUPPORT OF THIS MOTION, PLAINTIFF ASSERTS THE FOLLOWING:

1. DEFENDANTS IN THIS CASE VIOLATE ALL RELEVANT RIGHTS OF PLAINTIFF ON A DAILY BASIS, AND HAVE DONE SO FOR 3½ YEARS.

2. THE ONLY REASON PLAINTIFF IS NOT THE VICTIM OF SERIOUS BODILY HARM ON A WEEKLY BASIS IS BECAUSE HE IS MORE INTELLIGENT, BETTER EDUCATED, AND MORALLY SUPERIOR TO VIRTUALLY EVERY ADMINISTRATOR IN THE BUREAU OF PRISONS, AND ESPECIALLY THE CREEPING COWARDS WHO THRIVE AT THE ADX ON WORKFARE.

3. VIRTUALLY EVERY TIME ADX STAFF MOVE LIPS OR PEN, THEY LIE AND IT IS ONLY BECAUSE PLAINTIFF HAS BITTEN HIS TONGUE, COUNTING ON SOME OFFICIAL, SOMEWHERE AND AT SOME TIME, TO ACTUALLY PROVED TO BE "GOOD" RATHER THAN SIMPLY EMPOWERED, THAT THIS DAILY CRIMINALITY BY STAFF HAS NOT LEAD TO PHYSICAL (BODILY) HARM.

4. PLAINTIFF RECEIVED $310.00 FROM

VARIOUS FAMILY MEMBERS FOR CHRISTMAS, INTENDED TO BUY HIM STAMPS AND PENS FOR A YEAR. THE GOVERNMENT THROUGH THE P.L.R.A. TOOK OVER $200.00 OF THIS MONEY, DESPITE BEING ORDERED TO TAKE 20%, YET THE BLOOD-SUCKING PARASITE JOHN F. HENAULT IS NOT SATISFIED WITH TAKING 2/3 OF PLAINTIFF'S MEAGRE FUNDS, AND WANTS TO SEE PHYSICAL HARM.

5. HENCEFORTH, THEREFORE PLAINTIFF WILL ABSOLUTELY REFUSE TO COMPLY IN ANY FASHION WITH DEMANDS THAT VIOLATE HIS RIGHTS AND THUS FORCE DEFENDANTS TO SHOW THEIR TRUE COLORS, UNSEEN DUE TO THE CIVILITY OF THE PLAINTIFF.

6. PLAINTIFF WILL NOT ASSAULT STAFF OR DESTROY PROPERTY, BUT HE WILL COMPLETELY REFUSE COMPLIANCE WITH ANY VIOLATION, WILL CALL CONSTITUTIONAL VIOLATORS BY APPROPRIATE NAMES, AND TELL THEM WHY VIOLATING HIS RIGHTS WITHOUT BEING ABLE TO HIDE

-4-

BEHIND TWO DOORS, LIKE CONSUMMATE COWARDS, WOULD COST OFFENDERS.

7. BECAUSE DEFENDANTS VIOLATE ALL RIGHTS EVERY DAY AND ARE ARROGANT IN THEIR UNCHECKED POWER DUE TO CRIMINAL COCONSPIRATORS LIKE JOHN F. HENAULT AND COURT ABDICATION, PLAINTIFFS REFUSING ANY LONGER TO MAKE UP FOR THE MORAL INFERIORITY OF STAFF WILL INEVITABLY LEAD TO FORCE BEING USED AGAINST PLAINTIFF; AND BECAUSE BOP STAFF ARE VINDICTIVE AS ALL COWARDS ARE, IT WILL BE EXCESSIVE FORCE.

8. THUS WILL GET THE PHYSICAL INJURY MR. HENAULT DESIRES, THE COURT WILL SEE THE DEPTH OF DEPRAVITY IN BOP STAFF DUE TO THE COURTS' FAILURE TO PERFORM ANY OVERSIGHT ROLE AND THIS CASE CAN MOVE FORWARD ON THE MERITS RATHER THAN LANGUISH IN DISPOSABLE WORDPLAY.

9. ANY ACCIDENTAL CONSEQUENCES OF PLAINTIFF'S (HENCEFORTH) REFUSAL TO PARTICIPATE IN CONSTITUTIONAL VIOLATIONS WILL NOT BE PLAINTIFF'S RESPONSIBILITY, BUT WILL BE ATTRIBUTABLE TO JOHN F. HENAULT, ESQUIRE, AND A STATUTE THAT, IN VIOLATION OF THE FIRST AMENDMENT, DEMANDS PHYSICAL HARM BEFORE FIRST AMENDMENT VIOLATIONS ARE ADEQUATELY ADDRESSED.

10. ONE OF THE CONSTITUTIONAL VIOLATIONS OVER WHICH PLAINTIFF HAS BITTEN HIS TONGUE IS A REFUSAL TO MAKE LEGAL PHOTOCOPIES. PLAINTIFF WILL NO LONGER ASK HIS CRIMINAL LAWYER TO MAKE CIVIL COPIES FOR HIM, BUT WILL TREAT VIOLATING STAFF ACCORDINGLY AND LET THE COURT DEAL WITH THE PROBLEM.

DATE: 1/1/07

RESPECTFULLY SUBMITTED,

PETER N. GEORGACARAKOS
PRO SE

<u>REQUEST FOR SERVICE BY THE COURT</u>

I, PETER GEORGACARAKOS, WAS UNABLE TO MAKE DUE SERVICE OF THE FOREGOING BECAUSE BOP STAFF HAVE REFUSED TO MAKE PHOTOCOPIES OF HIS LEGAL DOCUMENTS IN COMPLIANCE WITH 28 CFR 543.11, AND THEREFORE REQUESTS THAT THE COURT MAKE SERVICE ON JOHN F. HENAULT, AUSA, 555 4th STREET, N.W., WASHINGTON, D.C. 20530.

DATE: 1/1/07

_____
PETER N. GEORGACARAKOS