U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

GEORGACARAKOS
V
WATTS, et al.

No 06-1022(JR)

PLAINTIFF'S RESPONSE TO DEFENDANTS OPPOSITION TO MOTION FOR A SUBPOENA AND A MENTAL EXAMINATION

COMES NOW THE PLAINTIFF AND OPPUGNS THE DEFENDANTS ASSERTIONS AS IRRELEVANT AND MOOT, AND IN SUPPORT OF SUCH AVERS THE FOLLOWING:

1. PLAINTIFF HAS MOVED THE COURT TO SUBPOENA TWO CRUCIAL PIECES OF EVIDENCE THAT DEFENDANTS INTEND TO DESTROY, AND TO TAKE POSSESSION OF SUCH ITSELF. HE WANTS IT TO BE PRESERVED BY THE COURT, AND THUS IT WOULD NOT ACTUALLY BECOME "DISCOVERY" UNTIL SUCH TIME AS THE COURT RELEASES IT TO PLAINTIFF. THE DEFENDANTS ARGUMENT CANNOT CIRCUMLOCUTE THE SIMPLE FACT THAT

THE DESTRUCTION OF THIS EVIDENCE WOULD DO IRREPARABLE HARM TO THIS CASE.

2. PLAINTIFF HAS SUFFERED A MENTAL APTITUDE DIMINISHMENT FROM THE TOP TENTH PERCENTILE TO THE THIRTY-FIFTH PERCENTILE DUE TO A DECADE OF ISOLATION, HALF OF IT UNLAWFUL, YET THE AUSA IMPLIES THAT A BROKEN FINGER WOULD BE WORSE THAN THE LOSS OF DOZENS OF I.Q. POINTS AND A <u>PHYSIOLOGICAL</u> EXAMINATION OF HIS MALFUNCTIONING BRAIN CHEMISTRY WOULD REFUTE THIS.

3. THE PLAINTIFF'S ALLEGATIONS STATE VIOLATIONS OF CLEARLY ESTABLISHED LAW, PERHAPS MOST SIGNIFICANTLY <u>WILKINSON V. AUSTIN</u>, 162 L.Ed 2d AT 188, AND INCLUDE ALLEGATIONS OF THE USE OF <u>EXCESSIVE</u> PHYSICAL AND PSYCHOLOGICAL FORCE, AND THUS ATTEMPTS TO INVOKE QUALIFIED IMMUNITY WILL BE UNAVAILING.

4. THE AUSA IS DISINGENUOUS IN TRYING TO USE <u>TECHNICALITIES</u> TO DERAIL

—3—

this action, rather than addressing its merits, then insisting that it is "too soon" to prevent his clients from destroying evidence, that nothing should move forward until he makes immunity arguments that he knows to be meritless (while NOT making such arguments), and by pretending that the method of payment in this action is a "jurisdiction" issue.

5. Plaintiff has probably paid half of the filing fee already, through PLRA billing of his account, and even if forced, unfairly, to pay the rest up front, will borrow it from somewhere and this render the AUSA's technicality-mongering superfluous.

Wherefor, in the interests of justice, the court should issue a subpoena demanding the relevant evidence be turned over to the court for safekeeping, and instruct the AUSA to either withdraw his claim that brain damage does not "physical injury" under the PLRA

OR LET THE MATTER BE SUBMITTED TO A PROFESSIONAL. PLAINTIFF IS SUFFERING <u>IRREPARABLE</u> DAMAGE TO HIS BRAIN, HIS EYES, AND HIS EARS DUE TO UNLAWFUL SOLITARY CONFINEMENT WITHOUT DUE PROCESS OR END, AND THUS ALL FURTHER TECHNICALITY-MONGERING SHOULD NOT BE COUNTENANCED BY THE COURT. WE ALL KNOW THE AUSA IS SIMPLY GOING TO FILE A FRIVOLOUS QUALIFIED IMMUNITY MOTION, THEN PURSUE IT WITH A FRIVOLOUS APPEAL, ONLY TO DELAY ADDRESSING THE MERITS OF THIS CASE WHILE PLAINTIFF CONTINUES TO DETERIORATE, AND SO THE COURT SHOULD PUT AN END TO ALL NON-OBLIGATORY OBSTRUCTION OF JUSTICE.

DATED: 1/23/07

RESPECTFULLY SUBMITTED,

*[signature]* Georgacarakos

PETER N. GEORGACARAKOS

## CERTIFICATE OF SERVICE

I, PETER GEORGACARAKOS, HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING ON JOHN F. HENAULT, AUSA, 555 4th STREET, N.W., WASHINGTON, D.C. 20530.

1/23/07

_____
PETER N. GEORGACARAKOS