U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

GEORGACARAKOS

v.

WATTS, et al.

CIV. NO. 061022 (JR)

PLAINTIFF'S SECOND MOTION FOR COURT TO ACKNOWLEDGE IMMINENT THREAT OF SERIOUS PHYSICAL INJURY BY DEFENDANTS

Comes now Peter Georga-Carakos, pro se, and hereby moves this court for the second time to recognize the imminent threat of serious physical harm to his person due to the unlawful conduct of defendants challenged by this civil action.

BACKGROUND

On January 1, 2007, in response to the AUSA's legerdemain regarding plaintiff's conditions of confinement, the plaintiff prepared his first motion asking the court to recognize the imminent threat

CAUSED BY DEFENDANTS' INCESSANT UNLAWFULNESS. IN THIS MOTION, PLAINTIFF EXPLAINED TO THE COURT THAT THE ONLY REASON HE IS NOT ASSAULTED BY STAFF ON A WEEKLY BASIS IS HIS RESTRAINT IN THE FACE OF COUNTLESS CONSTITUTIONAL VIOLATIONS PERPETRATED BY DEFENDANTS.

IN HIS FIRST MOTION, THE PLAINTIFF FURTHER ASSERTED THAT, IN ORDER TO SATISFY AUSA HENAULT'S BLOOD-LUST, HE WOULD CEASE PASSIVELY ACCEPTING VIOLATIONS OF WELL ESTABLISHED AND FUNDAMENTAL RIGHTS, CAUSING A FORMAL DISCIPLINARY PROCESS IN EACH INSTANCE FOR THE PURPOSE OF GENERATING THE PHYSICAL HARM AUSA HENAULT DESIRES WHILE SIMULTANEOUSLY REVEALING TO THE COURT THE NATURE OF DEFENDANTS' CONDUCT AND ITS IMPLICATIONS.

IRONICALLY, THE FIRST INCIDENT CAME THAT VERY DAY, WHEN THE PLAINTIFF'S COUNSELOR, NAMED IN THE SUPPLEMENTAL PLEADING, AGAIN REFUSED TO MAKE COPIES OF THIS MOTION—WHICH IS PROCEDURE FOR WHICH PLAINTIFF PAYS—SO THAT SERVICE COULD BE MADE AND A COPY MAINTAINED IN THE

PLAINTIFF'S FILE, 28 C.F.R. 543.11(g) STATES IN RELEVANT PART THAT "THE INSTITUTION STAFF <u>SHALL</u>, UPON AN INMATES REQUEST AND AT TIMES SCHEDULED BY STAFF, DUPLICATE LEGAL DOCUMENTS IF THE INMATE DEMONSTRATES THAT MORE THAN ONE COPY MUST BE SUBMITTED TO THE COURT AND THE DUPLICATION CANNOT BE ACCOMPLISHED BY USE OF CARBON PAPER." (<u>EMPHASIS ADDED</u>) THIS REGULATION WAS RECENTLY ACKNOWLEDGED IN ADMINISTRATIVE REMEDY PROCESS PLAINTIFF ENGAGED IN ORDER TO STOP MADISON FROM CONTINUING TO OBSTRUCT HIS ACCESS TO THE COURT, BP-229 RESPONSE # 439315-F1."

PLAINTIFF HAD PREVIOUSLY ASKED COUNSELOR MADISON TO GIVE HIM PAPER SUFFICIENT TO MAKE COPIES WITH CARBON PAPER, BECAUSE UNIT STAFF LIMIT HIM TO 20-30 SHEETS PER WEEK AND DO NOT SELL IT IN COMMISSARY. MADISON REFUSED TO GIVE PLAINTIFF THIS PAPER AND TOLD HIM TO SEND A COMPLAINT TO THE INSTITUTION COUNSEL IF HE WAS "DISSATISFIED" WITH THE AMOUNT OF PAPER HE IS ALLOWED, WHICH HE DID WITH

NO RESULT.

