UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER N. GEORGACARAKOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-1022 (JR) |
| | ) |
| HARRELL WATTS, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff is a federal inmate proceeding *pro se*. He filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 404 U.S. 388 (1971), alleging that employees of the Bureau of Prisons ("BOP") have violated his constitutional rights. Defendants have filed a motion to stay the proceedings pending plaintiff's payment of the filing fee under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.

I. DISCUSSION

This Court previously granted plaintiff's motion to proceed *in forma pauperis*. Under the Court's order, plaintiff is only required to pay a partial filing fee and remit the balance in monthly installments. *See* 28 U.S.C. § 1915(b). However, an inmate filing a civil action in federal court may not proceed *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  A defendant bears the burden of producing sufficient evidence to establish that a plaintiff is barred under § 1915(g).  *Andrews v. King*, 398 F.3d 1113, 1116 (9th Cir. 2005).

In support of their motion, defendants have submitted a judicial decision and two docket sheets from the Court of Appeals for the Tenth Circuit, the District Court of Colorado, and the District of Maine.  *See* Defts.' Exhibits 1-3.  Two of the cases were dismissed for failure to exhaust administrative remedies.  *Id.*, Exhibits 1, 2.  Defendants argue that a dismissal based on failure to exhaust is the equivalent of a dismissal based on failure to state a claim for purposes of the PLRA.

There is a split of authority in the Courts of Appeals on the question of whether failure to exhaust constitutes a "strike" under the PLRA.  Four circuits have found a dismissal on exhaustion grounds counts as a strike, *see Smith v. Cameron*, No. 06-3272, 2006 WL 3616720, at *2 (10th Cir. Dec. 13, 2006); *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir 1998); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 460 (5th Cir. 1998), and two circuits to the contrary, *see Tafari v. Hues*, 473 F.3d 440, 443 (2d Cir. 2007); *Green v. Young*, 454 F.3d 405, 410 (4th Cir. 2006).  These cases were all decided prior to the Supreme Court's decision in *Jones v. Bock*, 127 S. Ct. 910 (2007).  In that case, the Court held that the failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to plead or demonstrate exhaustion in their complaints. *Id.* at 921.  The Court also stated that exhaustion is not subsumed under the "failure to state a claim" language of § 1915(g).  Only if the complaint's allegations, taken as true, show that relief is barred for failure to exhaust, is the case subject to dismissal for failure to state a claim.  *Id.*

Since it is not possible to discern from defendants' documentary evidence whether the two cases dismissed for failure to exhaust were based on the lack of pleading an affirmative defense, or for some other reason, defendants cannot rely on them as strikes under the PLRA. Consequently, the motion for stay will be denied.

Plaintiff has also filed several motions. First, he moves for an order compelling a physical and mental exam so that he can demonstrate a "serious physical injury," under the PLRA. Given the Court's ruling on the motion to stay, this issue is moot. In addition, plaintiff seeks a subpoena directing that BOP to maintain his files, that the BOP comply with the PLRA, and that it photocopy his documents. Absent evidence to the contrary, which plaintiff has not provided, the Court will assume BOP is complying with all relevant regulations. Accordingly, it is

**ORDERED** that defendants' motion to stay [19] is DENIED. It is

**FURTHER ORDERED** that plaintiff's motions [25][26][29][30][31][32][34] are **DENIED**.

JAMES ROBERTSON
United States District Judge