## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER N. GEORGACARAKOS,      )
                                    )
                      Plaintiff,      )
                                    )    No. 06-1022 (JR)
                     v.              )
                                    )
HARRELL WATTS, et al.,         )
                                    )
                  Defendants.    )
_____)

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(4), all

defendants, in their official capacity only, respectfully request that the Court dismiss plaintiff's

claims for lack of personal jurisdiction, improper venue, and insufficiency of process. A

memorandum of law is attached in support of this motion. Additionally, a proposed order is

attached hereto.

March 12, 2007                    Respectfully submitted,


                                                 /s/
                            JEFFREY A. TAYLOR, D.C. Bar # 498610
                            United States Attorney


                                             /s/
                            RUDOLPH CONTRERAS, DC BAR #434122
                            Assistant United States Attorney


                                           /s/
                            JOHN F. HENAULT, D.C. Bar # 472590
                            Assistant United States Attorney
                            555 4th Street, N.W.
                            Washington, DC 20530
                            (202) 307-1249
                            (202) 514-8780 (facsimile)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETER N. GEORGACARAKOS,               )
                                      )
             Plaintiff,        )
                                      )   No. 06-1022 (JR)
             v.                )
                                      )
HARRELL WATTS, et al.,                )
                                      )
             Defendants.       )
_____)

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The only thing clear about plaintiff's complaint is that it fails to state a proper claim against the federal defendants in their official or individual capacity and, for those claims that the complaint could possibly state a claim against the defendants in their individual capacity, plaintiff does so in the wrong jurisdiction. Accordingly, for the reasons set forth below, this Court should dismiss plaintiff's claims in their entirety or, in the alternative, transfer this action to the District of Colorado, the district in which the events plaintiff appears to complain about occurred and the district in which plaintiff is located.

## Statement of the Case

Peter Georgarakos("Plaintiff"), Register Number 03029-036, is an inmate currently incarcerated at the United States Penitentiary ADMAX Florence, Colorado. Plaintiff filed this suit under 28 U.S.C. § 1331 as a Bivens claim against nine defendants, who are current employees of the Federal Bureau of Prisons.[1] Am. Compl. p.5.[2] Plaintiff appears to allege

_____

[1] The specific defendants are Harrell Watts, the National Inmate Appeals Coordinator, Michael Nalley, the Regional BOP Director for the North Central Region, Kansas City, Kansas, R. Wiley, who plaintiff identifies as the Warden of the U.S. Penitentiary Florence ADMAX, located in Florence, Colorado, G.L. Herschberger, who plaintiff identifies as the former Regional Director for the North Central Region, Robert Hood, who plaintiff identifies as the Warden of

religious discrimination because he was falsely classified as a "white supremacist." Am. Compl. p.6.  Plaintiff also appears to allege violations of his First Amendment rights because certain defendants allegedly obstructed his ability to research and prepare manuscripts.  Am. Compl. p.6.  Additionally, plaintiff alleges that defendants changed the security classification of the entire Florence ADMAX to intentionally keep him from being transferred to a lower security institution, and allegedly added time to his isolation time without due process.  Am. Compl. pp. 6-7.  Plaintiff also appears to allege that prison officials have kept him in isolation for years, despite his tendencies towards "biological depression," and that he is forced to take antidepressants to sleep and to keep from committing suicide.  Am. Compl. p.7.  Finally, it appears that plaintiff alleges that certain of his property, namely manuscripts, has been destroyed by defendants.  Am. Compl. P.8.  As damages, plaintiff seeks injunctive and declaratory relief and nominal and punitive damages.  Am. Compl. p.26.

## ARGUMENT

I.    **This Court Lacks Personal Jurisdiction Over the Defendants**

The Court should dismiss plaintiff's Bivens claims against all named defendants, all non-residents of the District of Columbia, for lack of personal jurisdiction.  Because Bivens suits are brought against government officials in their individual, rather than official capacities, personal

---

the U.S. Penitentiary Florence ADMAX, located in Florence, Colorado, an Inmate Systems Manager of the Florence ADMAX named Heim, a Receiving & Delivery Supervor of the Florence ADMAX named Javernick, and an Inmate Systems Officer of the Florence ADMAX named R. Martinez.

