UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER N. GEORGACARAKOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06-1022 (JR) |
| v. ) | |
| ) | |
| HARRELL WATTS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants, in their official capacities only, respectfully file this reply in support of their motion to dismiss plaintiff's complaint for lack of personal jurisdiction, improper venue, and insufficiency of process.

### ARGUMENT

**I.  IT IS CLEAR THAT THIS COURT LACKS JURISDICTION OVER ALL DEFENDANTS EXCEPT DEFENDANT WATTS**

It is well accepted that in a Bivens[1] action, the court must have personal jurisdiction over all defendants. See Robertson v. Merola, 895 F. Supp. 1, 3 (D.D.C. 1995); Deutsch v. U.S. Dept. of Justice, 881 F. Supp. 49, 52 (D.D.C. 1995), aff'd, 93 F.3d 986 (D.C. Cir. 1996).  In response to defendants' argument on this point, plaintiff asserts that he is entitled to file his action in any jurisdiction in which any defendant resides, as long as all defendants do not reside in the same state.  See Pltf's Opp. p.2.  Plaintiff's argument has absolutely no bearing on the issue of whether or not this Court has personal jurisdiction over the named defendants.  As explained in

---

[1] Plaintiff has brought this case pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) against the named defendants in their individual capacities.

defendant's motion to dismiss, none of the defendants reside in this judicial district and only one defendant, Harrell Watts, the BOP National Inmate Appeals Coordinator, works in this judicial district.  See Defs' Motion p.1 n.1, p.5 n.3.  In summary, establishing personal jurisdiction over the named defendants is a burden that plaintiff must meet – he has not done so.  Nor can he, as all but one of the defendants have no minimum contacts with the District of Columbia.  Accordingly, this Court should dismiss plaintiff's Bivens claims against all named defendants for lack of personal jurisdiction.[2]

## II.  DEFENDANTS HAVE NOT BEEN SERVED IN THEIR INDIVIDUAL CAPACITIES

There is no doubt that for this Court to have jurisdiction over the individual defendants, they must, among other things, be properly served.  There is also no doubt that service on the individual defendants in their individual capacities has not been accomplished.  Plaintiff implies that the failure to serve the individual defendants in that capacity should somehow be excused because undersigned counsel has not provided him with the home addresses of these witnesses.  Plaintiff is mistaken.

"The party on whose behalf service is made has the burden of establishing its validity and must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of Civil Procedure."  Paolone v. Mueller, No. 05-2300(JDB), 2006 WL 2346448, *2 (D.D.C. Aug.,

---

[2] Although it is technically possible for this Court to obtain personal jurisdiction over defendant Watts because he works in this district, defendant Watts has not been personally served with the complaint in this matter and, as this Court has held previously, entertaining a Bivens action against defendant Watts based upon his work as the Inmate Appeals Coordinator is not proper.  See Harrison v. Lappin, No. 04-681(JR), 2005 WL 752189, *4 (D.D.C. Mar. 31, 2005) ("The mere fact that [Harrell Watts] supervises other BOP staff who may have addressed plaintiff's inmate grievances is not a sufficient basis to hold Watts liable for their alleged unconstitutional action.")

11, 2006) (citing Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987)).  Neither the District Court nor the opposing party have an obligation to provide plaintiff with the information necessary to effectuate service; plaintiff himself must comply with the Federal Rules.  Paolone, 2006 WL 2346448, *2.  Moreover, the failure to effect individual service is fatal to a Bivens claim.  Freeman v. Fallin, 210 F.R.D. 255, 256 (D.D.C.2002); Pollack v. Meese, 737 F. Supp. 663, 666 (D.D.C. 1990).

In this matter, plaintiff has not provided the information necessary to effectuate service to the Court and is not likely to do so.  Thus, this Court should dismiss plaintiff's claims for failure to properly serve the defendants.

### III.   VENUE IN THE DISTRICT OF COLUMBIA IS IMPROPER

Under 28 U.S.C. § 1391(b), a Bivens cause of action may be brought only in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought.  See 28 U.S.C. § 1391(b).  Plaintiff's opposition asserts that venue is in this district is appropriate pursuant to § 1391(b)(3).  This assertion, however, ignores the plain-language limitation imposed by that provision.

Venue in a district where any defendant may be found is *only* proper if there is no other district in which the action may be brought.  This is not the case here.  Plaintiff's complaint alleges constitutional violations relating to his confinement in Colorado.  Thus, it is clear that "a substantial part of the events or omissions which give rise to the claim occurred" in Colorado.

In light of the undisputed fact that venue is improper in this jurisdiction, this Court should dismiss plaintiff's claims. Or, in the alternative, the Court should transfer this case to the District of Colorado.

## **CONCLUSION**

For the reasons set forth herein, as well as those set forth in defendants' motion to dismiss, this Court should dismiss plaintiff's claims in their entirety. Or, in the alternative, this Court should transfer plaintiff's claim to the District of Colorado.

April 26, 2007                              Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 Fourth Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 307-1249
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 26, 2007, I caused the foregoing to be served on plaintiff via first class United States Mail:

PETER N. GEORGACARAKOS
# 03029-036
Florence ADMAX
US Penitentiary
PO Box 8500
Florence, CO 81226-8500

                              /s/
                        JOHN F. HENAULT
                        Assistant United States Attorney