UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER N. GEORGACARAKOS,        )
                               )
            Plaintiff,         )
                               )
      v.                       )        Civil Action No. 06-1022 (JR)
                               )
HARRELL WATTS, et al.,         )
                               )
                               )
            Defendants.        )

MEMORANDUM OPINION

Mr. Georgacarakos is a federal inmate proceeding *pro se*. He filed this action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 404 U.S. 388 (1971), alleging that employees of the Bureau of Prisons ("BOP") violated his constitutional rights.[1] Pursuant to Fed. R. Civ. P. 12(b), defendants move to dismiss for lack of personal jurisdiction, improper venue, and insufficiency of process.

I. BACKGROUND

Plaintiff is incarcerated at USP-Florence. Am. Compl. at 2. He alleges that the BOP has discriminated against him based on his religion and improperly labeled him a "white supremacist." *Id.* at 5. As a result, he was forced to consume a Muslim diet and improperly kept in administrative maximum. *Id.* He also claims that BOP employees at USP-Florence

_____

[1] The defendants are Harrell Watts, the National Inmate Appeals Coordinator, Michael Nalley, the Regional BOP Director for the North Central Region, Kansas City, Kansas, G.L. Herschberger, former Regional Director for the BOP's North Central Region, and the following employees at the United States Penitentiary in Florence, Colorado ("USP-Florence"): R. Wiley, Robert Hood, Heim, Javernick, and R. Martinez.

obstructed his ability to do legal research and destroyed his papers in violation of the First Amendment. *Id.* at 6, 8.

According to plaintiff, the defendants changed his security classification, thus adding to his time in the prison's isolation unit, in violation of due process. *Id.* at 6-7. He was ordered to remain in isolation for years despite his depression and was forced to take antidepressants to prevent him from committing suicide. *Id.* at 7. Plaintiff seeks damages and injunctive and declaratory relief. *Id.* at 26.

## II. STANDARD OF REVIEW

On a motion to dismiss, I must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. DISCUSSION

### A. Personal Jurisdiction

Defendants assert that this Court lacks personal jurisdiction over them. Plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). In order to meet his burden, plaintiff

must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.* However, plaintiff need only make a *prima facie* case for personal jurisdiction to survive a motion to dismiss. *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988).

In deciding a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the court need not treat plaintiff's allegations as true. *Atlantigas Corp.*, 290 F. Supp. 2d at 42. Rather, it may consider and weigh affidavits and other relevant matter in making the jurisdictional determination. *Id.* Hence, a court may consider materials outside the pleadings in ruling on a motion to dismiss for lack of personal jurisdiction. *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002).

The complaint does not list the addresses of the defendants, but states that Hood, Wiley, Smith, Helm, Martinez and Javernick are employed at USP-Florence in Colorado. Am. Compl. at 3-4. Defendant Watts is located at the BOP's headquarters in Washington, DC. *Id.* at 2. This fact by itself is insufficient to confer personal jurisdiction over a BOP official. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Defendants Nalley and Hershberger are or were employed at the BOP's regional office in Kansas. Am. Comp. at 2, 3-4. None of the defendants appears to reside in the District of Columbia and plaintiff has not made such a claim. Plaintiff therefore has not established personal jurisdiction based on residence in the District. The District of Columbia long-arm statute, D.C. Code § 13-423 is the only basis upon which personal jurisdiction may be exercised over defendants who do not

reside within or maintain a place of business in the District.  *See Reuber v. United States*, 750 F.2d 1039, 1040 (D.C. Cir. 1984); *Robertson v. Merola*, 895 F.Supp. 1, 3 (D.D.C. 1995).  The long-arm statute provides that a Court may exercise personal jurisdiction over those who have (1) transacted business in the District of Columbia; (2) contracted to supply services in the District of Columbia; (3) caused a tortious injury in the District of Columbia by an act or omission in the District; or (4) caused a tortious injury in the District of Columbia by an act or omission outside the District while regularly doing or soliciting business or engaging in any other persistent course of conduct in the District.  D.C. Code § 13-423(a)(1)-(4)(2006).  Defendants are subject to personal jurisdiction in a forum if they purposely "establish minimal contacts" such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  For there to be personal jurisdiction under the long-arm statute, a plaintiff must allege some specific facts evincing purposeful activity by defendants in the District of Columbia, by which they invoked the benefits and protections of its laws, and specific acts connecting the defendants with the forum.  *See Cellutech v. Centennial Cellular Corp.*, 871 F.Supp. 46, 48 (D.D.C. 1994).  A defendant must "reasonably anticipate" "being haled into" the plaintiff's chosen forum.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The complaint does not allege that any of the defendants transacted business in the District of Columbia or committed or caused a tortious injury here.[2]  Therefore, the Court also lacks personal jurisdiction over the defendants based on the long-arm statute.

