UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER N. GEORGACARAKOS,       )
                              )
            Plaintiff,        )
                              )  No. 06-1022 (JR)
       v.                     )
                              )
HARRELL WATTS, et al.,        )
                              )
            Defendants.       )

RECEIVED
MAY 25 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S SECOND MOTION FOR A COURT ORDER DIRECTING THE B.O.P. TO PROVIDE THE U.S. MARSHALS SERVICE WITH ADDRESSES FOR THE RETIRED DEFENDANTS IN THIS CASE

Based on the defendants' open declaration that they intend to obstruct justice by keeping secret the addresses of defendants in this action, the plaintiff renews his motion for court action on this matter, pursuant to Rule 4 F.R.Civ.P. and 28 U.S.C. 1915, and in support avers the following:

Although AUSA Henault has previously accused plaintiff of litigating "for sport"—despite the 14 years since his last lawsuit—

His latest HARASSMENT AND DELAY ploy is to hide the addresses of defendants and then move the court to penalize plaintiff for this obstruction of justice, whereas this idea is the only one in his latest filing that even has the pretense of having any legal or factual foundation, it will be addressed herein and shown to be as frivolous as everything else the lawyer working at taxpayers' expense has filed in this action.

The D.C. Circuit has expressed its jurisprudential preference for the adjudication of cases on their merits rather than on the basis of formalities. SEE CIRALSKY V. CIA, 355 F.3d 661, 674 (2004). It has also held that the rules of civil procedure are not intended to create a "game of skill" but to facilitate proper decisions on the merits. SEE HARRIS V. SECRETARY, U.S. DEPT. OF VETERANS AFFAIRS, 126 F.3d 339, 343 (1997). Yet the AUSA has done nothing but flaunt his utter disregard for such prin-

CIPLES, WITH THE RESULT THAT EACH OF HIS ARGUMENTS IS NOT MERELY ERRONEOUS BUT A TOTAL <u>NON SEQUITUR</u>. HE IS EVEN TOO STIFF-NECKED TO GRASP IRONY, SO THAT WHEN PLAINTIFF SAID IN HIS RESPONSE THAT HE "WELCOMES THE OPPORTUNITY" TO RECEIVE THE <u>DEFENDANTS'</u> HOME ADDRESSES, RATHER THAN CATCH THE ABSURDITY OF PLAINTIFF <u>EVER</u> BEING GIVEN SUCH, AND HENCE THE <u>REDUCTIO AD ABSURDAM</u> OF HIS OWN STANCE, HE RESPONDED TO THE STATEMENT AS IF IT WERE A GENUINE REQUEST AND THEN, TRUE TO CHARACTER, ARROGANTLY AND WHIMSICALLY TRIED TO TAUNT THE PLAINTIFF WITH A REFUSAL TO COMPLY.

  THE PLAINTIFF IS IN SOLITARY CONFINEMENT AND ABLE TO ACCESS 6-9 <u>FEDERAL REPORTER</u> VOLUMES PER WEEK; FOR THE <u>CFR</u> OR <u>RULES</u>, ETC, HE MUST PUT HIS NAME ON A LONG LIST FOR HIS TURN TO REVIEW THE ONE COPY IN THE UNIT. YET HE CAN SHOW THAT EVERY CLAIM OF THE DEFENDANTS IS NOT ONLY WRONG, BUT TOTALLY BASELESS IN

STANDARD TEXTS, RULE 4, SECTION (C), ENTITLED "SERVICE WITH COMPLAINT: BY WHOM MADE" IS TWO-PART. PART 1 IS FOR PLAINTIFF-RELIANT SERVICE, WHICH AUSA HENAULT HARPS ON; BUT PART 2 PRESENTS AN ENTIRELY ALTERNATIVE METHOD OF SERVICE, IN WHICH THE COURT MAY DIRECT THE U.S. MARSHALS SERVICE TO MAKE SERVICE PURSUANT TO 28 U.S.C. § 1915. THIS IS WHAT THE COURT DID A YEAR AGO, AND SO THE DEFENDANTS ARE NOT ACTUALLY PREVENTING PLAINTIFF'S SERVICE BY HIDING ADDRESSES; THEY ARE INTERFERING WITH THE U.S. MARSHALS' ABILITY TO FULFILL A COURT ORDER.

YET EVEN WERE THIS NOT PAINFULLY OBVIOUS, IT WOULD NOT MATTER, BECAUSE WHEN SERVICE HAS BEEN MADE ON SOME DEFENDANTS IN THEIR INDIVIDUAL CAPACITY, THE SUIT IS NOT SUBJECT TO DISMISSAL AT ALL. RULE 4(i)(3)(B) MOREOVER, PURSUANT TO 4(m), PLAINTIFF IS ALLOWED EXTRA TIME WHEN HIS ATTEMPTS TO MAKE SERVICE HAVE BEEN IN GOOD FAITH. WHEREAS PLAINTIFF'S GOOD FAITH IS MATCHED BY DEFENDANTS' BAD FAITH, THIS IS ESPECIALLY SIGNIFICANT.

Every argument AUSA Menault has presented so far is as baseless as this one, and clearly so. The venue issue is contradicted by all relevant law and rules, the jurisdiction issue is contradicted by all relevant law and rules, and thus all must fail. It is proper at this time, therefore, to direct the defendants to cease in their obstructionism and comply with the law.

Every defendant in this case, including retirees, regularly receives a pay or pension check from the District of Columbia, and thus either Bureau of Prisons Headquarters possesses them or another D.O.J. branch does. AUSA Menault is an employee of the DOJ, and thus has access to the addresses wherever in D.C. the files are maintained.

Wherefore, in recognition of the fact that the defendants' arguments about jurisdiction, venue, and service are without foundation, and thus this case must move forward without any more unnecessary techni-

cality-mongering, the court is respectfully requested to direct the B.O.P. or AUSA Henault to facilitate rather than obstruct due process, and then to respond to the complaint. 42 U.S.C. § 1997e(g)(2000)

DATED: 5/17/07

RESPECTFULLY SUBMITTED,

*Peter N. Georgacarakos*
PETER N. GEORGACARAKOS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING ON JOHN HENAULT, 555 4th STREET, N.W., WASHINGTON, D.C. 20001, BY U.S. MAIL, POSTAGE PREPAID.

DATE: 5/17/07

*Peter N. Georgacarakos*
PETER N. GEORGACARAKOS