UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER N. GEORGACARAKOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06-1022 (JR) |
| v. ) | |
| ) | |
| HARRELL WATTS, et al., ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR SANCTIONS

COMES NOW THE PLAINTIFF, PURSUANT TO RULE 11(c)(1)(A), AND MOVES THIS HONORABLE COURT TO IMPOSE DISCIPLINARY SANCTIONS ON THE DEFENDANTS FOR LITIGATING IN BAD FAITH, REPEATEDLY, FOR ALMOST A YEAR, DURING WHICH NOT A SINGLE CLAIM PUT FORTH HAS BEEN SINCERE OR EVEN PREDICATED ON LAW.

DEFENDANTS HAVE VIOLATED RULE 11(b), F.R.CIV.P., IN THAT THE PRESENTATIONS TO THE COURT HAVE NOT BEEN EVEN REMOTELY BASED ON "THE BEST OF THE PERSON'S KNOWLEDGE, INFORMATION, AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES,"

THE PURPOSE OF THESE BLATANTLY FRIVOLOUS ARGUMENTS IS TO DELAY AND HARASS, <u>11(b)(1)</u>, AND THUS THE COURT SHOULD IMPOSE SANCTIONS SUFFICIENT TO DETER REPETITION OF <u>THIS</u> CONDUCT IN THE FUTURE. <u>11(c)(2)</u> IN FACT, THE PENDING RULE 12 MOTION SHOULD BE STRICKEN FROM THE RECORD IN ITS ENTIRETY, <u>RULE 12(f)</u>, BECAUSE NOT A WORD OF IT IS NONFRIVOLOUS, AS CAN BE DEMONSTRATED BELOW.

FIRST OF ALL, EVEN IF, <u>ARGUENDO</u>, DEFENDANTS' HAD A FACTUAL BASIS FOR THEIR ARGUMENTS AGAINST THE JURISDICTION AND VENUE, MISJOINDER OF PARTIES IS NOT GROUND FOR DISMISSAL. <u>RULE 21 F.R.CIV.P.</u>

SECOND, EVEN IF, <u>ARGUENDO</u>, DEFENDANTS' ARGUMENTS ABOUT THE COURTS LACK OF JURISDICTION OVER COLORADO RESIDENTS HAD A FACTUAL BASIS, THE COURT WOULD BE COMPELLED TO EXERCISE <u>SUPPLEMENTAL</u> JURISDICTION PURSUANT TO <u>28 U.S.§1367(a)</u>, WHICH STATES:

" IN ANY CIVIL ACTION OF WHICH THE

-3-

DISTRICT COURTS HAVE ORIGINAL JURISDICTION, THE DISTRICT COURTS SHALL HAVE SUPPLEMENTAL JURISDICTION OVER ALL OTHER CLAIMS THAT ARE SO RELATED TO CLAIMS IN THE ACTION WITHIN SUCH ORIGINAL JURISDICTION THAT THEY FORM PART OF THE SAME CASE OR CONTROVERSY UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION."

A COURT MAY ONLY DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION IF IT HAS DISMISSED <u>ALL</u> CLAIMS OVER WHICH IT HAS JURISDICTION, <u>28 U.S.C. §1367(c)(3)</u>, AND EVEN THEN <u>IS NOT REQUIRED TO DO SO</u>. THIS CASE IS THE EXACT OPPOSITE OF <u>LAUGHLIN V. UNITED STATES</u>, 393 F.3d 155 (D.C. CIR 2004), WHEREIN THE COURT RULED THAT IF A COURT EXERCISES SUPPLEMENTAL JURISDICTION AND THEN FINDS THAT ITS ORIGINAL JURISDICTION WAS IN FACT LACKING, THEN ITS SUPPLEMENTAL JURISDICTION MUST BE LACKING AS WELL, AT 168-71. IN THE CASE <u>SUB JUDICE</u>, THE DEFENDANTS HAVE REPEATEDLY INSISTED THAT THE COURT HAS JURISDICTION <u>ONLY</u> OF HARRELL WATTS, AND THAT CONCEDED, THE

REST IS A MATTER OF COURSE.

