U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
JUN 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GEORGA CARAKOS

v.

WATTS, et al

CIVIL NO. 06-1022 (JR)

## MOTION FOR RECONSIDERATION

COMES NOW THE PLAINTIFF AND RESPECTFULLY REQUESTS THIS COURT TO RECONSIDER ITS DISMISSAL OF THIS CASE, IN SUPPORT OF SUCH, HE ASSERTS:

1. PLAINTIFF FILED A MOTION RELATED TO SERVICE OF THIS COMPLAINT LONG AGO, AND WAS UNDER THE IMPRESSION UNTIL WEEKS AGO THAT IT WAS PENDING. HE ALLEGED THAT IT WAS STILL PENDING IN HIS FILINGS, BECAUSE HE DID NOT RECEIVE A COPY OF THE ORDER.

2. BECAUSE THERE WERE A COUPLE WEEKS AT THE BEGINNING OF THE YEAR, THE STAFF INVOLVED IN SOME TYPE OF TRAINING, THERE WAS MUCH MISHANDLING OF MAIL, AND THUS PLAINTIFF REQUESTED FROM THE CLERK A COPY OF THE DOCKET SHEET, JUST TO ENSURE THAT HE

HAD MISSED NOTHING.

3. UPON RECEIPT OF SAME, PLAINTIFF LEARNED THAT THE MOTION TO PROVIDE ADDRESSES HAD BEEN DENIED, AND BECAUSE IT WAS DENIED WITHOUT PREJUDICE, REQUESTED A COPY OF THE ORDER SPECIFICALLY IN ORDER TO SEE THE REASON, AS HIS LETTER TO THE CLERK WILL ATTEST.

4. PLAINTIFF RECEIVED SAME AND IT CONTAINED NO REASONS, LEGAL OR FACTUAL, SO HE IMMEDIATELY PREPARED A NEW MOTION, SPECIFICALLY ADDRESSING JURISDICTION ISSUES.

5. BECAUSE THE COURT DISMISSED HIS MOTION TO COMPELL THE AUSA TO PROVIDE ADDRESSES TO THE MARSHALS WITHOUT PREJUDICE, PLAINTIFF WAS LED TO BELIEVE THAT SUCH A TACK WAS VIABLE, BECAUSE NO ADX PRISONER WILL EVER BE ALLOWED TO KNOW ADX STAFF ADDRESSES.

6. THE COURT SURPRISED PLAINTIFF FROM THE BEGINNING BY ISSUING HIM

orders advising him that failure to respond to the AUSA's motions would be detrimental, and thus feels now and asserts that he was justified in believing that the Court's <u>November 2, 2006</u> order implying that addresses would have to be provided after AUSA Henault's technicality-mongering was finished, and thus he is entitled to <u>Haines v. Kerner</u> latitude and the good-faith enlargements invoked in his last two motions.

7. Plaintiff explained, <u>and provided over a hundred pages of documentation in support</u>, that all ADX decisions are national, that the Region and Central Office must sign off on all, and that Watts was the <u>only</u> BOP policy-maker with the power to override other defendants' unlawful decisions. The Court possess <u>two inches</u> of administrative remedy forms detailing every violation minutely, and relating the relevant laws, regulations, and policies being violated,

AND ALSO, TIME AFTER TIME, WATTS REFUSING TO PERFORM HIS DUTY AS ADMINISTRATIVE REMEDY COORDINATOR AND ATTACHING <u>HIS SIGNATURE</u> TO EVERY VIOLATION HE REFUSED TO END. THUS THE PLAINTIFF IS MYSTIFIED BY THE CLAIM THAT HE DID NOT "ALLEGE THAT ANY OF THE DEFENDANTS TRANSACTED BUSINESS IN THE DISTRICT OF COLUMBIA OR CAUSED A TORTIOUS INJURY HERE" (PG. 5) THIS HAS BEEN <u>REPEATEDLY</u> ALLEGED, FROM THE COMPLAINT ITSELF UP TO THE RESPONSE TO THIS MOTION TO DISMISS.

8. <u>EVERY DEFENDANT HAS "TRANSACTED BUSINESS"</u> IN THE DISTRICT OF COLUMBIA, "CONTRACTED" IN SAME, AND SO ON, AS <u>FEDERAL EMPLOYEES</u> EMPLOYED BY THE WASHINGTON OFFICE. WATTS IS THE <u>ONLY</u> PERSON IN THE BOP WITH THE POWER AND DUTY TO INTERVENE, AND REFUSED TO DO SO. (PG. 4)

9. PLAINTIFF <u>DID</u> SERVE THE COMPLAINT ON THE U.S. ATTORNEY'S OFFICE IN THE DISTRICT IN WHICH THE ACTION WAS BROUGHT, <u>TWICE</u>, AND THUS IT

IT IS UNJUST TO SIMPLY LET HIM LANGUISH IN SOLITARY CONFINEMENT, FOREVER, FOR NO BETTER REASON THAN THAT THE DEFENDANTS ARE PREJUDICED AGAINST HIS RELIGION AND KEEP THEIR ADDRESSES CAREFULLY GUARDED TO AVOID RETRIBUTION FOR THEIR CONDUCT AT THE ADX.

10. THE REFUSAL TO ACKNOWLEDGE PERSONAL JURISDICTION HAS NO BEARING ON THE DEFENDANTS WHO WERE SERVED OFFICIALLY, BECAUSE THE PLAINTIFF HAS REQUESTED DECLARATORY AND INJUNCTIVE RELIEF, WHICH REQUIRES NO PERSONAL JURISDICTION.

