U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

RECEIVED
JUN 11 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GEORGACARAKOS
v.
WATTS, et al

CIV. NO. 06-1022(JR)

## MOTION TO AMEND JUDGEMENT PURSUANT TO RULE 59(e) OR 6(a), F.R. CIV. P.

SHOULD THE COURT DENY THE PLAINTIFF'S MOTION FOR RECONSIDERATION, NOT ONLY REFUSING TO RECOGNIZE THE PRINCIPLES OF SUPPLEMENTAL AND PENDANT JURISDICTION BUT ACTUALLY <u>INVERTING</u> THEM, SO THAT SOMEHOW THE COURT WAS <u>STRIPPED</u> OF JURISDICTION OVER HARRELL WATTS, WHO HAS WORKED AT BOP HEADQUARTERS IN D.C. AND COMMITTED EVERY SINGLE UNLAWFUL ACT THEREIN, SIMPLY BECAUSE IT THINKS COLORADO IS A BETTER VENUE, THEN PETITIONER RESPECTFULLY REQUESTS THE COURT TO AMEND THIS JUDGEMENT TO ACKNOWLEDGE THAT COLORADO DEFENDANTS CANNOT POSSIBLY BE ALLEGED TO HAVE "STRIPPED" THE D.C. COURT OF JURISDICTION OVER D.C. MATTERS WITH REGARD TO HIS

Administrative Procedure Act and Federal Tort Claim Act claims. Certainly the court will not assert that the presence of Colorado defendants on his complaint has stripped the court of congressionally enacted powers for checks and balances with the executive branch, i.e., BOP headquarters in Washington, D.C., whereas even the defendants had to concede that jurisdiction and venue was appropriate in D.C. with respect to Harrell Watts, it can not now shift position because the court is re-writing law, and suggest that it cannot issue directives to the BOP as an agency under the APA and FTCA.

<h2 style="text-align:center">ARGUMENTS</h2>

1. **THE A.P.A., AND CUSTODY CLASSIFICATION, AND DEFINITION OF ISOLATION.**

   An inmate is entitled to expect the BOP to follow its own policies, <u>Anderson v. Smith</u>, 697 F.2d 239, 240 (8th Cir. 1983) and the

Bureau of Prisons is subject to APA scrutiny. Bunn v. Conley, 309 F.3d 1002 (7th Cir. 2002); 5 U.S.C.A. §701(a)(2). Government agents are presumed to be aware of the regulations governing their conduct, Vives v. City of New York, 405 F.3d 115, 118 (2nd Cir. 2005), and regulations published in the CFR have the force and effect of law, charging all persons thereby affected with legal notice of their provisions. See Moody v. United States, 774 F.2d 150, 156 (6th Cir. 1985).

An agency is allowed to read regulations contrary to their obvious meaning only when to do otherwise would produce results obviously at odds with the regulations' purposes. Mova Pharm. Corp. v. Shalala, 140 F.3d 1060, 1068 (D.C. Cir. 1998). Where there is no ambiguity, further investigation into drafters' intentions is not necessary. Natural Res. Def. Council, Inc. v. Browner, 57 F.3d 1122, 1127 (D.C. Cir. 1995). In this case, there is no ambiguity whatsoever, because the challenged agency actions

are simply based on a disregard for established numerical systems and definitions. No authority in these areas can be alleged to have been delegated to the BOP. MICHIGAN V. E.P.A., 268 F.3d 1075, 1082 (D.C. Cir. 2001) There is no "gap" left by legislators for the agency to fill. IBID.

To wit, the classification schema enacted November 1, 2006, specifically forbids a prisoner to be kept at the ADX with less than a custody score of 24 points; plaintiff's score is 20. It is a matter merely of mathematics, and the BOP refuses to abide by the CFR and its own PROGRAM STATEMENT 5100.08, in order to discriminate against plaintiff based on religion. In the courts possession already are a hundred or more forms from BOP headquarters, in which this violation is pointed out over and over, but the agency refuses to comply. Plaintiff has SEVERAL HUNDRED more such documents. This action violates the doctrine of repose, which this district has defined as "a doctrine binding an agency" to respect the

