**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PETER N. GEORGACARAKOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06-1022 (JR) |
| v. ) | |
| ) | |
| HARRELL WATTS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

A motion for reconsideration should be granted *only* if the court "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal citations and quotations omitted). In other words, the moving party must show "new facts or clear errors of law which compel the court to change its prior position." Nat'l Ctr. for Mfg. Sciences v. Dep't of Def., 199 F.3d 507, 511 (D.C. Cir. 2000) (internal citation omitted). Plaintiff offers *no* change in controlling law, *no* new evidence and points to *no* clear error or manifest injustice. Instead, plaintiff re-argues facts that this Court already considered and rejected, an argument that is *not* sufficient under controlling law to justify a motion for reconsideration. See, e.g., W.C. & A.N. Miller Co. v. U.S., 173 F.R.D. 1, 3 (D.D.C. 1997) ("A [motion for reconsideration] is not a second opportunity to present argument upon which the Court has already ruled, nor is it a means to bring before the Court theories or arguments that could have been advanced earlier.").

Plaintiff's first argument in support of reconsideration is that he believed his motion to require defendants to provide addresses for service was not denied with prejudice. While plaintiff is correct, his motion was denied without prejudice, this argument fails to support reconsideration of this Court's May 23, 2007 Memorandum Opinion & Order. As set forth in this Court's May 23 Opinion, there is no basis in fact or law for a request that defendant provide plaintiff with addresses for service; the responsibility for supplying this information lies solely with plaintiff. Thus, plaintiff's claim that his "belief" that the denial of his motion for defendant to provide addresses for service was without prejudice fails to support plaintiff's motion.

Plaintiff's next argument relating to his request for reconsideration is that, because Harrell Watts works at the Bureau of Prisons headquarters in Washington, DC, this action is proper in this jurisdiction. Similarly, plaintiff argues that, because BOP is headquartered in DC, this Court can exercise jurisdiction over BOP employees nationwide. As explained in detail in this Court's May 23 Opinion, plaintiff's arguments are without merit and it is improper for plaintiff to seek to reargue the points set forth in the prior pleadings. See W.C. & A.N. Miller Co., 173 F.R.D. at 3.

## CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court deny plaintiff's motion for reconsideration in its entirety.

June 19, 2007                                       Respectfully submitted,

      /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

      /s/
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

      /s/
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2007, I caused the foregoing to be served on plaintiff via first class United States Mail:

PETER N. GEORGACARAKOS
# 03029-036
Florence ADMAX
US Penitentiary
PO Box 8500
Florence, CO 81226-8500

                                        /s/
                                    JOHN F. HENAULT
                                    Assistant United States Attorney