U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

GEORGACARAKOS

  v.                    CIV. NO. 06-1022 (JR)

WATTS, et al.

RECEIVED
JUN 2 5 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION FOR TRANSFER OF VENUE OR FOR PERMISSION TO AMEND THE PLEADINGS

COMES NOW THE PLAINTIFF, PRO SE, IF AND ONLY IF THE COURT REFUSES TO RECONSIDER ITS DISMISSAL OF THIS CASE, AND HEREBY MOVES THIS HONORABLE COURT TO EITHER TRANSFER THIS CASE TO COLORADO, PURSUANT TO 28 U.S.C. § 1401, OR TO REMOVE ALL DEFENDANTS BUT HARRELL WATTS FROM THE ACTION, PURSUANT TO RULES 15(a) AND 42(b), F.R. CIV. P., IN ORDER TO RECTIFY THE PROBLEM, UNKNOWN TO PLAINTIFF, BY WHICH THE INCLUSION OF NON-D.C. DEFENDANTS HAS STRIPPED THE COURT OF JURISDICTION AND VENUE OVER CONDUCT COMMITTED IN ITS OWN DISTRICT.

THE PLAINTIFF HAS INVESTED CONSIDERABLE TIME AND MONEY INTO THIS ACTION, DRAGGED OUT FOR A YEAR WITHOUT JUSTIFICATION, ONLY TO BE DISMISSED, AS IT SHOULD HAVE BEEN IF APPROPRIATE

SUA SPONTE AT THE START, WHEN THE "FACTS" NOW USED FOR DISMISSAL WERE OBVIOUS TO ALL PARTIES. PLAINTIFF IS IN DANGER OF PERMANENT PHYSICAL INJURY AND THUS FORCING HIM TO BEGIN AGAIN IS UNJUST. HE HAS UNDOUBTEDLY BEEN THE VICTIM OF CONSTITUTIONAL VIOLATIONS AND IS UNQUESTIONABLY ENTITLED TO RELIEF, AS THE COURT KNOWS FROM JUST THE EVIDENCE ALREADY SUBMITTED, AND THUS IF THE COURT CHOOSES NOT TO PERFORM ITS JUDICIAL OVERSIGHT ROLE, THEN IT SHOULD NOT UNNECESSARILY ADD ANOTHER YEAR TO PLAINTIFF'S SUFFERING BEFORE ANOTHER COURT IS IN A POSITION TO DO SO.

PURSUANT TO F.R. CIV. P. 21, A MISJOINDER OF PARTIES IS NOT GROUNDS FOR DISMISSAL, AND PURSUANT TO 28 U.S.C. § 1631, AN ACTION MAY BE TRANSFERRED TO ANOTHER VENUE FOR JUST CAUSE. THE COURT SHOULD THUS EITHER REMOVE THIS CASE TO THE DISTRICT OF COLORADO, OR REMOVE ALL DEFENDANTS BUT WATTS FROM THE SUIT. WATTS HAS WORKED AT BOP HEADQUARTERS IN D.C. SINCE THE VIOLATIONS AT ISSUE BEGAN IN APRIL 2003, HAS COMMITTED PROBABLY A HUNDRED CONSTITUTIONAL VIOL-

ATIONS IN AND ONLY IN THE DISTRICT OF COLUMBIA, JUST BLOCKS FROM THIS COURT, AND IF THE SUIT INCLUDED ONLY DEFENDANT WATTS, THE COURT COULD NOT AND WOULD NOT ALLEGE THAT IT LACKS JURISDICTION OR VENUE OVER THIS DEFENDANT. INDEED, IF SUCH A SUIT WERE FILED IN COLORADO, IT WOULD COUNTERMAND THE "CONVENIENCE" ARGUMENT ALTOGETHER, SINCE EVERY WITNESS AND PIECE OF EVIDENCE RELATED TO THE WATTS CONTROVERSY IS IN D.C.

WHEREFORE, THIS COURT IS RESPECTFULLY REQUESTED TO EITHER (1) TRANSFER THIS ACTION TO THE DISTRICT OF COLORADO OR (2) REMOVE ALL DEFENDANTS EXCEPT HARRELL WATTS AND ACKNOWLEDGE JURISDICTION IN THE DISTRICT OF COLUMBIA.

DATE: 6/5/07

RESPECTFULLY SUBMITTED,

*[signature]*

PETER N. GEORGACARKOS
PRO SE

## CERTIFICATE OF SERVICE

I, Peter N. Georgacarakos, hereby certify that I have this day made due service of the foregoing by mailing a conformed copy thereof to John Henault, U.S. Attorneys Office, Judiciary Center Building, 555 Forth Street, N.W., Washington, D.C. 20530, by regular course of the U.S. Mail, postage prepaid

DATE: 6/15/07

Peter N. Georgacarakos
*PRO SE*