UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PETER N. GEORGACARAKOS,           )
                                  )
            Plaintiff,            )
                                  )   No. 06-1022 (JR)
        v.                        )
                                  )
HARRELL WATTS, et al.,            )
                                  )
            Defendants.           )
_____)

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S
### MOTION TO AMEND THE JUDGMENT

Although plaintiff's motion to amend the judgment is not entirely clear, it appears that plaintiff requests that this Court amend its May 23, 2007 Memorandum Opinion & Order to state that the Court was not dismissing his tort and Administrative Procedure Act claim. The problem with plaintiff's motion is that his complaint alleged neither a tort claim nor an APA claim and, therefore, plaintiff's motion should be denied.

On November 2, 2006, plaintiff filed an amended complaint in this action. This amended complaint alleged three causes of action against eight federal employees in their individual capacities. Specifically, as set forth in the amended complaint, plaintiff alleged: 1) "Religious Discrimination/Equal Protection," Am. Compl.; 2) "Fraudulent Creation of Control Unites in Violation of Due Process & Eighth Amend.," id.; and 3) "Obstruction of Free Expression," id. No where in the amended complaint did plaintiff allege either a tort claim or an APA claim.

On May 23, 2007, this Court dismissed plaintiff's amended complaint. Plaintiff moved for reconsideration on June 6, 2007, which defendant opposed. Since then, plaintiff has now moved to amend the Court's prior judgment. Because plaintiff's amended complaint failed to contain either a tort claim or an APA claim, however, this Court should deny plaintiff's motion

to amend the judgment; those claims were required to be presented in his complaint and were not.  See Velikonja v. Mueller, 362 F. Supp. 2d 1, 3 n.2 (D.D.C. 2004) ("absent a formal motion to . . . amend the complaint, a court does not treat the contents of an opposition to a motion to dismiss as an amendment to a complaint"); Stefanik v. Friendly Ice Cream Corp., 183 F.R.D. 52, 53-54 (D. Mass. 1998) ("Plaintiff is not permitted to kick over the chess board in the face of a checkmate.  He is bound by the averments of his pleadings and may not . . . simply contradict them to avoid summary judgment").

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiff's motion to amend the judgment in this matter.

June 26, 2007                                    Respectfully submitted,


                                                 /s/
                                                 JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                 United States Attorney


                                                 /s/
                                                 RUDOLPH CONTRERAS, DC BAR #434122
                                                 Assistant United States Attorney


                                                 /s/
                                                 JOHN F. HENAULT, D.C. Bar # 472590
                                                 Assistant United States Attorney
                                                 555 4th Street, N.W.
                                                 Washington, DC 20530
                                                 (202) 307-1249
                                                 (202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2007, I caused the foregoing to be served on plaintiff via first class United States Mail:

PETER N. GEORGACARAKOS
# 03029-036
Florence ADMAX
US Penitentiary
PO Box 8500
Florence, CO 81226-8500

                                 /s/
                                 JOHN F. HENAULT
                                 Assistant United States Attorney