PLAINTIFF THUS WROTE THE MOTION SINGULARLY, AND IN FACT EVEN HAD TO USE SCRAP PAPER TO COMPLETE IT. HE THEN PRESENTED SAME TO THE COUNSELOR AND ASKED HIM TO MAKE 2 COPIES, THE COST OF WHICH WOULD BE CHARGED TO PLAINTIFF'S ACCOUNT. MADISON REFUSED TO MAKE COPIES, RESPONDING TO PLAINTIFF'S EXPLANATION THAT HE, MADISON, HAD BEEN ASKED TO PROVIDE SUFFICIENT PAPER BUT HAD REFUSED TO DO SO, WITH THE STATEMENT "THAT'S NOT MY PROBLEM." PLAINTIFF ADVISED MADISON THAT HE HAD TO SERVE A COPY ON THE GOVERNMENT, AND MADISON REPLIED "I DON'T KNOW WHAT TO TELL YOU" AND WALKED AWAY. AT THAT TIME, PLAINTIFF VERBALLY ABUSED THE COUNSELOR IN ORDER TO GENERATE AN INCIDENT REPORT TO DOCUMENT THE VIOLATION AND TO FORCE STAFF TO EITHER COMPELL MADISON TO COMPLY WITH THE LAW OR TO USE FORCE AGAINST GEORGACARAKOS TO ENFORCE HIS (MADISON'S) UNLAWFULNESS.

PLAINTIFF WROTE A SPECIAL

"CERTIFICATE OF SERVICE" FOR HIS MOTION, ASKING THE COURT TO MAKE SERVICE ON AUSA HENAULT, WHICH IT DID (AS INDICATED IN HIS OPPOSITION TO THE MOTION FOR SUBPOENA AND EXAMINATION.) AS EXPECTED, MADISON WROTE AN "INCIDENT REPORT" CHARGING PLAINTIFF WITH "THREATENING" INTER ALIA, AND PLAINTIFF INTENDED TO USE HIS RIGHTS IN THIS PROCESS — TO A STAFF REPRESENTATIVE AND A WITNESS — TO DOCUMENT THE FACT THAT HE HAD VERBALLY ABUSED THE COUNSELOR FOR UNLAWFUL CONDUCT.

PERHAPS REALIZING THIS STRATEGY, DEFENDANTS MADISON AND COLLINS SIMPLY SKIPPED THE SECOND PHASE OF DISCIPLINARY PROCEDURE, THE "UNIT DISCIPLINARY COMMITTEE" INDICATING ON THE STANDARD FORMS THAT PLAINTIFF WAIVED HIS RIGHTS TO A STAFF REPRESENTATIVE AND WITNESS. IN THE PLACE PLAINTIFF WAS SUPPOSED TO SIGN TO VERIFY UDC ACTION, DEFENDANTS WROTE "DECLINED TO SIGN." PLAINTIFF FILED AN ADMINISTRATIVE REMEDY #440661-F1, BUT MADISON AND COLLINS SIMPLY REFUSED TO ANSWER IT. PLAINTIFF SUBMITTED

this form 3 times and 3 times the defendants refused to process it. Plaintiff thus filed it to the next level, in accordance with the CFR, but defendant Wiley refused to process it because it had not been answered on the lower level.

Plaintiff was subsequently brought before the "Disciplinary Hearing Officer" (DHO), where he explained that he had been deprived of his UDC and needed a staff representative and a witness. The DHO expressed his desire to move forward with the hearing. Nevertheless, the plaintiff objected, and was then returned to his cell. A hearing held without him, with a finding of guilt and maximum sanctions given. When staff came to escort the plaintiff to the Special Housing Unit (SHU), "the hole," plaintiff explained that he had been deprived of his due process rights and would not comply.

Staff sent a five-man "response team," dressed in body armor and helmets, into plaintiff's

CELL TO PUMMEL HIM INTO SUBMISSION, AT WHICH TIME HE WAS PLACED IN RESTRAINTS, BROUGHT TO SHU, AND LEFT IN RESTRAINTS FOR 20 HOURS — IN VIOLATION OF 28 CFR REGULATIONS AND RELEVANT PROGRAM STATEMENTS (P.S. 5566.06(b)(d),(f),(h)(1).) PLAINTIFF WAS NOT "SERIOUSLY" INJURED, BUT SUFFERED NUMEROUS BRUISES AND ABRASIONS, A HERNIATED GROIN MUSCLE, AND THE RE-INJURY OF HIS BACK, WHICH WAS INJURED LAST AUGUST WHEN HE WAS GASSED, SHOT, TACKLED AND POUNCED UPON AFTER SUBMITTING, AND FOUR-POINTED TO A RACK FOR 48 HOURS.