[2]  For ease of reference, defendants shall reference the page numbers printed on the amended complaint by the Court's ECF system, as the numbers placed on the pages by plaintiff appear to be repetitive.

jurisdiction over the individual defendants is required to maintain a <u>Bivens</u> claim.  <u>See</u>

<u>Robertson v. Merola</u>, 895 F. Supp. 1, 3 (D.D.C. 1995); <u>Deutsch v. U.S. Dept. of Justice</u>, 881 F.

Supp. 49, 52 (D.D.C. 1995), <u>aff'd</u>, 93 F.3d 986 (D.C. Cir. 1996).  For the United States District

Court for the District of Columbia to have personal jurisdiction over a nonresident defendant,

jurisdiction must be proper under both the District of Columbia long-arm statute and consistent

with the constitutional requirements of due process.  <u>See</u> <u>GTE New Media Servs. Inc. v.</u>

<u>BellSouth Corp.</u>, 199 F.3d 1343, 1347 (D.C. Cir. 2000); <u>United States v. Ferrara</u>, 54 F.3d 825,

828 (D.C. Cir. 1995); <u>Crane v. Carr</u>, 814 F.2d 758, 762 (D.C. Cir. 1987).  The District of

Columbia's long-arm statute, D.C. Code section 13-423, provides in relevant part:

> (a) A District of Columbia court may exercise personal jurisdiction over a person, who
> acts directly or by an agent, as to a claim for relief arising from the person's–
>> (1) transacting any business in the District of Columbia;
>> (2) contracting to supply services in the District of Columbia;
>> (3) causing tortious injury in the District of Columbia by an act or omission in the
>> District of Columbia;
>> (4) causing tortious injury in the District of Columbia by an act or omission outside
>> the District of Columbia if he regularly does or solicits business, engages in any
>> other persistent course of conduct, or derives substantial revenue from goods used
>> or consumed, or services rendered, in the District of
>> Columbia;
>> (5) having an interest in, using, or possessing real property in the District of
>> Columbia;
>> (6) contracting to insure or act as surety ...; or
>> (7) marital or parent and child relationship ...
> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief
> arising from acts enumerated in this section may be asserted
> against him.

D.C. Code § 13-423.

If the terms of the long-arm statute are satisfied, a plaintiff must then show that the exercise

of personal jurisdiction is within the bounds of the Due Process Clause.  <u>See</u> <u>GTE New Media</u>

<u>Servs. Inc.</u>, 199 F.3d at 1347.  A plaintiff must show "minimum contacts" between the defendant

and the forum so as to establish that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  See id.; Wiggins v. Equifax Inc., 853 F. Supp. 500, 502 (D.D.C. 1994).  Under the "minimum contacts" standard, courts must find that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being hauled into court there."  GTE New Media Servs. Inc., 199 F.3d at 1347 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).  Plaintiff bears the burden of pleading the facts necessary to substantiate personal jurisdiction in this Court.  See Crane v. New York Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990); Novak-Canzeri v. Saud, 864 F. Supp. 203, 205 (D.D.C. 1994).

In this case, plaintiff fails to meet his burden of establishing proper in personam jurisdiction in the United States District Court for the District of Columbia.  All of the named defendants live outside of the District of Columbia, and all except for one work outside the District of Columbia.[3]  See n.1, supra.  Furthermore, plaintiff alleges no facts in his complaint to establish that the plaintiff suffered any injury in the District of Columbia.  In fact, plaintiff himself acknowledges that the alleged injuries about which he complains occurred at the U.S. Penitentiary in Florence, Colorado.  Therefore, the Court lacks personal jurisdiction over all of the named defendants under the District's long-arm statute except for Mr. Watts and, as explained previously

---

[3]  The only defendant who works in the District of Columbia is Harrell Watts.  Although Mr. Watts works at BOP Headquarters within DC, he resides outside of the jurisdiction.  However, plaintiff alleges no specific involvement in the actions giving rise to the claim by Mr. Watts, and Bivens liability is inappropriate under a theory of respondeat superior.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Cameron v. Thornburgh, 983 F.2d 253, 258 (D.C. Cir. 1993); Meyer v. Reno, 911 F. Supp. 11, 15 (D.D.C. 1996).  See also Harrison v. Lappin, No. 04-681(JR),  2005 WL 752189, *4 (D.D.C. Mar. 31, 2005) ("The mere fact that [Harrell Watts] supervises other BOP staff who may have addressed plaintiff's inmate grievances is not a sufficient basis to hold Watts liable for their alleged unconstitutional action.")