## B. Venue

Defendants also move to dismiss the complaint based on improper venue.  In ruling on such a motion, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U Haul Int' l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).  The court, however, need not accept the plaintiff's legal conclusions as true. *2215 Fifth St. Assocs.*, 148 F. Supp. 2d at 54.   To prevail on a motion to dismiss for improper venue, a defendant must present facts that will defeat a plaintiff's assertion of venue.  *Id.*

Venue in a *Bivens* case is governed by 28 U.S.C. § 1391(b).  *Cameron*, 983 F.2d at 257; *Freeman v. Fallin*, 254 F. Supp. 2d 52, 57 (D.D.C. 2003).  Under that statute, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  The purpose of venue statutes is to protect "'a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the

---

[2] The complaint does name defendant Watts who is employed in the District of Columbia.  However, there is no allegation in the complaint that he was involved in the actions alleged by plaintiff.  *Bivens* liability cannot be premised on a theory of respondeat superior. *Cameron*, 983 F.2d at 258; *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996).

acts underlying the controversy occurred.'"  *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 53

(D.D.C. 2006) (quoting *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1576

(Fed. Cir. 1990)).

The venue requirements are liberally interpreted in this district.  *El-Bey v. United States*,

No. 04-1231, 2004 WL 2418306, at *2 (D.D.C. Sept. 28, 2004).  Venue is proper if the

"activities that transpired in the forum district were not insubstantial in relation to the totality of

the events" alleged by the plaintiff.  *Lamont v. Haig*, 590 F.2d 1124, 1134 n. 62 (D.C. Cir.

1978).  Nevertheless, venue challenges should be examined carefully to ensure that a party is

not manufacturing venue in the District of Columbia.  *Cameron*, 983 F.2d at 256.

Venue is improper in this district because none of the federal defendants resides in the

District of Columbia and none of the events relevant to this case occurred here.[3]  Plaintiff's

claims concern events that occurred at USP-Florence.  This judicial district has no connection to

the actions alleged by plaintiff.  Based on the language of the statute and the relevant events of

this case, the Court concludes that venue is not proper in this district.

### C. Insufficiency of Process

The party on whose behalf service is made has the burden of establishing its validity and

must demonstrate that the procedure satisfied the requirements of Rule 4 of the Federal Rules of

Civil Procedure.  *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir. 1987).  A district court has no duty

to assist a plaintiff in locating a defendant's address for the purpose of service of process.

*Barmes v. Nolan*, 123 Fed. Appx. 238, 249 (7th Cir. 2005).  Even a *pro se* litigant must comply

---

[3] As stated above, defendant Watts is the only defendant with a connection to the
District of Columbia, but he is not subject to liability on plaintiff's claim.

6

with the Federal Rules of Civil Procedure. *Clariett v. Rice*, No. 04-2250, 2005 WL 3211694, at

*4 (D.D.C. Oct. 18, 2005); *Jarrell v. Tisch*, 656 F.Supp. 237, 239 (D.D.C. 1987).

To properly serve a federal government employee in an official or individual capacity, a

party is required to deliver a copy of the summons and complaint to (1) the officer or employee;

(2) the United States Attorney for the district in which the action is brought; and (3) the

Attorney General of the United States in Washington, DC. Fed. R. Civ. P. 4(i)(1). In addition

to these requirements, if a federal employee is sued in his individual capacity, a copy of the

summons and complaint must be delivered to the defendant personally or left at his "dwelling

house or usual place of abode." Fed. R. Civ. P. 4(e) & 4(i)(2)(B). In a *Bivens* action, the

defendants must be personally served as individuals in order for a court to have jurisdiction over

them. *Simpkins v. Dist. of Columbia Gov't*, 108 F.3d 366, 369 (D.C.Cir. 1997). The failure to

effect individual service is fatal to a *Bivens* claim. *Freeman v. Fallin*, 210 F.R.D. 255, 256

(D.D.C. 2002); *Pollack v. Meese*, 737 F.Supp. 663, 666 (D.D.C. 1990).

Because plaintiff is proceeding *in forma pauperis*, service of process was performed by

the United States Marshal. *See* 28 U.S.C. § 1915(d). Since the complaint does not include the

personal addresses of the defendants, the United States Marshal served the defendants at their

place of employment. Defendants have not been served at their residences as required by Rule

4(e).

Plaintiff also has not complied with the time limits of Rule 4(m) of the Federal Rules of

Civil Procedure. That rule provides that the summons and complaint must be served on a

defendant within 120 days after the filing of the complaint or the court "shall dismiss the action

without prejudice" as to that defendant. Fed. R. Civ. P. 4(m). However, courts "shall extend

7

the time for an appropriate period" if the plaintiff shows "good cause" for failure to effect timely service. *Id.* The plaintiff bears the burden of showing good cause. *Byrd v. Dist. of Columbia*, 230 F.R.D. 56, 59 (D.D.C. 2005); *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004).

More than 120 days have passed since the complaint was filed. Plaintiff has failed to demonstrate good cause for his failure to effect service in a timely manner. Ignorance of the rules of procedure does not constitute good cause. *Whitehead*, 221 F.R.D. at 3. Moreover, if any extension were to be granted by this Court, it is unlikely that plaintiff could remedy the defect in the service on defendants. Although *pro se* litigants are given more latitude than represented parties to correct defects in service of process, *see Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 875 (D.C.Cir. 1993), this case has been pending for over eleven months and plaintiff has not provided to the Court the residential addresses of the defendants. Additional time will not assist plaintiff. Therefore, the claims against defendants are also subject to dismissal pursuant to Rules 4(e) and 4(m).

## IV. CONCLUSION

Based on the foregoing, defendants' motion will be granted and the case dismissed. A separate order accompanies this Memorandum Opinion.

JAMES ROBERTSON
United States District Judge

8