THIRD, DEFENDANTS HAVE REPEATEDLY MISREPRESENTED THE RELATIONSHIPS BETWEEN THE DEFENDANTS AND THEIR "CENTER OF FOCUS" IN WASHINGTON, D.C.: EVERY DEFENDANT HAS REQUISITE MINIMUM CONTACT WITH THAT FORUM IF HE HAS ENTERED INTO A CONTRACT THAT HAS A SUBSTANTIAL CONNECTION WITH THE FORUM. THE DEFENDANTS' ACTUAL RELATIONS AS A HIERARCHY OF EMPLOYEES IN THE SAME AGENCY, CONSTITUTES SUCH A CONTRACT. EVERY CHECK CASHED IN COLORADO IS WRITTEN IN D.C., AND THE CONDUCT ON BOTH ENDS OF THE SPECTRUM OF VIOLATION DEPENDS UPON EACH OTHER. SEE HELMER V. DOLETSKAYA, 393 F.3d 201, 205 (D.C. CIR. 2004)

FOURTH, TO ESTABLISH JURISDICTION UNDER A THEORY OF CIVIL CONSPIRACY, THE PLAINTIFF MUST PLEAD PARTICULAR OVERT ACTS WITHIN THE FORUM TAKEN IN FURTHERANCE OF THE CONSPIRACY. SEE WORLD WIDE MINERALS, LTD. V. REPUBLIC OF KAZAKHSTAN, 296 F.3d 1154 (D.C. CIR 2002) THE DEFENDANTS IN

<u>CLAIM FOUR</u> CONSPIRED WITH HARRELL WATTS, AND A CONSPIRACY CAN ONLY BE TRULY COMPREHENDED IN ITS ENTIRETY, WHICH IS WHY AUSA HENAULT HAS NEVER ALLOWED A SEVERANCE IN A CONSPIRACY. MOREOVER, THE COMPUTER SYSTEMS ALL CONSPIRATORS HAVE USED TO COMMIT DISCRIMINATION AND FRAUD ARE IN D.C. DEFENDANTS MADISON, SUDLOW, AND COLLINS DID NOT DISCRIMINATE AGAINST THE PLAINTIFF BASED ON HIS RELIGION; THE OTHER DEFENDANTS, WATTS, NALLEY, AND RETIREES LIVING WHO-KNOWS-WHERE, DID SO, AND THEN THESE DEFENDANTS CONSPIRED TO PROPAGATE THE RESULTS FOR FOUR YEARS. HENCE PLAINTIFF WOULD BE REQUIRED TO PROVE THAT WATTS, NALLEY, HERSCHBERGER, et al., DISCRIMINATED, AND THAT MADISON, SUDLOW, AND COLLINS MADE IT POSSIBLE FOR THE PRODUCT TO BE PERPETUATED INDEFINITELY; HENCE A JURY WOULD HAVE TO SEE <u>ALL</u> DEFENDANTS TOGETHER.

FIVE, LAST MONTH THE DEFENDANTS WERE PULLING OUT ALL STOPS IN AN ATTEMPT TO ENFORCE THE <u>PLRA</u>,

WHICH IS LEGISLATION SPECIFICALLY INTENDED TO <u>DECREASE</u> THE NUMBER OF LAWSUITS AND <u>INCREASE</u> THEIR QUALITY, YET THIS MONTH THE COURT IS ASKED TO DO JUST THE OPPOSITE.

SIXTH, IF ALL OF THE ABOVE WERE NOT THE CASE, <u>RULE 20(a), F.R. CIV. P.</u>, WOULD ALLOW A PERMISSIVE JOINDER OF PARTIES, WHICH THE NATURE AND SCOPE OF THIS CASE WOULD JUSTIFY.

THE FOREGOING ARE NOT JUST "ALTERNATE" INTERPRETATIONS OF AMBIGUOUS RULES; THEY ARE THE <u>ONLY</u> INTERPRETATIONS REASON AND GOOD FAITH ALLOW, AND IF A PRISONER AT THE ADX KNOWS THIS, THEN AN AUSA IN THE NATION'S CAPITAL CERTAINLY DOES AS WELL. WHEREAS DEFENDANTS HAVE ARGUED FOR FINDINGS THAT ARE TOTALLY CONTRARY TO STANDARD RULES, THE MOTIVATION MUST BE RECOGNIZED AS THAT OF <u>DELAY AND HARASSMENT</u>, AND AS SUCH DESERVING OF SANCTIONS UNDER RULE 11.

WHEREFORE, THE PLAINTIFF RESPECTFULLY REQUESTS THIS COURT TO IMPOSE ADEQUATE SANCTIONS ON DEFENDANTS, SUFFICIENT TO END THE MISCONDUCT AND MOVE THIS CASE ALONG APPROPRIATELY, AND ANY OTHER RELIEF THE COURT MIGHT FIND PROPER AND JUST.

DATE: 5/17/07

RESPECTFULLY SUBMITTED,

/s/ Georgacarakos
PETER N. GEORGACARAKOS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING ON JOHN HENAULT, 555 4th STREET, N.W., WASHINGTON, D.C. 20001, BY U.S. MAIL, POSTAGE PREPAID.

DATE: 5/17/07

/s/ Georgacarakos
PETER N. GEORGACARAKOS