11. NEITHER THE JURISDICTION, VENUE, OR SERVICE ISSUES HAVE ANY BEARING ON HARRELL WATTS, WHO HAS PERSONAL AND DIRECT INVOLVEMENT IN EVERY VIOLATION, WORKS IN WASHINGTON AT BOP HEADQUARTERS, WAS SERVED AT WORK AND AT THE U.S. ATTORNEYS OFFICE IN HIS DISTRICT. THE COURT CANNOT CLAIM NOT TO HAVE D.C. JURISDICTION OVER THE DEFENDANT IN D.C., AND SHOULD NOT DO SO

ESPECIALLY WHEN DECLARATORY AND INJUNCTIVE RELIEF IS MOST APPROPRIATE AGAINST WATTS AND PLAINTIFF'S HEALTH HAS DETERIORATED DUE TO "SEROTONIN SYNDROME" THAT IS SHUTTING DOWN HIS MENTAL FACULTIES. IF THIS SUIT HAD ~~[redacted]~~ ONLY BEEN FILED AGAINST WATTS, THIS COURT CERTAINLY WOULD NOT HAVE CLAIMED TO LACK JURISDICTION OR CALL IT IMPROPER VENUE —— WHY, THEN, WILL IT DO SO BECAUSE DEFENDANTS FROM KANSAS AND COLORADO WERE INCLUDED?

12. THE TWO MOTIONS JUST FILED BY THE PLAINTIFF RESPOND TO AND SATISFY ALL OF THE COURT'S CONCERNS, AND A PLETHORA OF D.C. LAW SUPPORTS THE ASSERTIONS THERE AND HEREIN. IT IS COMMON TO BASE JURISDICTION ON EMPLOYMENT RATHER THAN RESIDENT STATUS, ALLSTATE INS. CO. V. HAGUE, 449 U.S. 302, 314 (1981), AND WATTS CONTACT WITH BOP HEADQUARTERS IS ABOVE AND BEYOND "CONTINUOUS AND SYSTEMATIC." HALL V. HELICOPTOS NACIONALES DE COLUMBIA S.A., 466 U.S. 408, 415 (1984). SIMPLY PUT, D.C. IS THE MOST APPROPRIATE DISTRICT FOR ACTION AGAINST HARRELL WATTS.

13. IF THE COURT WAS GOING TO PREEMPT THIS ACTION, IT SHOULD HAVE DONE SO LONG AGO. TO POINT OUT THE YEAR THAT HAS PASSED IS INSENSITIVE AT BEST — PLAINTIFF JUMPED THROUGH EVERY HOOP, HARASSED AND DELAYED BY THE AUSA AND MISLED BY THE COURT, WHICH REPRESENTED ITSELF AS SCRUPULOUSLY ADHERING TO HAINES V. KERNER WHILE DISMISSING WITHOUT PREJUDICE MOTIONS IT NEVER INTENDED TO CONSIDER. THE PLAINTIFF WAS ENTITLED TO A DENIAL WITH PREJUDICE SO THAT HE WOULD HAVE KNOWN THAT THE OBVIOUS ROUTE WAS NOT OPEN TO HIM. NOW THAT PLAINTIFF HAS SPENT EVERY PENNY HE COULD GET, AND IS IN DEBT TO THE BOP FOR OVER $100.00 IN COPIES AND LEGAL POSTAGE, AND HAS PHOTOCOPIED 800 PAGES OF DOCUMENTS AND READ 500 D.C. CASES UNDER THE MOST RESTRICTIVE AND SLOTHFUL CONDITIONS, THE COURT DECLARES THAT THE DENIAL OF MOTION 15 WAS WITH PREJUDICE, NOW THAT IT IS IMPOSSIBLE TO FILE A SUIT ANYWHERE ELSE, AND DEFENDANTS WILL LET THE PLAINTIFF DIE OF SEIZURES RATHER THAN LET HIM BE TREATED

LAWFULLY —— NOW THE COURT ADVISES THAT #15 WAS IMPROPERLY LABELED "WITHOUT PREJUDICE."

WHEREAS PLAINTIFF WAS MISLED BY THE COURT'S DENIAL OF #15, MADE A GOOD FAITH EFFORT TO MAKE SERVICE, SERVED THE U.S. ATTORNEY IN THE DISTRICT, FILED TWO MOTIONS ADDRESSING THE ISSUES BEFORE RECEIVING NOTICE OF DISMISSAL, NEITHER THE JURISDICTION NOR VENUE ISSUE APPLIES TO HARRELL WATTS, HIS REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF AGAINST WATTS IS STILL STANDING EVEN IF PERSONAL JURISDICTION DOES NOT EXIST, AND IN THE INTERESTS OF JUSTICE, PLAINTIFF RESPECTFULLY REQUESTS THE COURT TO RECONSIDER ITS ORDER OF 5/23/07.

DATE: 5/30/07

RESPECTFULLY SUBMITTED,

_P. Georgacarakos_
P. GEORGACARAKOS, PRO SE

## CERTIFICATE OF SERVICE

I, Peter N. Georgacarakos, hereby certify that I have this day made due service of the foregoing by mailing a conformed copy thereof to John Henault, U.S. Attorneys Office, Judiciary Center Building, 555 Forth Street, N.W., Washington, D.C. 20530, by regular course of the U.S. Mail, postage prepaid

DATE: 5/30/07

Peter N. Georgacarakos

*PRO SE*