GOVERNANCE OF A FINAL ADMINISTRATIVE DECISION FOR THE PARTICULAR MATTER THERE DETERMINED." GREATER BOSTON TELEVISION CORP., V F.C.C., 463 F.2d 268, 291 (D.C. CIR. 1971) IN THIS CASE, THIS ENTAILS APPLYING THE SAME CLASSIFICATION SCHEMA TO THE PLAINTIFF AS IS APPLIED TO ALL OTHER PRISONERS, DESPITE THE FACT THAT HE IS A PAGAN. 28 CFR 524.40-43 AND 18 U.S.C.A. § 4081 REQUIRE THE "PROPER" CLASSIFICATION OF PRISONERS, AND 18 U.S.C. 1503-05 MAKES THE FALSIFICATION OF GOVERNMENT DOCUMENTS TO MAINTAIN THIS AGENCY ACTION A FELONY. THIS IS CLEARLY AN ABUSE OF DISCRETION ACTIONABLE UNDER THE APA, 5 U.S.C.A. § 706(2)(A).

THE TWO-PRONG TEST IS SIMPLE: (1) ARE THERE FEDERAL STATUTES, REGULATIONS, OR PROGRAM STATEMENTS WHICH SPECIFICALLY ALLOW AND PRESCRIBE CERTAIN COURSES OF ACTION? IN THE ABSENCE OF SUCH SPECIFIC DIRECTIVES, (2) WAS THE CHALLENGED DECISION-MAKING OF THE "NATURE AND QUALITY" THAT WAS INTENDED TO BE DISCRETIONARY? THIS CASE EASILY SATISFIES BOTH PRONGS, BECAUSE PRISONS WOULD NOT HAVE CUSTODY LEVELS AND PRIS-

OWNERS CUSTODY SCORES, ALL GOVERNED BY REGULATIONS, IF BOP STAFF HAD THE DISCRETION TO PUT ANY<u>ONE</u> THEY WANT ANY<u>WHERE</u> THEY WANT. BUT IN FACT, WE DO NOT GET TO THE SECOND PRONG, BECAUSE IF BINDING DIRECTIVES <u>DO</u> EXIST, THEN GOVERNMENT EMPLOYEES ARE REQUIRED BY LAW TO OBEY THEM, FAILURE TO DO SO IS NEVER DISCRETIONARY. <u>LOUGHLIN V. UNITED STATES</u>, 393 F.3d 155, 163 (D.C. CIR. 2004)

   NOR MAY THE BOP BE SIMPLY ALLOWED TO PUT FORTH <u>AD HOC</u> RATIONALIZATIONS FOR AGENCY ACTIONS. <u>HILL V. NORTON</u>, 275 F.3d 98, 105 (D.C. CIR 2001) THE PRINCIPLE TO BE EMPLOYED, GROUNDED IN THE REASONING OF <u>S.E.C. V. CHENERY CORPORATION</u>, 318 U.S. 80 (1943) AND <u>CITIZENS TO PRESERVE OVERTON PARK V. VOLPE</u>, 401 U.S. 402 (1971), REQUIRES THE COURT TO ADJUDICATE ITS <u>APA</u> OVERSIGHT ROLE BASED SOLELY ON THE GROUNDS WHICH WERE RELIED UPON BY THE AGENCY. <u>SBC COMMUNICATIONS, INC. V. FCC</u>, 138 F.3d 410, 418 (D.C. CIR. 1998) THE BOP CANNOT VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS FOR YEARS, THEN COME BACK <u>EX POST FACTO</u> AND TRY TO JUSTIFY THIS CONDUCT

BASED ON PLAINTIFF'S <u>SUBSEQUENT</u> PROTESTS AGAINST SAME. PLAINTIFF IS A MEDIUM SECURITY PRISONER AND AS SUCH MAY NOT, UNDER ANY CIRCUMSTANCES, BE KEPT AT A SUPERMAXIMUM SECURITY PRISON.