PLAINTIFF WAS SUBSEQUENTLY CHARGED WITH "ASSAULTING" STAFF EVEN THOUGH HE IS ON VIDEO TAPE DOING NOTHING BUT RESISTING ATTACK WITHOUT THE SLIGHTEST AGGRESSIVE MOTION, AND THE DUE PROCESS OF THIS INCIDENT REPORT IS ALREADY BEING VIOLATED. THUS PLAINTIFF WILL AGAIN EXERCISE HIS FIRST AND FIFTH AMENDMENT RIGHTS TO OPPOSE UNLAWFUL ORDERS AND CONDUCT AGAINST HIS PERSON, AND HE WILL (SOON) AGAIN

BE ASSAULTED BY AN ARMORED RIOT SQUAD AND "CHAINED TO THE WHIPPING POST."

## ARGUMENT

THE PLAINTIFF AVERS THAT WHEREAS HE IS UNLAWFULLY BEING KEPT AT THE ADX, AND BEING ROUTINELY SUBJECTED TO VARIOUS CONSTITUTIONAL VIOLATIONS THEREIN, HE HAS A RIGHT TO ENGAGE IN NON-VIOLENT RESISTANCE TO VIOLATIONS OF HIS PERSON AND PROPERTY, SHIFTING PRIMARY ONUS FOR THE RESULTING "IMMINENT THREAT OF PHYSICAL INJURY" ONTO THE DEFENDANTS. SINCE AUGUST 2006 ALONE, PLAINTIFF HAS BEEN ASSAULTED BY RIOT SQUADS TWICE, LEFT IN RESTRAINTS EXPONENTIALLY LONGER THAN THE CFR ALLOWS, AND PLACED IN "THE HOLE" WHERE HIS BRAIN-CHEMISTRY ANOMALIES ARE AGGRAVATED BY THE LACK OF THE ONLY COGNITIVE STIMULATION POSSIBLE AT THE ADX BESIDES READING: RADIO, EDUCATIONAL VIDEOS ON THE CLOSED CIRCUIT SYSTEM, AND TELEVISION.

AS PLAINTIFF EXPLAINED IN HIS FIRST MOTION OF THIS NATURE, HE IS

FINISHED PASSIVELY COMPLYING WITH THE UNLAWFUL CONDUCT OF DEFENDANTS. FROM JANUARY 1ST FORWARD, EVERY CONSTITUTIONAL VIOLATION WILL HAVE TO BE IMPLEMENTED WITH FORCE. SOONER OR LATER, IRREPARABLE INJURY OR EVEN DEATH WILL RESULT FROM DEFENDANTS' DECISION TO ENFORCE UNLAWFULNESS WITH FORCE (AND <u>EXCESSIVE FORCE</u>) RATHER THAN ATTAIN EQUITABLE COOPERATION BY OBEYING THE LAW, AND AUSA HENAULT'S EICHMANNLIKE WILLINGNESS TO FURTHER THIS AGENDA.

## CONCLUSION

BASED ON THE FACTS — ALL VERIFIABLE BY AUSA HENAULT OR THE COURT FROM THE DEFENDANTS' OWN FILES — SET FORTH IN THIS AND THE PREVIOUS MOTION TO ACKNOWLEDGE IMMINENT THREAT OF SERIOUS PHYSICAL INJURY, PLAINTIFF ASSERTS THAT THE UNLAWFULNESS ALLEGED IN THE AMENDED COMPLAINT AND SUPPLEMENTAL COMPLAINT JUSTIFY A FINDING THAT HE HAS BEEN AND REMAINS IN IMMINENT DANGER

through no legal fault of his own, and thus that the motion to stay proceedings should be denied and defendants ordered respond to the complaint, soon to be a year old.

WHEREFORE, this court is respectfully implored to grant this and all previous motions by plaintiff and grant such other preliminary relief as is just.

DATE: 2/5/07

RESPECTFULLY SUBMITTED,

_[signature]_
PETER N. GEORGACARAKOS

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing to John Henault, AUSA, 555 4th St, N.W., Washington, D.C., 20530.

DATE: 2/5/07

_[signature]_
PETER N. GEORGACARAKOS