liability of Mr. Watts is not appropriate in this case. <u>See, e.g.</u>, <u>Meyer v. Reno</u>, 911 F. Supp. 11, 14 (D.D.C. 1996) (determining that the court could not exercise jurisdiction over a BOP employee who worked at FCI Memphis where he was not alleged to conduct any business or to supply services in the District of Columbia and where plaintiff did not allege any injury in the District of Columbia); <u>Deutsch</u>, 881 F. Supp. at 52 (finding no personal jurisdiction over BOP defendants working in New York and Pennsylvania where plaintiff did not allege that defendants conducted business or contracted for services in the District of Columbia or that he suffered an injury in the District of Columbia).

Furthermore, plaintiff has failed to allege facts showing that the exercise of personal jurisdiction over the defendants in this case would satisfy due process requirements.  In fact, other than Mr. Watts, plaintiff does not establish any connection between the defendants and the District of Columbia in his complaint, other then the fact that defendants work for the umbrella organization of the Federal Bureau of Prisons, which is situated in the District of Columbia. Simply working for a federal agency that maintains its headquarters in the District of Columbia is not sufficient to establish personal jurisdiction.  <u>See</u> <u>Stafford v. Briggs</u>, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity).  Consequently, the Court should dismiss all claims against the personally named defendants other than Mr. Watts for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II.    Plaintiff has not Effected Service on the Individual Defendants

None of the individual defendants in this action were properly served with the complaint in accordance with the rules applicable to individual defendants.  <u>Simpkins v. District of Columbia</u>

5

Government, 108 F.3d 366, 369 (D.C. Cir. 1997). It is well established that, in an action against a federal employee in his or her individual capacity, the individually-sued defendant must be served with process in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Id. Rule 4(e) provides that service is effectuated by complying with the laws of the state for such in which the district court is located by delivering a copy of the summons and complaint to the defendant (or his appointed agent) personally, or by leaving copies thereof at the defendant dwelling house or usual place of abode with some person of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e). SCR-Civil 4(e)(2) allows for service upon individuals by first class, certified or registered mail. Actual notice will not, of course, substitute for technically proper service under Rule 4 and will not permit the Court to render a personal judgment against an individually-sued defendant. Sieg v. Karnes, 693 F.2d 803 (8th Cir. 1982); See also Stafford v. Briggs, 444 U.S. 527 (1980).

In this case, it appears that plaintiff attempted to serve the defendants by sending the complaint to their place of employment. Service at the defendants' place of employment is not, however, proper service. Because the record in this action is devoid of any evidence of proper personal service upon the federal defendants in their individual capacities, this action cannot proceed against them individually and all claims against the defendants in their individual capacity should be dismissed.

The District Court will lack jurisdiction over the federal officials, until all of the provisions of Rule 4(i)(1) and (2) are met. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin, 845 F.2d 113, 116 (6th Cir. 1988); Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982). It is the plaintiff in a civil action who has the burden of establishing the validity of service of process. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993);

Lensel Lopez v. Cordero, 659 F. Supp. 889, 890 (P.R. 1987). Therefore, if that cannot be demonstrated, this case should be dismissed based upon insufficiency of service of process under Rule 12(b)(5). Accordingly, claims against the individual defendants should be dismissed.

## III.     Bivens Venue is Improper in the District of Columbia

Plaintiff's Bivens claims against each individual defendant must also be dismissed pursuant to Rule 12(b)(3) for improper venue. Venue in Bivens cases is governed by 28 U.S.C. § 1391(b). See Stafford , 444 U.S. at 544 (1980); Cameron, 983 F.2d at 257; Pollack v. Meese, 737 F. Supp. 663, 665 (D.D.C. 1990). Under section 1391(b), a Bivens cause of action may be brought only in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b).