SECONDLY, TO WIT, THERE IS A <u>LEGAL</u> DEFINITION OF "SOLITARY CONFINEMENT" AND THUS THE BOP MAY NOT CIRCUMVENT ALL DUE PROCESS SIMPLY BY DECLINING TO CALL SOLITARY CONFINEMENT "SOLITARY CONFINEMENT," INSTEAD CALLING IT "GENERAL POPULATION." THE "CONTROL UNIT" AND "GENERAL POPULATION" UNITS ARE IN THE SAME BUILDING AND IDENTICAL IN <u>EVERY</u> WAY, THE FEW EXCEPTIONS BEING ASPECTS IN WHICH CONDITIONS IN THE REAL SOLITARY CONFINEMENT ARE <u>BETTER</u> THAN THOSE IN "GENERAL POPULATION" UNITS, BECAUSE THE LATTER ARE NOT DESIGNED FOR SUCH. THE WORDPLAY OF THIS AGENCY ACTION DOES NOT EVEN MERIT ARGUMENT —— THERE ARE <u>100</u> PRISONS IN THE BOP, AND 1 OF THEM IS THE "ADMINISTRATIVE MAXIMUM" BUT THE BOP ASSERTS THAT THE <u>ADX</u> — WHERE ALL <u>TERRORISTS</u> ARE KEPT — IS NO DIFFERENT FROM THE OTHER 99 PRISONS, DESPITE ISOLATION 24 HOURS/DAY, 7 DAYS/WEEK, 52 WEEKS/YEAR.

The canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, and regulations written in the disjunctive must be construed as presenting alternatives. In re Espy 80 F.3d 501 (D.C. Cir. 1996) The CFR's use of "or" in regulations on types of confinement indicates that it gives to distinct statutes that cannot be synonymous. Indeed, solitary confinement has its own section in 28 CFR. The regulations and myriad court decisions make the application of "solitary confinement" and "general population" only too clear and the meaning of the text and subsequent program statements are controlling, period. Fawn Min. Corp. v. Hudson, 80 F.3d 519, 521 (D.C. Cir. 1996)

Both the CFR and P.S. 541.40-49 and 5212.07 respectively, put forth multilayered due process and medical and psychiatric protections for the use of solitary confinement, and the agency may not simply ignore these when convenient. See also 28 CFR 549.40; P.S. 6010.01. It is the courts

duty to direct the agency to follow its regulations promulgated in conformity with congressionally imposed procedural requirements, or the separation of powers is also violated.

Finally for the _APA_, there is the matter of deliberate violation of all relevant policies and regulations in the domain of psychiatric matters. It is explicitly forbidden to (1) keep a prisoner suffering from _clinical depression_ in isolation and/or to (2) administer _psychotropic_ medications in lieu of obeying this policy. 28 CFR 549.40; P.S. 5212.07(6)(c)(1) whereas the maintaining of prisoners suffering severe _physiological_ deterioration, as opposed to mere psychological depression, in solitary confinement, including plaintiff _for years_, and also the unlawful medicating of these prisoners to reduce suicides, the court must recognize an affirmative decision by the agency to disregard medical and psychiatric protocols beyond its discretion. Whereas particular deference is given by the court to an agency with regard

TO SCIENTIFIC MATTERS IN ITS AREA OF TECHNICAL EXPERTISE, <u>NATIONAL WILDLIFE FEDERATION V. E.P.A.</u>, 286 F.3d 554, 560 (D.C. CIR 2002), IT LOGICALLY FOLLOWS THAT PARTICULAR DEFERENCE IS <u>NOT</u> TO BE GIVEN AN AGENCY WITH REGARD TO SCIENTIFIC MATTERS <u>NOT</u> IN ITS AREA OF TECHNICAL EXPERTISE, IN THIS CASE (INDEFINITE) SENSORY DEPRIVATION, CLINICAL PSYCHOLOGY, DYSFUNCTIONAL PSYCHIATRY, AND FORENSIC PATHOLOGY. LEGISLATORS HAVE DELIMITED THIS AGENCY'S DISCRETION IN SUCH MATTERS SPECIFICALLY TO AVOID THE DYSFUNCTION, MALPRACTICE, INSANITY, AND SUICIDE THAT ARE THE NORM AT THE <u>ADX</u>.