In the instant case, venue is not proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391(b) because the individually named defendants do not reside in the District of Columbia and all of the alleged events or omissions giving rise to plaintiff's claims took place in Colorado, not in the District of Columbia.[4] Because venue is improper, the Court should dismiss plaintiff's Bivens claims under Federal Rule of Civil Procedure 12(b)(3).[5]

---

[4] Again, although plaintiff names Harrell Watts as a defendant, and Mr. Watts does in fact work in this District, this Court has previously held that Mr. Watts is not a proper defendant in a situation such as this. See Harrison v. Lappin, No. 04-681(JR), 2005 WL 752189, *4 (D.D.C. Mar. 31, 2005) ("The mere fact that [Harrell Watts] supervises other BOP staff who may have addressed plaintiff's inmate grievances is not a sufficient basis to hold Watts liable for their alleged unconstitutional action.")

[5] Even were there proper service, personal jurisdiction and venue in the District of Columbia, the individual defendants would be protected by qualified immunity. None of the

**IV.    Any Claim Not Dismissed Should be Transferred to Colorado**

Alternatively, should this Court decide not to dismiss Plaintiff's claim outright, this case

should be transferred to the ***only*** jurisdiction that is proper, to the District of Colorado.  Pursuant to

28 U.S.C. § 1404(a), "For the convenience of the parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have

been brought."  The United States Court of Appeals for the District of Columbia has held that

cases such as this one should be transferred to the judicial district where the prisoner is

incarcerated, pursuant to §1404(a):  "Many, if indeed not most, petitions filed by prisoners not

confined in the District of Columbia and not sentenced here originally, will tend to involve factors

that make transfer to the place of incarceration appropriate." Starnes v. McGuire, 512 F.2d 918,

926 (D.C. Cir. 1974) (en banc).  In fact, where the records and witnesses for the case are located

near the prison and there is no issue of national importance raised by the complaint, "transfer of

the complaint to the district of the plaintiff's incarceration is indicated." Id. at 933; See also

Lincoln v. Bureau of Prisons, Civ. No. 96-2325, at 2 (D.D.C. May 2, 1997) ("This Circuit

discourages 'carpetbagging' by prisoners who are incarcerated elsewhere.")

In deciding whether to transfer a case to a more convenient forum, the court may consider:

(1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the

defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the

convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but

only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6)

---

conduct alleged states a violation of a right that is clearly established in a prison setting.  E.g.,
Harlow v. Fitzgerald, 457 U.S. 800 (1984).

the ease of access to sources of proof. <u>Airport Working Group of Orange County, Inc. v. United States DOD</u>, 226 F. Supp. 2d 227 (D.D.C. 2002) (hereinafter <u>AWG</u>).

Though a plaintiff's choice of forum is entitled to deference, a plaintiff's choice receives less weight where the operative facts occurred in another forum and the plaintiff does not reside in the chosen forum. <u>AWG</u>, 226 F. Supp. 2d at 230 (and cases cited therein). <u>See also</u> <u>Weber v. Basic Comfort</u>, 155 F. Supp. 2d 283 (E.D. Pa. 2001). That is quite clearly the case here. As plaintiff's complaint demonstrates, all of his claims originated in Colorado. The interests of justice, judicial economy, and the convenience of the witnesses dictate that plaintiff's claim should be litigated in Colorado, where plaintiff is incarcerated, where the causes of action arose, and where all decisions affecting plaintiff were made and implemented. Thus, for the convenience of the parties, and in the interest of judicial economy, plaintiff's claim should be transferred to the Colorado pursuant to 28 U.S.C. § 1404(a).

<u>CONCLUSION</u>

For reasons stated herein, this action should be dismissed. Any claims not dismissed should be transferred to Colorado where venue is proper for the plaintiff.

March 12, 2007                          Respectfully submitted,

                                        _____/s/_____
                                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                                        United States Attorney

                                        _____/s/_____
                                        RUDOLPH CONTRERAS, DC BAR #434122
                                        Assistant United States Attorney

                                        _____/s/_____
                                        JOHN F. HENAULT, D.C. Bar # 472590
                                        Assistant United States Attorney
                                        555 Fourth Street, N.W. - Civil Division
                                        Washington, D.C.  20530
                                        (202) 307-1249
                                        (202) 514-8780 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2007, I caused the foregoing to be served on plaintiff via

first class United States Mail:

PETER N. GEORGACARAKOS
# 03029-036
Florence ADMAX
US Penitentiary
PO Box 8500
Florence, CO 81226-8500

                              /s/
                              JOHN F. HENAULT
                              Assistant United States Attorney

11