2. <u>THE TORT CLAIM</u>

GEORGACARAKOS COMPLIED WITH <u>28 U.S.C. § 2675(a)</u> TO MAKE IT POSSIBLE FOR THE BOP TO COMPENSATE HIM FOR THE DESTROYED RELIGIOUS PROPERTY ADMINISTRATIVELY. <u>TRT-NCR-2006-05436</u> THE COURT SHOULD DO SO JUDICIALLY, BECAUSE AS WITH THE OTHER ISSUES, THE BOP SIMPLY HAD NO DIS-

cretion in the matter whatsoever. 28 U.S.C 2680(a) Pursuant to 28 USC 1346(a)(2) and 28 USC 2671-75, plaintiff was entitled to just compensation. The agency destroyed ten years of his work, however, then refused to give him a dime. Nevertheless, the law is clear.

First of all, <u>Program Statement 5580.07(8)</u> allows for the destruction of property only if it is abandoned. More importantly, Section 10(b) of this P.S. asserts that <u>religious</u> property requires consultation with the chaplain in religious services, and is unambiguous: "The chaplain must be consulted regarding the disposition of religious items confiscated." A government agency's regulations that have been published in the <u>CFR</u> are law, <u>Center for Auto Safety v. Dole</u>, 846 F.2d 1532, 1534 (D.C. Cir. 1988), and whereas there was no need to destroy all of plaintiff's religious property, and was in fact done quite maliciously and by rejecting all attempts at resolution, it was reckless.

When a government agency acts recklessly for reasons unrelated to public policy considerations, it is liable for those it injures. <u>Hitchcock v. United States</u>, 665 F.2d 354, 363-64 (D.C. Cir. 1981) This includes injury caused to federal prisoners, <u>United States v. Muniz</u>, 374 U.S. 150, 163 (1963) The discretionary function exception applies "<u>only</u> to conduct that involves the <u>permissible</u> exercise of <u>policy judgement</u>." <u>Berkovitz v. United States</u>, 486 U.S. 531, 538-39 (1988) This Circuit long ago rejected the argument that an employee handling <u>operational</u> details is subject to the "discretion" exemption, explaining that the exercise of discretion and judgement entails the creating and implementing of positions, regulations, and policies for them, while the subsequent operational conduct is outside this domain and thus without § 2680(a) exemption. <u>Eastern Air Lines v. Union Trust Co.</u>, 221 F.2d 62, 73-79 (1955)

Martinez, Javernick, and Heim had <u>no discretion whatsoever</u> to destroy religious property — they

WORK IN "RECEIVING + DELIVERY" — AND HENCE THE FTCA REQUIRED THE AGENCY TO COMPENSATE PLAINTIFF FOR TEN YEARS WORTH OF RESEARCH AND WRITING ON HIS RELIGION. ONE AGENT WAS A MALICIOUS BIGOT, AND HIS TWO SUPERVISORS WERE UNWILLING TO RECOGNIZE PLAINTIFF'S RELIGION AS A RELIGION, DESPITE KNOWING WHAT IT WAS, AND PLAINTIFF MUST BE COMPENSATED FOR THIS WANTON INJURY.

3. CONCLUSION

THE COURT CAN PRETEND NOT TO HAVE JURISDICTION OVER DEFENDANTS IN THIS SUIT, INCLUDING, OUTRAGEOUSLY, A FEDERAL EMPLOYEE IN D.C. AND COMMITTING EVERY VIOLATION IN D.C., FOR YEARS; BUT IT CANNOT PRETEND TO LACK JURISDICTION OVER THE AGENCY HEADQUARTERED IN THE DISTRICT, AND THUS PLAINTIFF RESPECTFULLY REQUESTS THAT THIS COURT, IN CONFORMANCE WITH THE ABOVE AND IN THE INTERESTS OF JUSTICE, AMEND THE JUDGEMENT TO ACKNOWLEDGE THIS JURISDICTION IT CANNOT AND THEREFORE WILL NOT SHIRK, AND ADDRESS THE

STILL PENDING A.P.A. AND F.T.C.A. CLAIMS IN THIS ACTION.

DATE: 5/30/07

RESPECTFULLY SUBMITTED,

*[signature]*
PETER GEORGACARAKOS
PRO SE

## CERTIFICATE OF SERVICE

I CERTIFY THAT I HAVE THIS DAY SERVED A COPY OF THE FOREGOING ON JOHN F. HENAULT, 555 4th ST., N.W., WASHINGTON, D.C. 20530, BY U.S. MAIL, POSTAGE PREPAID.

DATE: 5/30/07

*[signature]* Georgacarakos